IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., a Japanese company;<br><br>Plaintiff,<br><br>v.<br><br>SAREPTA THERAPEUTICS, INC., a Delaware corporation<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Public Version Filed July 20, 2021 |

## PLAINTIFF NIPPON SHINYAKU CO., LTD.'S
## MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku" or "Plaintiff"), by and through its undersigned attorney, hereby moves the Court for an Order permitting it to file the instant Motion to Seal, its Complaint, exhibits, and Memorandum of Law in Support of its Motion for Preliminary Injunction under seal. The grounds for this motion are as follows:

1. The instant action arises out of, in part, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiff and defendant Sarepta Therapeutics, Inc. ("Sarepta" or "Defendant"). Sarepta's alleged ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ forms the basis for Nippon Shinyaku's ▮▮▮▮▮▮ ▮▮▮▮▮▮▮ in its Complaint and for the Motion for Preliminary Injunction, which seeks to enjoin Sarepta's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████   *See* Complaint, Exhibit A §§ 1, 2.4.

3.  The Complaint and Brief in Support of Nippon Shinyaku's Motion for Preliminary Injunction both ████████████████████████████████████████

████████████████████████████.

4.  Although Nippon Shinyaku ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████.

5.  This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994). While there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299–300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221–22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"). ████████████████████████████

2

███████████████, that party has a privacy interest preventing disclosure of its non-public, confidential business and financial information. *See LEAP Sys.*, 638 F.3d at 222.

6. In the instant action, permitting Nippon Shinyaku to file the instant Motion to Seal, Complaint, exhibits, and Memorandum of Law in Support of its Motion for Preliminary Injunction under seal will preserve the status quo with respect to ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. These interests in secrecy outweigh any presumption or interest that may exist in favor of public access to ████████████████████████████████████████.

WHEREFORE, Nippon Shinyaku respectfully requests that the Court issue an order permitting Nippon Shinyaku to file the instant Motion to Seal, its Complaint, exhibits to Complaint, and Memorandum of Law in Support of its Motion for Preliminary Injunction under seal and for these documents to remain under seal.

Dated: July 13, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Amanda S. Williamson (to be admitted *pro hac vice*)
Christopher J. Betti (to be admitted *pro hac vice*)
Maria E. Doukas (to be admitted *pro hac vice*)
Michael T. Sikora (to be admitted *pro hac vice*)
110 N. Wacker Drive, Ste. 2800
Chicago, IL 60601
Telephone: 312.324.1000
Fax: 312.324.1001
amanda.williamson@morganlewis.com
christopher.betti@morganlewis.com
maria.doukas@morganlewis.com
michael.sikora@morganlewis.com

/s/ *Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone: 302.574.3000
Fax: 302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Plaintiff Nippon Shinyaku Co., Ltd.*

3

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., a Japanese company;<br><br>Plaintiff,<br><br>v.<br><br>SAREPTA THERAPEUTICS, INC., a Delaware corporation<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **[PROPOSED] ORDER**

This __ day of July, 2021, the Court having reviewed Plaintiff Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku")'s Motion to Seal its Motion to Seal, Complaint, Exhibits to Complaint, and Memorandum of Law in Support of Motion for Preliminary Injunction, and the Court having determined the good cause exists for the requested sealing, now therefore,

IT IS HEREBY ORDERED that Nippon Shinyaku's Motion to Seal is GRANTED.

_____
U.S. District Court Judge