# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| NIPPON SHINYAKU CO., LTD., a Japanese company; | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.  21-1015 ) |
| v. | ) ) ███████████████ |
| SAREPTA THERAPEUTICS, INC., a Delaware corporation | ) ) **Public Version Filed September 1, 2021** |
| Defendant. | ) ) ) |

### PLAINTIFF NIPPON SHINYAKU CO., LTD.'S
### UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku" or "Plaintiff"), by and through its undersigned counsel, hereby moves the Court for an Order permitting it to file the instant Motion to Seal and its Reply Memorandum of Law in Support of its Motion for Preliminary Injunction under seal.  Counsel for defendant Sarepta Therapeutics, Inc. ("Sarepta") has represented that Defendant does not oppose the instant motion to seal.  The grounds for this unopposed motion are as follows:

1.    The instant action arises out of, in part, a ███████████████  ███████ Plaintiff and Defendant.  Sarepta's alleged ███████ ████████████ forms the basis for Nippon Shinyaku's asserted ██████████ claim at the core of its Motion for Preliminary Injunction, which seeks to enjoin ██████████ ████████████████████████

2.     The ███████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████. *See* Complaint, Exhibit A ██████

3.     Nippon Shinyaku's Reply Brief in Support of its Motion for Preliminary

Injunction both references and quotes ██████████████████████████████████

███████████████████

4.     Although Nippon Shinyaku █████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████ Nippon Shinyaku recognizes that

Sarepta ██████████████████████████████████████████████████

████████

5.     This Court has the "inherent equitable power to grant confidentiality orders."

*Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994).   While there is a

"presumption in favor of public accessibility," the Court has authority to seal documents "when

justice so requires," provided the party requesting sealing demonstrates that the "interest in

secrecy outweighs the presumption" of access.   *In re Motions for Access of Garlock Sealing

Techs. LLC*, 488 B.R. 281, 299–300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*,

638 F.3d 216, 221–22 (3d Cir. 2011)).   Thus, "courts may deny access to judicial records, for

example, where they are sources of business information that might harm a litigant's competitive

standing."   *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner

Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(1)(G) (identifying

"confidential . . . commercial information" as one category of information that can be protected

via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d

Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"). Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosure of its non-public, confidential business and financial information. *See LEAP Sys.*, 638 F.3d at 222.

6. In the instant action, permitting Nippon Shinyaku to file the instant Motion to Seal and Reply Memorandum of Law in Support of its Motion for Preliminary Injunction under seal will preserve the status quo with respect to the parties' ███████████████

████████████████████████████████████████████

████████████████████████████ These interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of a private and confidential business transaction.

WHEREFORE, Nippon Shinyaku respectfully requests that the Court issue an order permitting Nippon Shinyaku to file the instant Motion to Seal and its Reply Memorandum of Law in Support of its Motion for Preliminary Injunction under seal and for these documents to remain under seal.

Dated: August 25, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Amanda S. Williamson (admitted *pro hac vice*)
Christopher J. Betti (admitted *pro hac vice*)
Krista V. Venegas (admitted *pro hac vice*)
Maria E. Doukas (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
110 N. Wacker Drive, Ste. 2800
Chicago, Illinois 60606
Telephone: 312.324.1000
Fax: 312.324.1001
amanda.williamson@morganlewis.com

*/s/Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone: 302.574.3000
Fax: 302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Plaintiff Nippon Shinyaku Co., Ltd.*

3

christopher.betti@morganlewis.com
krista.venegas@morganlewis.com
maria.doukas@morganlewis.com
michael.sikora@morganlewis.com