IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NIPPON SHINYAKU CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1015 (LPS) |
| | ) | |
| SAREPTA THERAPEUTICS, INC., | ) | **REDACTED - PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SAREPTA THERAPEUTICS, INC.'S
<u>UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL</u>**

Defendant Sarepta Therapeutics, Inc. ("Sarepta") hereby moves the Court for an Order permitting it to file this Motion to Seal and its Reply Brief in Support of its Motion to Strike and Dismiss Claims II-III of Plaintiff Nippon Shinyaku Co., Ltd.'s ("Nippon Shinyaku") First Amended Complaint under seal. Sarepta's counsel has conferred with counsel for Nippon Shinyaku, and they do not oppose this motion. The grounds for this motion are as follows:

1. This action arises, in part, out of a Mutual Confidentiality Agreement ("MCA") between the parties effective June 1, 2020.

2. The MCA contains a confidentiality provision that prohibits Sarepta and Nippon Shinyaku from disclosing "Confidential Information" which is defined to include *inter alia* "the existence and terms" of the MCA.

3. The Reply Brief in Support of its Motion to Strike and Dismiss Claims II-III of Plaintiff Nippon Shinyaku's First Amended Complaint references and quotes portions of the MCA as well other information within the scope of "Confidential Information."

4. This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994). Although there is a "presumption

**Original Filing Date: October 22, 2021
Redacted Filing Date: October 29, 2021**

in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.,* 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"). Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosures of its non-public, confidential business and financial information. *See LEAP Sys.,* 638 F.3d at 222.

   5. Permitting Sarepta to file this Motion to Seal and its Reply Brief in Support of its Motion to Strike and Dismiss Claims II-III of Plaintiff Nippon Shinyaku's First Amended Complaint under seal will preserve the status quo with respect to the parties' rights and obligations under the MCA and protect the confidentiality of the MCA and its terms, including those terms containing sensitive non-public information. These interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of a private and confidential business transaction.

   WHEREFORE, Sarepta respectfully requests that the Court issue an Order in the form attached hereto permitting Sarepta to file this Motion to Seal and its Reply Brief in Support of its

Motion to Strike and Dismiss Claims II-III of Plaintiff Nippon Shinyaku's First Amended Complaint under seal and for these documents to remain under seal.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Charles E. Lipsey
J. Derek McCorquindale
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA  20190-6023
(571) 203-2700

Michael J. Flibbert
Aaron Gleaton Clay
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

Alissa K. Lipton
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA  02210-2001
(617) 646-1600

October 22, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1015 (LPS) |
| | ) |
| SAREPTA THERAPEUTICS, INC., | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] ORDER**

This ___ day of October 2021, the Court having reviewed Defendant Sarepta Therapeutics, Inc.'s ("Sarepta") Motion to Seal its Motion to Seal and Reply Brief in Support of its Motion to Strike and Dismiss Claims II-III of Plaintiff Nippon Shinyaku's First Amended Complaint, and the Court having determined good cause exists for the requested sealing, now therefore,

IT IS HEREBY ORDERED that Sarepta's Motion to Seal is GRANTED.

_____
The Honorable Leonard P. Stark
United States District Judge