# Morgan Lewis

**Amy M. Dudash**
+1.302.574.7293
amy.dudash@morganlewis.com

December 8, 2021

**VIA CM/ECF**

Honorable Judge Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE  19801-3555

**Re: *Nippon Shinyaku Co. v. Sarepta Therapeutics, Inc.*, C.A. No. 1:21-cv-01015-LPS**

Dear Judge Stark:

Pursuant to the Court's December 6, 2021 Oral Order (D.I. 78), plaintiff Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") submits this letter and requests that the Court compel Sarepta Therapeutics, Inc. ("Sarepta") to participate in a Rule 26(f) conference.  Despite the fact that the instant action has been pending for nearly five months, Sarepta has refused to participate in a Rule 26(f) conference.  But no statute, Federal Rule, or Local Rule provides that a party may unilaterally delay a Rule 26(f) conference.

Rule 26(f) of the Federal Rules of Civil Procedure provides that unless "the [C]ourt orders otherwise, the parties ***must confer as soon as practicable***—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)" in order to discuss various subjects, including discovery.  Fed. R. Civ. P. 26(f)(1) (emphasis added).  In this District, it is well-established that "[p]arties need not await the scheduling of a Rule 16 conference before holding a Rule 26(f) conference."  *Vision Films, Inc. v. John Does 1-24*, C.A. No. 12-1746-LPS-SRF, 2013 WL 1163988, at *2 n.3 (D. Del. Mar. 20, 2013); *Kone Corp. v. ThyssenKrupp USA, Inc.*, C.A. No. 11-465-LPS-CJB, 2011 WL 4478477, at *3 n.5 (D. Del. Sept. 26, 2011).

During a Rule 26(f) conference, the parties also are required to discuss things on Your Honor's Checklist, including whether there are early summary judgment issues that may resolve the case, the timing of potential alternative dispute resolution (including early mediation), and other mechanisms for conserving party and judicial resources while driving case resolution.    *See*  https://www.ded.uscourts.gov/sites/ded/files/LPS-Checklist.pdf.  Holding these discussions "early in the case" and "as soon as practicable" maximizes the potential for prompt resolution and reduces later needless consumption of judicial resources. Fed. R. Civ. P. 26(f); Fed. R. Civ. P. 26 Advisory Cmt. Note (1993 Amendment); *see also* Fed. R. Civ. P. Advisory Cmt. Note (2006 Amendment) ("Failure to address preservation issues early in the litigation increases uncertainty and raises a risk of disputes.").

**Morgan, Lewis & Bockius LLP**

1201 N. Market Street, Suite 2201
Wilmington, DE  19801
United States
☎ +1.302.574.3000
🖷 +1.302.574.3001

Honorable Leonard P. Stark
December 8, 2021
Page 2

Sarepta's refusal to participate in a Rule 26(f) conference equates to the imposition of a unilateral discovery stay that has prejudiced Nippon Shinyaku's ability to prosecute its case. *See* Fed. R. Civ. P. 26(d).  When pressed for authority to support its effort to stymie discovery, Sarepta provided none.  Instead, Sarepta asserted that it need not participate in a Rule 26(f) conference because (1) Sarepta filed a partial motion to dismiss directed to two of Nippon Shinyaku's claims for declaratory judgment, (2) Sarepta has sought *inter partes* review ("IPR") of other asserted patents-in-suit, and (3) Nippon Shinyaku appealed this Court's denial of Nippon Shinyaku's Motion for Preliminary Injunction relating to Nippon Shinyaku's breach of contract claim.  None of these purported bases for refusing to participate in a Rule 26(f) conference can withstand scrutiny.  This is especially true where, as here, neither the motion to dismiss, the IPR petitions (instituted or not), nor the appeal can resolve all asserted causes of action and where no matter the outcome of the motion to dismiss or parallel proceedings, this case will continue.  Indeed, even if Sarepta is successful in whole or in part on its partial pending motion to dismiss, Nippon Shinyaku's breach of contract claim and patent infringement claims will remain.  Likewise, even if the IPRs are instituted, the PTAB proceedings will have no impact on Nippon Shinyaku's breach of contract claim or declaratory judgment claims pertaining to Sarepta's patents.

First, the Federal Rules do not excuse participation in a Rule 26(f) conference while a partially dispositive motion is pending.  *See Midwest Energy Emissions Corp. et al. v. Arthur J. Gallagher & Co., et al.*, 1:19-cv-01334-RGA-CJB, D.I. 105 (granting motion to compel Rule 26(f) conference where motion to dismiss remained pending); *Genetic Techs. Ltd. v. HistoGenetics LLC*, D.I. 25 (same); *see also Gerald Chamales Corp. v. OKI Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."); J. Stark Patent Procedures ("Generally, we will not defer the CMC and scheduling process solely due to the pendency of [a motion to dismiss].").

Second, there is no automatic stay of a district court action, including Rule 26(f) obligations, merely because a party has filed IPR petitions regarding asserted patents.  A stay is even more inappropriate where, as here, the Patent Trial and Appeal Board has not yet made a decision regarding whether to institute review, and there are claims asserted in the litigation that will not be impacted by the IPRs (whether instituted or not).  *See Ioengiene, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *6 (D. Del. Aug. 21, 2019) (collecting cases) (noting that request for a stay preceding an IPR petition institution decision "would have been premature, as courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted"); *Courtesy Prods., LLC v. Hamilton Beach Brands, Inc.*, Civ. No. 13-2012-SLR/SRF, 2015 WL 5145526, a *2 (D. Del. Sept. 1, 2015) ("Given the fact that the IPRs will not fully resolve the dispute between these parties, I conclude that a stay will not simplify the issues in question or trial [and] will not reduce the burden of litigation.").

Third, there is no automatic stay of a district court action, including Rule 26(f) obligations, pending an appeal.  *See United States v. Price*, 688 F.2d 204, 215 (3d Cir. 1982) ("[T]he district court erred in staying all proceedings during the pendency of this appeal.  Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction . . . in an

Honorable Leonard P. Stark
December 8, 2021
Page 3

appeal from an order granting or denying a preliminary injunction, a district court may nevertheless proceed to determine the action on the merits.").

***

For the foregoing reasons, Sarepta should not be permitted to further delay this litigation and preclude Nippon Shinyaku from obtaining the just and speedy determination of its claims guaranteed under the Federal Rules.  *See* Fed. R. Civ. P. 1.  Accordingly, the Court should compel Sarepta to participate in a Rule 26(f) conference.

Respectfully submitted,

*/s/ Amy M. Dudash*

Amy M. Dudash (DE Bar No. 5741)

cc:  All Counsel of Record (via CM/ECF)