# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Jack B. Blumenfeld
(302) 351-9291
jblumenfeld@morrisnichols.com

December 9, 2021

The Honorable Leonard P. Stark                                    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Nippon Shinyaku Co., Ltd. v. Sarepta Therapeutics, Inc.*, C.A. No. 21-1015 (LPS)

Dear Judge Stark:

We represent Defendant Sarepta Therapeutics, Inc. in this action and write in response to Plaintiff Nippon Shinyaku Co., Ltd.'s request to compel an immediate Rule 26(f) conference. (D.I. 79 (Dec. 8, 2021)). Nippon Shinyaku's letter overstates Sarepta's position. Sarepta does not refuse to participate in a Rule 26(f) conference. Nor does Sarepta attempt to unilaterally "stay" discovery (which has not commenced) indefinitely. Rather, Nippon Shinyaku's own actions have placed this case in a unique and complex procedural posture that makes a Rule 26(f) conference impracticable at this time. The *totality* of the upcoming events identified below will define the scope of this case – including, *inter alia*, the patents-in-suit, asserted claims and accused products – and inform the parties' Rule 26(f) discussions. Given the unusual nature of the proceedings, we submit the Court should exercise its discretion and decline to compel a Rule 26(f) conference at this time. For the reasons set forth below, Sarepta believes that it would be most efficient to hold a telephonic status conference in late January 2022.

*First*, a Rule 26(f) conference is premature because Sarepta has not yet answered Nippon Shinyaku's First Amended Complaint. Nippon Shinyaku notes that the case is "nearly five months" old, but this is largely due to its voluntary amendment of facial deficiencies in nine of its ten counts in the original complaint that accompanied its preliminary injunction motion, and its ensuing and ongoing expedited appeal of the denial order. Those serial filings by Nippon Shinyaku naturally took time. Until Sarepta answers the current complaint (or any further amended complaint), it is unclear whether there will be additional or fewer claims or patents at issue in the case. Sarepta has also moved to dismiss Claims II and III of Nippon Shinyaku's First Amended Complaint, both directed to *Sarepta* patents. The briefing on that motion is now complete and the Court will hear argument on December 13, 2021. The outcome of that decision regarding the sufficiency of Nippon Shinyaku's declaratory judgment claims may require dismissal of Sarepta's patents from this case altogether. Because it is not clear at this time whether Sarepta's patents will be at issue in this case, Sarepta believes discovery is premature. Although Nippon Shinyaku argues

The Honorable Leonard P. Stark
December 9, 2021
Page 2

that a dispositive motion *standing alone* should not preclude a Rule 26(f) conference, *see* D.I. 79 at 2 (citing Stark, J., Patent Procedures), Sarepta's pending motion is not the only reason to defer a Rule 26(f) conference until January.

*Second*, Nippon Shinyaku's pending interlocutory appeal of the Court's denial of its preliminary injunction motion may affect the scope of this case, which further weighs against an immediate Rule 26(f) conference. Nippon Shinyaku appealed this Court's denial of its motion without awaiting the full written opinion, and subsequently expedited its appeal. On an accelerated timetable, the Federal Circuit has scheduled oral argument for January 11, 2022. Resolution of the appeal may directly impact the case and inform the parties' Rule 26(f) discussions, including potential early resolution of certain issues. For example, Nippon Shinyaku's injunction request is contract based and in substance mirrors Claim I of the First Amended Complaint. If the Federal Circuit rejects Nippon Shinyaku's contract interpretation and affirms this Court's decision—which Sarepta believes is highly likely—Sarepta maintains that Nippon Shinyaku would have no reasonable basis to continue to pursue Claim I.

*Third*, the impetus for Nippon Shinyaku's case was Sarepta's filing of IPR petitions against all of the patents Nippon Shinyaku asserts in Claims IV-X. Even if pending IPR petitions standing alone are typically not a sufficient basis to stay a patent case, this Court has frequently stayed cases *after* the Board has instituted IPRs of asserted patents. Here, institution decisions on Sarepta's seven IPR petitions challenging Nippon Shinyaku's asserted patents will begin to issue no later than January 10, 2022, by statutory mandate. If the petitions are instituted, Sarepta intends to promptly move to stay this case pending issuance of the Board's final written decisions in the IPRs. Such motions have prevailed in similar circumstances where, as here, Nippon Shinyaku's seven patent infringement claims predominate over its breach of contract claim (which the Court has already found is unlikely to succeed). *See, e.g.*, *Kannuu Pty. Ltd. v. Samsung Elecs. Co.*, No. 19-cv-4297, 2021 WL 195163, at *9 (S.D.N.Y. Jan. 19, 2021) ("But even if Kannuu is correct that nothing in the IPR proceedings will affect its breach of contract claim, a stay should still be issued. As Samsung notes, Kannuu's patent claims are the main thrust of this litigation, representing fifteen of the sixteen causes of action Kannuu asserts in its First Amended Complaint."). A stay would be favored here, where although "the IPR proceedings do not resolve all of the asserted patents or claims in a case" a stay would nonetheless "simplify the vast majority of the issues in this case." *Id*. at *8-9 (collecting cases and citing *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452 (WCB), 2019 WL 3943058, at *8-10 (D. Del. Aug. 21, 2019) (concluding that the simplification factor favored a stay where only one of three patents and five of twenty claims at issue in the suit were subject to IPR proceedings, because "the issue simplification factor does not require complete overlap")). Thus, the outcome of the upcoming institution decisions on the seven Nippon Shinyaku patents also asserted in Claims IV-X will invariably shape the scope of the case, inform the parties' Rule 26(f) discussions, and may, if a stay is granted, negate the need for a conference and case schedule at all.

*Finally*, Nippon Shinyaku would not be unduly prejudiced by a brief "delay," amounting to 4-6 weeks with intervening holidays and a Federal Circuit argument. *Cf. Kannuu*, 2021 WL 195163, at *10 ("it is well established that mere delay in the litigation does not establish undue prejudice for purposes of a motion to stay") (internal citations omitted). The status quo will not

The Honorable Leonard P. Stark
December 9, 2021
Page 3

be altered, and Nippon Shinyaku is not seeking to have Sarepta's product removed from the market.

Nippon Shinyaku presents each of these imminent events *in isolation* to argue that nothing will be case dispositive and therefore should not delay a conference. But the *totality* of these pending matters will significantly shape the scope of the claims, issues, patents-in-suit, and accused products in this case and therefore the scope of related discovery and Rule 26(f) discussions. As a result, Sarepta submits that the most efficient procedure would be for the Court to set a telephonic status conference in late-January 2022, when the pending matters will have significantly progressed and the issues are likely to be more crystallized.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

cc: All Counsel of Record