**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) C.A. No. 21-1015 (LPS) |
| | ) |
| SAREPTA THERAPEUTICS, INC., | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

**JOINT STATUS REPORT**

Plaintiff/Counter-Defendant Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") and Defendant/Counter-Plaintiff Sarepta Therapeutics, Inc. ("Sarepta") submit this joint status report pursuant to the Court's February 8, 2022 Oral Order (D.I. 93).

## I.   PROCEDURAL STATUS

Since the parties' last status report (D.I. 88), the Federal Circuit has issued its Opinion, reversing this Court's decision denying Nippon Shinyaku's request for a preliminary injunction and remanding for entry of a preliminary injunction. D.I. 92-1 at 16. The time to seek further appellate review has not elapsed and no mandate has issued. Sarepta has now answered the operative complaint and filed counterclaims against Nippon Shinyaku as well as affirmative claims against NS Pharma, Inc. *See* D.I. 89. Nippon Shinyaku and NS Pharma, Inc. intend to answer the counterclaims promptly. Initial pleadings will thus be closed shortly.

## II.   THE PARTIES' AGREEMENT TO PARTICIPATE IN A RULE 26(F) CONFERENCE

The parties have agreed to participate in a Rule 26(f) conference within seven days of the close of the pleadings.

## III.   NIPPON SHINYAKU'S REQUEST FOR PROMPT ENTRY OF A PRELIMINARY INJUNCTION AND SAREPTA'S OPPOSITION TO THAT REQUEST

### A.   **Nippon Shinyaku's Position**

Consistent with the Federal Circuit's Judgment and Opinion, Nippon Shinyaku requests that this Court promptly enter an order mandating that Sarepta withdraw its previously filed IPR Petitions. Nippon Shinyaku understands Sarepta disputes the scope of the preliminary injunction that should issue and the amount (if any) of a preliminary injunction security bond. While Nippon Shinyaku believes no bond is necessary and that the scope of the injunction is clear, given the parties' dispute regarding these issues and in the interests of having these issues resolved so that the Court can enter an injunction immediately upon receipt of the Federal Circuit's mandate (or, in its discretion, prior to entry of the mandate), Nippon Shinyaku requests that the Court enter an expedited briefing schedule to resolve these limited issues as follows:

- Nippon Shinyaku submits opening letter brief not to exceed 3 single-spaced pages by February 14

- Sarepta submits opposition letter brief not to exceed 3 single-spaced pages by February 16; and

- Nippon Shinyaku submits a reply letter brief, not to exceed 1 single-spaced page, by February 17.

Notably, in the *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 1987042, at *1 (N.D. Cal. June 4, 2012) cited by Sarepta, the district court did just this—it shortened briefing time for issues relating to a preliminary injunction so that briefing was complete prior to issuance of the circuit

court's mandate. The claims in this case are not stayed and nothing in the case law cited by Sarepta below precludes this Court from ordering the requested briefing. Rather, the Federal Circuit remanded to this Court for entry of the preliminary injunction. *See* D.I. 92-1 at 16. Nippon Shinyaku requests that the Court set a teleconference as soon as possible after the close of briefing to resolve these issues. Nippon Shinyaku respectfully submits that prompt briefing is necessary to prevent further accrual of irreparable harm. Sarepta has informed Nippon Shinyaku that it is assessing its options, including a potential petition for panel rehearing and/or rehearing en banc. Any delays associated with entry of a preliminary injunction further prejudices and irreparably harms Nippon Shinyaku who is now forced to needlessly spend money on IPR proceedings the Federal Circuit has found were commenced in breach of the governing forum selection clause.

B.     **Sarepta's Position**

Sarepta opposes Nippon Shinyaku's request for entry of a preliminary injunction because (1) no mandate from the Federal Circuit has issued; (2) the time to seek review of the Federal Circuit Opinion has not elapsed (e.g., a petition for panel rehearing and/or rehearing en banc is due by March 10, 2022); (3) Nippon Shinyaku has not met the security requirement for issuance of a preliminary injunction and a determination of potential costs and damages associated therewith has not been made. *See* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."); and (4) the appropriate scope of any preliminary injunction has not been determined.

Sarepta also opposes Nippon Shinyaku's proposal to brief the scope of an injunction and an appropriate bond when the Federal Circuit proceedings are not final, the mandate has not issued, and the case has not been remanded. Sarepta believes that this Court has no jurisdiction over the injunction issues at this time. *E.g.*, *Finberg v. Sullivan*, 658 F.2d 93, 99 (3d Cir. 1980) ("[A]n appellate court's decision is not final until it issues its mandate."); *cf. Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 1987042, at *2 (N.D. Cal. June 4, 2012) ("Apple's motion for a Rule 62(c) injunction, before the Federal Circuit has issued the mandate, seeks to have the Court adjudicate anew the preliminary injunction while the same issue is on appeal before the Federal Circuit. Were this Court to grant the preliminary injunction before the mandate issues, the Court would effectively alter the status quo."). The Federal Circuit's opinion only issued two days ago, and Sarepta is assessing its options, including a potential petition for panel rehearing and/or rehearing en banc. Finally, even if the Court did have jurisdiction to address the remaining issues concerning a preliminary injunction at this time, Nippon Shinyaku's proposed briefing schedule, which includes only a two-day period for Sarepta to submit an opposition letter brief (and only allows three pages), is not realistic or fair.

Respectfully submitted,

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Amy M. Dudash* | */s/ Jack B. Blumenfeld* |
| Amy M. Dudash (#5741)<br>1201 North Market Street, Suite 2201<br>Wilmington, DE 19801<br>(302) 574-3000<br>amy.dudash@morganlewis.com | Jack B. Blumenfeld (#1014)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mdellinger@morrisnichols.com |
| *Attorney for Plaintiff/Counter-Defendant* | *Attorneys for Defendant/Counter-Plaintiff* |

Dated:  February 10, 2022