# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SAREPTA THERAPEUTICS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | C.A. No. 21-1015-MN |
| SAREPTA THERAPEUTICS, INC., ) | |
| ) | |
| Defendant and Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NIPPON SHINYAKU CO., LTD. and ) | |
| NS PHARMA, INC., ) | |
| ) | |
| Plaintiff and Counter-Defendants. ) | |

**[PROPOSED] ORDER**

This __ day of May, 2022, in light of the U.S. Court of Appeals for the Federal Circuit's February 8, 2022 Opinion (D.I. 92), May 3, 2022 Order (D.I. 105), and May 4, 2022 Mandate (D.I. 107), IT IS HEREBY ORDERED that:

1.      The Motion for Preliminary Injunction (D.I. 4) filed by Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") is GRANTED.

2.      Sarepta Therapeutics, Inc. ("Sarepta") is preliminarily enjoined from continuing to prosecute its previously filed petitions for *inter partes* review of U.S. Patent Nos. 9,708,361; 10,385,092; 10,407,461; 10,487,106; 10,647,741; 10,662,217; and 10,683,322 ("the IPR

Petitions").

3.      Within five days of the earlier of (1) the expiration of the period for Sarepta to file a petition for writ of certiorari with the Supreme Court seeking review of the Federal Circuit's February 8, 2022 decision in this case, or (2) any denial of a petition for writ of certiorari timely filed by Sarepta, the parties shall jointly submit an email to the Patent Trial and Appeal Board ("PTAB") requesting a conference call to facilitate the withdrawal of the IPR Petitions. If the PTAB grants permission for Sarepta to file a motion (or motions) to withdraw the IPR Petitions, Sarepta shall move to withdraw the IPR Petitions according to the schedule set by the PTAB.

4.      If the Supreme Court grants a petition for writ of certiorari timely filed by Sarepta, the parties shall promptly notify this Court that certiorari has been granted. Within five days of the Supreme Court's decision on the merits, the parties shall meet and confer and jointly submit the form of an Order dissolving, modifying, or continuing this preliminary injunction as appropriate.

5.      This preliminary injunction does not prohibit either party from communicating with the PTAB on any topic, including regarding the status of any petition for writ of certiorari, or from requesting that the PTAB maintain or extend the current stay of the IPR proceedings until the certiorari issues have been finally resolved. Within five days of entry of this Order, the parties shall jointly approach the PTAB to seek continued suspension of the IPR proceedings during the events set forth in Paragraph 3 above relating to the potential filing of a petition for writ of certiorari.

_____
U.S. District Court Judge