## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAREPTA THERAPEUTICS, INC., | ) |
| | ) |
| Defendant. | ) |
| SAREPTA THERAPEUTICS, INC., | ) C.A. No. 21-1015-MN |
| | ) |
| Defendant and Counter-Plaintiff, | ) DEMAND FOR JURY TRIAL |
| | ) |
| v. | ) |
| | ) |
| NIPPON SHINYAKU CO., LTD. | ) |
| and NS PHARMA, INC. | ) |
| | ) |
| Plaintiff and Counter- | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff/Counter-Defendant Nippon Shinyaku Co., Ltd., Counter-Defendant NS Pharma, Inc., and Counter-Plaintiff/Defendant Sarepta Therapeutics, Inc. ("Parties" to the above-captioned "Action") believe it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof;

WHEREAS, the Parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record; and

WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, strategic decision-making information, and marketing and sales information;

IT IS HEREBY STIPULATED, subject to the Court's approval, pursuant to Federal Rule of Civil Procedure 26(c), the following provisions shall govern the handling of such confidential information and documents in these proceedings.

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties hereby stipulate to this Stipulated Protective Order.   The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.      <u>DEFINITIONS</u>

2.1      <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      <u>Counsel (without qualifier)</u>:  Outside Counsel and In-House Counsel (as well as their support staff).

2.4      <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material.

2.5     <u>Disclosure or Discovery Material</u>:   all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.7     <u>"HIGHLY CONFIDENTIAL" Information or Items</u>:   extremely sensitive "Confidential Information or Items," disclosure of which to another Party's officers/directors/employees or In-house Counsel (excluding those identified under Section 7.3(b)) or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>In-House Counsel</u>:  attorneys, as well as their support staff, who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel or any other outside counsel.

2.9     <u>Non-Party</u>:  any natural person, partnership, corporation, association, governmental body, or other legal entity not named as a Party to this Action.

2.10    <u>Outside Counsel</u>:  attorneys, as well as staff, who are employees of their firms who are engaged in assisting such attorneys, who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and either (a) have appeared in this Action on behalf of that Party or are employed by the law firm which has appeared on behalf of that Party or (b) have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and a copy of

such executed Acknowledgement is provided to Outside Counsel of record for the Party who has not retained the individual attorney or law firm for purposes of this Action.

2.11    "OUTSIDE COUNSEL EYES ONLY" Information or Items:   in exceptional circumstances, extremely sensitive "Confidential Information or Items," disclosure of which to even another Party's In-house Counsel or Non-Party would create a high risk of severe commercial harm that could not be avoided by less restrictive means, such as information about products in development or strategic business information.

2.12    Party:   any party to this Action, including all of its officers, directors, and employees.

2.13    Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees.

2.15    Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY."

2.16    Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be in the public domain.  For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information.  Such information is explicitly included in the definition of "Protected Material" set forth in Section 2.15 above.  Any use of Protected Material at trial or any pretrial hearing shall be governed by this Order, unless a separate agreement is reached between the Parties or ordered by the Court.

4.    <u>DURATION</u>

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material disclosed or produced by a Party that qualifies for protection under this Order must be clearly so designated by that Party before the material is disclosed or produced.  Disclosure or Discovery Material disclosed or produced by a Non-Party that qualifies for protection under this Order must be clearly so designated by that Non-Party before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (*e.g.*, paper or electronic documents), that the Designating Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY" to each page.

(b)   for testimony given in deposition or other pretrial or trial proceedings, that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 days of receipt of the final transcript, that the transcript or any portion thereof shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial or trial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and each following page of the transcript shall be marked with a legend indicating whether the transcript is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY."  The Designating Party shall inform the court reporter of these requirements.

(c)     for information produced in some form other than documentary form and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY."

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Documents Produced Prior to Entry of Order.  Any document produced before issuance of this Order shall receive the treatment provided for in Delaware Local Rule 26.2 unless and until such document is re-designated to have a different classification under this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.   If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall comply with the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order within 7 days from the meet and confer.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action and associated appeals.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).  By way of example, unless agreed in writing by the Designating Party, Protected Information shall not be used in any other domestic or foreign litigation; or any patent prosecution or any post-grant proceeding before the United States Patent and Trademark Office, or any foreign patent agency, including without limitation, patent reexamination and reissue proceedings; or any communication with any U.S. or foreign regulatory agency including, but not limited to, the FDA; or any business, research, development, commercial, or competitive purpose and function.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To the extent necessary for any discussions between the Parties' business principals (or attendance at hearings or trial by principals), the Parties shall work in good faith to re-designate Protected Information.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), after the Designating Party has had an opportunity to object per Section 7.6;

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    interpreters, translators, professional jury or trial consultants, mock jurors, or Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during or in preparation for their depositions or trial testimony, witnesses in the Action who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), after written consent is obtained from the Designating Party or as otherwise ordered by the Court;

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)    any mediator who is assigned to this matter, and his or her staff.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.</u>    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel;

(b)    three In-House Counsel of Nippon Shinyaku or NS Pharma, Inc.; and three In-House Counsel of Sarepta who have been identified by name and title below and who have

executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided a copy of such executed Acknowledgement to all Outside Counsel of record in this Action:

    i.   Nippon Shinyaku:

        a.  Kazuhira Kobayashi (Japan Patent Attorney) Associate Manager, Intellectual Property Dept.

        b.  Kunihisa Masuoka (Japan Patent Attorney) Department Manager, Intellectual Property Dept.

        c.  [TBD]

    ii.  Sarepta:

        a.  John Haberman, Vice President, Chief IP Officer.

        b.  Jessica Driscoll, Executive Director, Litigation.

        c.  Marc Evans, Senior Director and Head of RNA IP.

(c)     Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), after the Designating Party has had an opportunity to object per Section 7.6;

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants and mock jurors, who have signed a confidentiality agreement, and/or Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during or in preparation for their depositions or trial testimony, witnesses in the Action who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), after written consent is obtained from the Designating Party or as otherwise ordered by the Court;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)      any mediator who is assigned to this matter, and his or her staff.

7.4     <u>Substitution of In-House Counsel</u>. If any Party subsequently proposes a substitution of designated In-House Counsel identified in Section 7.3(b), it must identify in writing the name and title of the proposed substitute In-House Counsel being added and the In-House Counsel being removed, and seek the consent of the opposing Party, which consent will not be unreasonably withheld.  Substitute In-House Counsel identified under this section shall review and sign an Acknowledgment and Agreement to be Bound attached as Exhibit A.

7.5     <u>Disclosure of "OUTSIDE COUNSEL EYES ONLY" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "<u>OUTSIDE COUNSEL EYES ONLY</u>" only to:

(a)      the Receiving Party's Outside Counsel;

(b)      Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), after the Designating Party has had an opportunity to object per Section 7.6;

(c)      the Court and its personnel;

(d)      court reporters and their staff;

(e)      professional jury or trial consultants and mock jurors, who have signed a confidentiality agreement, and/or Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      during or in preparation for their depositions or trial testimony, witnesses in the Action who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), after written consent is obtained from the Designating Party or as otherwise ordered by the Court;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     any mediator who is assigned to this matter, and his or her staff.

7.6     <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" Information or Items to Experts</u>.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" pursuant to Section 5, must first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s) and any non-confidential employment and consulting positions for the last  four years, and (4) identifies (by name and number of the case, filing date, and location of court) any litigation or administrative proceeding in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective sections may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement within 5 days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may contact the Court within 7 days from the meet and confer in compliance with the procedures for Discovery Matters and Disputes Relating to Protective Orders set forth in the Scheduling Order.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR PROCEEDINGS

8.1   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Information that Party must:

(a)   promptly notify the Designating Party in writing.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as Protected Informration before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the

burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8.2     The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

Information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material or to request that such copies be deleted, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege or immunity is

inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege or immunity under Fed. R. Evid. 502. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party. The return and/or destruction of materials that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege or immunity shall in no way prejudice a Party's right to challenge the claim of privilege or protection. All challenges to claims of privilege or protected material status shall be made by following the procedures for Discovery Matters and Disputes Relating to Protective Orders set forth in the Scheduling Order.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  Any Protected Material that is filed with the Court shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

12.4   <u>Privilege Logs.</u>  No Party is required to identify on its respective privilege log any document or communication involving Outside Counsel or any document or communication dated or created after the July 13, 2021 filing of the Complaint in this Action.  The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties following the production of documents, or as otherwise ordered by the Court.

12.5   <u>Option to Redact Information</u>. Either party may choose to produce documents, electronically stored information, or tangible things in redacted form.  Such redactions may be made to (1) information that is protected by the attorney-client privilege, the work-product doctrine, or other legal privilege protecting information from discovery in this Action; (2) confidential health information; (3) personal information not the specific focus of a request for production; (4) confidential commercial information not relevant to this Action, including but not limited to (i) any information related to products not relevant to this Action; (ii) any irrelevant information protected by confidentiality agreements with any third party.  The Producing Party shall make it clear that a redaction has been made on each redacted portion of the document, electronically stored information, or tangible thing and such redaction shall be labeled with the basis for the redaction.  A Receiving Party may, in good faith and within reason, request in writing the basis for any redactions made to one or more identified documents.  If such a request is made,

the Producing Party shall, within seven (7) calendar days of receiving such a request, provide the basis for the identified redaction(s).

    12.6   <u>Challenges to Redactions</u>.  The following procedures shall govern any challenges to a redaction:

    (a)   If a Party in good faith believes that a redaction is improper, it must specify to the Producing Party in writing (i) the redaction challenged and (ii) the grounds for questioning the redaction.  Upon the Producing Party's receipt of written notification, the parties will confer in an effort to resolve the dispute without Court intervention.

    (b)   If, after conferring, the parties cannot resolve the dispute despite good faith efforts to do so, the party challenging the redaction may move for a determination by the Court as to the appropriateness of the redaction within ten (10) business days after conferring. The Producing Party must show by a preponderance of the evidence that the redacted information is irrelevant.  If the Court finds that said redaction is proper, said information shall remain redacted and my not be used as evidence by either party at trial or at a hearing or be relied on by either party's experts.  If the Court finds that said redaction was not proper, the Producing Party shall provide an unredacted version of the document within fifteen (15) business days of the Court's decision or, if the Producing Party challenges such a decision, within fifteen (15) business days of the conclusion of any all proceedings or interlocutory appeals challenging the decision, or within any time specified by the Court or local rules if they dictate a shorter period for production.  Until the Court renders a decision as to the appropriateness of the redaction and any and all proceedings or interlocutory appeals challenging such decision have been concluded, the redaction shall remain in place.

13.   <u>FINAL DISPOSITION</u>

Within 90 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or use commercially reasonable efforts to destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  When the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.   <u>NO WAIVER.</u>

Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare, present, or defend this Action and (b) to apply for additional protection of Protected Material.  Nothing in this Order abridges the right of any person to seek its modification by the

Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

16.     OTHER PROCEEDINGS.

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's or Non-Party's Protected Information shall promptly notify that Party or Non-Party of the motion so that the Party or Non-Party may have an opportunity to appear and be heard on whether that information should be disclosed.

17.     JURISDICTION.

The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order.  After termination of this Action, the provisions of this Order shall continue to be binding until a Producing Party agrees otherwise in writing or a court order otherwise directs, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following termination of this litigation.

Dated: June 21, 2022

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone: 302.574.3000
Fax: 302.574.3001
amy.dudash@morganlewis.com

Amanda S. Williamson (admitted *pro hac vice*)
Christopher J. Betti (admitted *pro hac vice*)
Krista V. Venegas (admitted *pro hac vice*)
Maria E. Doukas (admitted *pro hac vice*)
Zachary D. Miller ((admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
Guylaine Hache (admitted *pro hac vice*)
110 N. Wacker Drive, Ste. 2800
Chicago, IL 60601
Telephone: 312.324.1000
Fax: 312.324.1001
amanda.williamson@morganlewis.com
christopher.betti@morganlewis.com
krista.venegas@morganlewis.com
maria.doukas@morganlewis.com
zachary.Miller@morganlewis.com
michael.sikora@morganlewis.com
guylaine.hache@morganlewis.com

*Counsel for Plaintiff and Counter-Defendants Nippon Shinyaku Co., Ltd. and NS Pharma, Inc.*

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Charles E. Lipsey (*pro hac vice*)
J. Derek McCorquindale (*pro hac vice*)
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

Michael J. Flibbert (*pro hac vice*)
Aaron Gleaton Clay (*pro hac vice*)
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Alissa K. Lipton (*pro hac vice*)
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600

*Counsel for Defendant and Counter-Plaintiff Sarepta Theraputics, Inc.*


IT IS SO ORDERED this 21st day of June 2022.


_____
The Honorable Maryellen Noreika
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAREPTA THERAPEUTICS, INC., | ) |
| | ) |
| Defendant. | ) |
| SAREPTA THERAPEUTICS, INC., | ) |
| | ) C.A. No. 21-1015-MN |
| Defendant and Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NIPPON SHINYAKU CO., LTD. | ) |
| and NS PHARMA, INC. | ) |
| | ) |
| Plaintiff and Counter- | ) |
| Defendants. | ) |

### <u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, declare under penalty of perjury that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Delaware in the above-captioned case.  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States

District Court for the District of  Delaware for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Printed name: _____          Signature: _____

Title: _____          Date: _____

Address: _____

2