# Morgan Lewis

**Amy M. Dudash**
+1.302.574.7293
amy.dudash@morganlewis.com

July 27, 2022

**VIA CM/ECF**

Honorable Maryellen Noreika
844 N. King Street, Room 4324
Wilmington, DE 19801-3555

Re: *Nippon Shinyaku Co. v. Sarepta Therapeutics, Inc.*, C.A. No. 21-1015-MN

Dear Judge Noreika:

In advance of the scheduled July 29, 2022 telephonic scheduling conference in the above-referenced action, Nippon Shinyaku Co., Ltd. and NS Pharma, Inc. (collectively, "NS") and Sarepta Therapeutics, Inc. ("Sarepta") (collectively, the "Parties") have met and conferred and reached agreement regarding certain previous areas of dispute regarding the Proposed Scheduling Order. Thus, the Parties submit the attached revised Proposed Scheduling Order (Ex. A) and a redline showing changes from the Proposed Scheduling Order previously submitted (D.I. 100-1) (Ex. B). The Parties were unable to reach agreement and have provided competing proposals for the dates set forth in the following paragraphs of the revised Proposed Scheduling Order submitted as Ex. A hereto: paragraphs 10, 11, 12, 13, 15(a), 18, and 20.

The Parties' core disputes regarding scheduling pertain to the timing of dispositive motion briefing and claim construction in the instant action. The Parties have set forth briefly their positions regarding these disputes below.

<u>NS's Position</u>:

NS seeks to have claim construction completed early in the case as the Court's claim construction rulings may be wholly or partially case-dispositive. Further, the Court's claim construction will likely enable the parties to narrow the number of asserted claims and invalidity defenses and references in this multi-patent matter involving 10 patents, which, if done earlier in the case, will help conserve party and judicial resources. NS also believes that having the option to file early summary judgment motions will conserve party and judicial resources as well as lead to potential early resolution in whole or in part of this action, which involves a non-patent breach of contract claim ripe for early summary judgment and potential patentability issues ripe for summary judgment without the need for completion of expert discovery.

Honorable Maryellen Noreika
July 27, 2022
Page 2

NS maintains its request for a March 2024 trial date. However, should this Court set trial for May 2024, NS respectfully requests that the trial begin after May 20th to avoid the need for NS's Japan-based witnesses and counsel to travel to the United States for trial preparation and trial during the Golden Week holiday in Japan.

Sarepta's Position:

Sarepta proposes case dispositive motion briefing and claim construction proceedings in accordance with what we understand to be the Court's preferred practices. **CASE DISPOSITIVE MOTIONS:** Sarepta proposes that there be one date for case dispositive motions after the close of expert discovery, whereas NS proposes open season for case dispositive motions from April to August 2023, before expert discovery has been completed or perhaps even started. Such a procedure would provide for premature motions and would place an undue burden on the Court. **CLAIM CONSTRUCTION:** Sarepta proposes claim construction briefing leading to a hearing in June 2023, after the parties have provided their final contentions on validity and infringement issues, while NS wants the Court to decide claim construction months before final contentions, when the issues may not be finalized and leaving open the possibility that other issues will arise later in the case.

In addition, because of other trials that have been scheduled for March and April, and the Passover holiday starting April 22, Sarepta requests a trial date of April 29, 2024 or later.

Respectfully submitted,

*/s/ Amy M. Dudash*

Amy M. Dudash (DE Bar No. 5741)

CC: Counsel of Record (Via CM/ECF)