# Morgan Lewis

**Amy M. Dudash**
+1.302.574.7293
amy.dudash@morganlewis.com

June 8, 2023

**VIA CM/ECF**

Honorable Gregory B. Williams and Special Master Monte T. Squire
844 N. King Street, Room 6124
Wilmington, DE 19801-3555

Re: *Nippon Shinyaku Co. v. Sarepta Therapeutics, Inc.*, C.A. No. 21-1015-GBW

Dear Judge Williams and Special Master Squire:

The parties write to request judicial assistance in resolving disputes. The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet and-confer by telephone on the following date: June 2, 2023.

<u>Delaware Counsel</u>: Amy Dudash (Nippon Shinyaku); Derek Fahnestock (Sarepta)

<u>Lead Counsel</u>: Wan-Shon Lo, Michael Sikora, and Alison Patitucci (Nippon Shinyaku); Michael Flibbert, Alissa Lipton, and Ryan O'Quinn (Sarepta).

The first dispute requiring judicial attention is whether Nippon Shinyaku is permitted to disclose information designated by Sarepta or UWA as Protected Material pursuant to the terms of the Stipulated Protective Order (D.I. 117) to its expert Matthew JA Wood.

The second dispute requiring judicial attention is whether Sarepta is entitled to a protective order to preclude NS's use of Dr. Matthew JA Wood as an expert in this litigation.[1]

---

[1] [**Nippon Shinyaku's position**: Nippon Shinyaku disagrees that this second dispute is properly raised as a dispute over a protective order given the relief Sarepta/UWA seeks is to disqualify an expert, which should be raised via motion. However, Sarepta and UWA refused to sign off on this letter unless Sarepta's newly raised "second dispute" was included despite the fact that Nippon Shinyaku had satisfied all procedural requirement in bring the first dispute. Given Nippon Shinyaku has limited time to raise the first dispute under Section 7.6(c) of the Stipulated Protective Order and hopes to get prompt resolution of that dispute, Nippon Shinyaku has thus agreed to submission of this letter that includes Sarepta's second

**Morgan, Lewis & Bockius LLP**

1201 N. Market Street, Suite 2201
Wilmington, DE 19801                    **T** +1.302.574.3000
United States                                       **F** +1.302.574.3001

Honorable Gregory B. Williams & Special Master Monte T. Squire
June 8, 2023
Page 2

Respectfully submitted,

*/s/ Amy M. Dudash*

Amy M. Dudash (DE Bar No. 5741)

CC: Counsel of Record (via CM/ECF)

---

dispute. It is Nippon Shinyaku's position, consistent with the Court's Order (D.I. 219) that protective order disputes (and motions to disqualify an expert) should be heard by the Court and are not within the Court's remit to the Special Master. Sarepta has cited no authority to the contrary.][**Sarepta's position**: Sarepta disagrees that these are separate disputes rather than a disagreement over the framing of the issue and the scope of the relief sought in response to Nippon Shinyaku's disclosure of Dr. Wood as an expert, as Sarepta raised during the June 2 meet and confer. Sarepta also disagrees that this dispute falls outside of the Court's discovery procedures. Sarepta notes that at least Judges Stark, Jordan, Andrews, Burke, and Hall agree that the proper procedure for a motion to disqualify an expert is a discovery/protective order dispute and provides the following non-exhaustive list of examples of cases that have followed this procedure: *Oasis Tooling, Inc. v. GlobalFoundries US Inc.*, C.A. No. 22-312-CJB, D.I. 126, 130, 138, 142 (D. Del. May 15, 2023); *Dexcom, Inc. v. Abbot Diabetes Care, Inc.*, C.A. No. 22-605-KAJ, D.I. 216, 220, 228 (D. Del. Nov. 2022); *UCB, Inc. v. Cipla Limited*, C.A. No. 21-1229-JLH, D.I. 47, 49, 53 (D. Del. May 5, 2022); *Genentech, Inc. v. Laurus Labs, Ltd.*, C.A. No. 19-78-RGA, D.I. 142, 143, 152 (D. Del. July 20, 2020); *H. Lundbeck A/S v. Apotex Inc.*, C.A. No. 18-88-LPS-JLH, D.I. 698, 704, 711, 716 (D. Del. Mar. 18, 2020); *Cytonome/ST, LLC v. NanoCellect Biomedical, Inc.*, C.A. No. 19-301-RGA, D.I. 49, 51, 58 (D. Del. Jan. 21, 2020); *Biovertiv Inc. v. CSL Behring LLC*, C.A. No. 17-914-RGA, D.I. 63, 65 (D. Del. Oct. 2018); *MorphoSys AG v. Janssen Biotech, Inc.*, C.A. No. 16-221-LPS, D.I. 154, 156, 178 (D. Del. Aug. 7, 2017). However the disputes are heard, Sarepta believes they should be heard together at the same time by the same person, be it the Court or the Special Master.]