## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., Plaintiff, <br><br> v. <br><br> SAREPTA THERAPEUTICS, INC., <br> Defendant. <br><br><br> SAREPTA THERAPEUTICS, INC., <br> Defendant and Counter-Plaintiff <br><br> v. <br><br> NIPPON SHINYAKU CO., LTD. and <br> NS PHARMA, INC., Plaintiff and Counter-<br> Defendants. | C.A. No. 21-1015 (GBW) |

### DECLARATION OF MATTHEW J.A. WOOD, PH.D

I, Matthew J.A. Wood, declare as follows:

     1.     I have personal knowledge of the facts stated herein, and if called as a witness, would competently testify as to those facts.

     2.     I am a Professor of Neuroscience at the University of Oxford in the United Kingdom. I am also a Fellow at Somerville College, one of the colleges of the University of Oxford. My laboratory conducts research on gene therapies for degenerative disorders of the nervous system and muscle, including in particular, Duchenne Muscular Dystrophy ("DMD"). To date, I have published approximately 350 peer reviewed publications, including approximately over 60 relating to treatments for DMD. My background and qualifications are more fully set out in my curriculum vitae, attached as Exhibit 1 to this Declaration. The field of potential experts in exon skipping for DMD is small. As of 2023, I estimate there are approximately 10 such potential

experts in the UK, and no more than 50-100 worldwide. I estimate that in the 2004-2005 timeframe, there would have been at most 10-15 such potential experts worldwide.

3.        I have been asked by outside counsel for Nippon Shinyaku Co., Ltd. and NS Pharma, Inc. (collectively "NS") to offer my opinions relating to the state of the art of exon skipping therapies for treatment of DMD, and the validity of the following patents that are being asserted by NS against Sarepta: U.S. Patent Nos. 9,708,361, 10,385,092, 10,407,461, 10,487,106, 10,647,741, 10,662,217, and 10,683,322 (collectively, the "NS Patents"). I understand that I may also be asked to offer my opinions as to what a person of ordinary skill in the art would understand the inventors had invented from reviewing the specifications of the patents Sarepta and the University of Western Australia ("UWA") are asserting against NS (the "Sarepta Asserted Patents"). I understand that I may also be asked to offer opinions concerning what the named inventors on the Sarepta Asserted Patents recognized and appreciated about the exon 53 skipping antisense oligonucleotides they created and tested ███████████████████████████ ████████████████████████████████████ will not be offering opinions concerning the infringement or validity of U.S. Patent Nos. 9,994,851, 10,227,590 or 10,266,827, which I understand are the patents being asserted by Sarepta and UWA.

4.        I was previously engaged by Sarepta as an expert witness ████████████████ ██████████. I understand that Sarepta and UWA oppose my serving as an expert for NS based in part on my past work for Sarepta, which concluded several years ago. I would like to serve as an expert for NS in this litigation because I have a professional interest in the scientific questions at issue. The opinions I would offer are based on my experience and expertise as a scientist and researcher, and, accordingly, I have no reason to believe they will be inconsistent with the opinions I previously offered on behalf of Sarepta.



5.    I entered into a ███████████████████████████ ███████████████████████████████. The term of this ████████████████████. To the best of my knowledge, I did not ████████████████████████████████. This ██████ was not ████████████████████████.

6.    I entered into ████████████████████████████████ two patent disputes between UWA and Academisch Ziekenhuis Leiden ("AZL") titled Interference Nos. 106,007, 106,008, and 106,013 before the U.S. Patent and Trademark Office's Patent Trial and Appeal Board.  I believe I entered into ████████████████████████ ██████.

7.    Interference Nos. 106,008 and 106,013 concerned claims directed to exon 51-skipping antisense oligonucleotides.  Interference No. 106,007 between UWA and AZL concerned UWA's U.S. Patent No. 8,455,636 ("the '636 patent")[1] and certain AZL patent applications.  My opinions concerned the interpretation of the claims and specifications of the AZL patent applications at issue, and whether a particular prior art reference anticipated or rendered obvious claims of UWA's '636 patent, and three other UWA patents involved in Interference Nos. 106,008 and 106,013.  The materials I considered in reaching those opinions, along with the declarations, and deposition testimony I gave in connection with this interference are a matter of public record. I do not recall receiving or possessing any confidential or privileged information of Sarepta or UWA or the substance of any such confidential or privileged information.  I understand the interferences concluded in mid-2016.  I believe I returned or destroyed all of the communications

---

[1] I understand the '636 patent claims priority to the same application as the patents that UWA and Sarepta are asserting against NS in this litigation.

and documents relating to the interferences.  I have not retained any confidential or privileged information from my work on these interferences.

8.    The ██████████████████████████████████████████████ ████████████████████. ████████████████████████████████████████ ████████████████████████████████████ This ███ ████████████████████████████████████████. I do not recall the details of ████████████████████████████████████████████████████ ████████████████████████████. I understand that the patent dispute was resolved between the parties in mid-2017: https://investorrelations.sarepta.com/news-releases/news-release-details/sarepta-therapeutics-and-biomarin-pharmaceutical-inc-announce.

9.    █████████████████████████████████████ not to ███████████████ ████████████████████████████████████████████████████████ ████████.

10.    I also ████████████████████████████████████████ ██████████████████████████████████. To the best of my recollection, I ███████████████ ████████████████████████████████████. It was my recollection as of July 2023 that the ████████████████████████████████████████████████████████ ████████████████. My recollection has since been refreshed by a document provided by Sarepta's attorney to my attorney that ██████████████████████████████████████ ████████████████████████████.

11.    I do not have any agreements with UWA.

12.    Neither Sarepta nor UWA approached me to assist with this litigation.  I have not received any confidential or privileged information from Sarepta or UWA or their counsel at

Finnegan Henderson concerning this litigation. ████████████████████

████████████████████████████████ I do not believe that I have an

understanding of Sarepta or UWA's modus operandi, pattern of operation, or decision-making

processes with respect to patent strategy or enforcement.

13.    I have not been asked to disclose any confidential information of Sarepta's or

UWA's by NS or its counsel, and I have not disclosed any such information.

14.    I believe I can provide opinions concerning the state of the art of exon skipping

therapies for DMD and the validity of NS's patents without ████████████████

████████████████████████ described above.  I have respected

and ██████████████████████████████████████.

15.    I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.  Executed at Paris, France this 9th day of August, 2023.


                                        /s/ Matthew J.A. Wood
                                        Matthew J.A. Wood, Ph.D.