# Exhibit A

1

2                          IN THE UNITED STATES DISTRICT COURT

3                          IN AND FOR THE DISTRICT OF DELAWARE

4   NIPPON SHINYAKU CO., LTD.,              )
                      Plaintiff,            )
5   v.                                      )
                                            )
6   SAREPTA THERAPEUTICS, INC.,             )
                      Defendant.            )   C.A. No.
7                                           )   21-1015-GBW
    _____)
8   SAREPTA THERAPEUTICS, INC.,             )
                                            )
9   Defendant/Counter-Plaintiff,            )
    v.                                      )
10                                          )
    NIPPON SHINYAKU CO., LTD. and           )
11  NS PHARMA, INC.                         )
                                            )
12  Plaintiff and Counter-Defendants.

13                               - - - -

14                              Wilmington, Delaware
15                              Thursday, August 2023
                                *Motion Transcript*
16                               - - - -

17

18      BEFORE:  HONORABLE GREGORY B. WILLIAMS
19               UNITED STATES DISTRICT COURT JUDGE

20                               - - - -

21

22

23

24

25
                                    Michele L. Rolfe, RPR, CRR

```
 1
      APPEARANCES:
 2
                      MORGAN, LEWIS & BOCKUS LLP
 3                    BY:  AMY M. DUDASH, ESQ.
                           AMANDA S. WILLIAMSON, ESQ.
 4                         ALISON PATITUCCI, ESQ.
                           GUYLAINE HACHE, ESQ.
 5                             Attorneys for Plaintiff

 6

 7
                      MORRIS, NICHOLS, ARSHT & TUNNELL
 8                    BY:  MEGAN E. DELLINGER, ESQ.

 9                         -and-

10                    FINNEGAN, HENDERSON, FARABOW, GARRETT &
                      DUNNER LLP
11                    BY:  WILLIAM RAICH, ESQ.
                           CHARLES LIPSEY, ESQ.
12                         YOONJIN LEE, ESQ.

13                             Attorneys for Defendant and
                               Counter-Plaintiff Sarepta
14                             Therapeutics, Inc.

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        - - - - -

 2                  P R O C E E D I N G S

 3          (REPORTER'S NOTE:  The following motion was held in

 4     Courtroom 6B beginning at 11:00 a.m.)

 5                  THE COURT:  Good morning.  You may be seated.

 6                  All right.  We are here for the hearing on the

 7     parties' motions for leave to amend answers in Nippon versus

 8     Sarepta.  Civil Action No. 21-1015.

 9                  The Court has allocated 30 minutes for this

10     hearing.  Is that your understanding?

11                  MR. RAICH:  I had understood it's 40 minutes.

12                  THE COURT:  40 minutes, that's fine.

13                  MR. RAICH:  I'll take every minute, Your Honor.

14                  THE COURT:  I have read the parties' submission,

15     we have two motions, one motion by each side.

16                  So let's start with the plaintiff's motion for

17     leave the following amended answer.

18                  MS. DUDASH:  Your Honor, Ms. Williamson from

19     Morgan Lewis will be presenting argument on the motions

20     today.  I'll be handing up to the Court the two slide decks

21     we have.

22                  THE COURT:  I'm sorry, let's allow counsel to

23     put appearances on the record.

24                  MS. DUDASH:  Sure.  This is Amy Dudash from

25     Morgan Lewis for plaintiff Nippon Shinyaku and NS Pharma.
```

1    And with me I have also from Morgan Lewis, Amanda

2    Williamson, Allison Patitucci and Guylaine Hache.

3                   THE COURT:  Good morning.

4                   MS. DELLINGER:  And good morning, Your Honor.

5    Megan Dellinger from Morris Nichols on behalf of Sarepta and

6    UWA.  I'm joined this morning by my co-counsel from William

7    Raich, Charles Lipsey and Yoonjin Lee.

8                   THE COURT:  Good morning.

9                   MS. DELLINGER:  And, Your Honor, I just wanted

10   to flag -- I think the parties have worked out how to work

11   around confidential information that's involved, but there's

12   a possibility we may need to make a request to seal the

13   courtroom at some point.

14                  THE COURT:  Okay.  All right.

15                  MS. DELLINGER:  Thank you.

16                  THE COURT:  All right.  So my understanding with

17   NS motion is it's moving for leave to file an amended answer

18   to add counterclaims of inequitable conduct based knowingly

19   false claims of priority and Walker Process fraud based on

20   Sarepta's assertion of '851, '590 and '827 patents.

21                  MS. WILLIAMSON:  Yes, that's correct, Your

22   Honor.

23                  THE COURT:  All right.

24                  MS. WILLIAMSON:  Good morning, Your Honor.

25   Amanda Williamson on behalf of Nippon Shinyaku and NS

1    claims.  They are now saying you can piece together

2    different disclosures, you know paragraph here, a paragraph

3    here to get to that chemical structure.  Respectfully,

4    that's really not what could be done.

5              They further argued that the safety information

6    is cumulative because of one sentence in a -- that was

7    recited that said -- in a different document that said that

8    PMOs are generally safe, but this was an extensive study in

9    primates establishing safety.

10             In fact, Nippon Shinyaku's internal documents

11   show that after this publication came out, the Sarepta

12   publication came out, Nippon Shinyaku convened a meeting on

13   their section heads and department heads to specifically

14   discuss this publication and its impact on their exon

15   skipping program.  So we think that these are just

16   completely different situations and, in fact, the document

17   is not cumulative.

18             Thank you very much for your patience, Your

19   Honor, I appreciate it.

20             THE COURT:  All right.  Let's take a 5- to

21   10-minute break and I'll come back with my rulings.

22             (Recess taken.)

23             THE COURT:  All right.  You may be seated.

24             So first let me start by telling both sides,

25   Mr. Raich and Ms. Williamson, good job.

1          I'll start with Nippon Shinyaku's motion for

2   leave to file amended answer to Sarepta's counterclaims.

3   The Court is going to grant the motion for leave.  NS moves

4   for leave to file an amended answer to add counterclaims of

5   inequitable conduct based upon knowingly false claims of

6   priority and Walker Process fraud based on Sarepta's

7   assertion of United States Patent Nos. 9,994,851, 10,227,590

8   and 10,266,827, collectively the Wilton patents.

9          Leave to amend must generally be granted unless

10  equitable considerations render it otherwise unjust.  And

11  that's *Arthur v. Maersk, Inc.,* 434 F.3d 196, 204 (Third

12  Circuit 2006).  See also Foman v. Davis 371 U.S. 178, 182.

13         The Third Circuit has adopted a liberal approach

14  to the amending of pleadings.  If, in the absence of undue

15  delay, bad-faith or dilatory motives on the part of the

16  moving party, the amendment should be freely granted unless

17  it is futile or unfairly prejudicial to the nonmoving party.

18  That's also from those same cases.

19         An amendment is futile if it would fail to state

20  a claim upon which relief could be granted.  And that comes

21  from *In re Burlington Coat Factory Securities Litigation,*

22  114 F.3d, 1410, 1434, ( Third Circuit 1997).  The standard

23  for assessing futility is the same standard for a legal

24  sufficiency as applies under Federal Rules of Civil

25  Procedure 12(b)(6).  And that comes from *Great Western*

1  *Mining v. Fox Rothschild, LLP,* 615 F.3d, 159, 175 (Third

2  Circuit 2010).

3            In order to prove undue prejudice, the nonmovant

4  must show that it was unfairly disadvantaged or deprived of

5  the opportunity to present facts or evidence which it had

6  offered had the amendments been timely.  And the Court cites

7  to *Bechtel v. Robinson* 886 F.2d 644, 652, (Third Circuit

8  1989).  It cites *Heyl & Patterson International, Inc. v.*

9  *F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419,

10  426, (Third Circuit 1981).

11            Typically the plaintiff in an inequitable

12  conduct dispute has access to all the information that is

13  pertinent to its case; that is the issues of intent and

14  materiality ordinarily turn on evidence in the patentee's

15  possession and often do not require factual discovery.  And

16  that comes from *Lipocine* 220 WL 479456 at page 7.

17            For that reason, courts have noted that the loss

18  of an opportunity for discovery on inequitable conduct

19  typically does not result in prejudice to the patentee.

20            Here, because NS's inequitable conduct and

21  Walker Process fraud claims turn on evidence within the

22  patentee's control, i.e., Sarepta, Sarepta will not be

23  prejudiced by NS's proposed amendments.

24            Now turning to futility with respect to

25  inequitable conduct.  Rule 9 of the Federal Rules of Civil