IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 21-1015 (GBW) |
| SAREPTA THERAPEUTICS, INC., | ) |
| Defendant. | ) |
| SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA, | ) |
| Defendant/Counter-Plaintiffs, | ) |
| v. | ) |
| NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC. | ) |
| Plaintiff/Counter-Defendants. | ) |

**SAREPTA THERAPEUTICS, INC. AND THE UNIVERSITY OF WESTERN AUSTRALIA'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STAY ANTITRUST COUNTERCLAIM DEADLINES PENDING RESOLUTION OF MOTION TO BIFURCATE AND STAY**

**I.      INTRODUCTION**

Sarepta respectfully makes a very narrow ask: a limited stay of the pre-trial deadlines *related only to NS's recently-pled antitrust counterclaim* until this Court rules on Sarepta's motion to bifurcate and stay NS's antitrust counterclaim. Currently, Sarepta must serve rebuttal expert reports relating to NS's antitrust counterclaim by October 11, 2023 and defend and take expert depositions before the close of expert discovery on November 20, 2023. D.I. 357 (Stipulation to Extend Deadlines); Minute Order, (Sept. 26, 2023).[1] As previously explained, proceeding with this expert discovery is unfairly prejudicial because Sarepta has not had the opportunity to conduct fact discovery on the antitrust claim, which was added *after* the close of fact discovery. *See* D.I. 346 (Br. in Supp. of Mot. to Bifurcate and Stay); D.I. 358 (Reply in Supp. of Mot. to Bifurcate and Stay). A limited stay would conserve the parties' resources by delaying work that would be mooted by bifurcation and an overall stay on NS's antitrust claim pending trial on the parties' patent and breach of contract claims. And NS would suffer no prejudice from this minor delay (D.I. 345 (Mot. to Bifurcate and Stay)). NS's opposition (D.I. 360) provides no compelling reason to deny Sarepta's request for a limited stay in light of these realities.

**II.     ARGUMENT**

NS does not seriously contest the merits of the limited stay Sarepta requests. It does not assert that a limited stay would affect the ultimate trial date or other deadlines in this case. *See* D.I. 360 at 3-4. Nor does NS credibly explain how it would be prejudiced by a short stay that simply *pauses* discovery on its antitrust claim for the limited time during which the Court considers Sarepta's Motion to Bifurcate and Stay. And NS's speculative risks are either non-existent or

---

[1] NS mistakenly asserts that deadline for the rebuttal report is October 5 (D.I. 360 at 2), which was the deadline before this Court granted the parties' stipulation (D.I. 357) regarding expert discovery deadlines on September 26, 2023.

1

unsupported.  First, the risk of "memory loss and/or witness availability issues" is illusory given the limited duration of the requested stay.  D.I. 360 at 5.  NS cites no case recognizing such risks from so short a stay; rather, all of its cited cases address far lengthier stays than here.  *Id.*  Second, NS provides no support for its proposed prejudice from such a brief discovery stay.  Sarepta's requested brief stay is hardly a "tactical advantage" for its expert, given that NS's expert had months to draft his report.  Moreover, the whole point of the requested stay is to limit the need for costly (and potentially unnecessary) expert discovery, including expert depositions, while Sarepta's motion is pending.  And NS is simply wrong that a brief suspension of deadlines related to the antitrust counterclaim—which would not affect the trial date—could somehow "delay NS from vindicating its rights."  *See id.*

    NS's opposition to the *limited* stay largely rehashes its arguments regarding the underlying merits of Sarepta's Motion to Bifurcate and Stay.  But these arguments fail as well.  Contrary to NS's rehashed argument (D.I. 360 at 3), Sarepta has already explained why the existing fact discovery in this case is insufficient with regard to at least the monopolization elements of NS's *Walker Process* claim.  D.I. 358 at 3-5.  NS again fails to support its inaccurate assertion that antitrust market definition discovery is the same as the discovery that has already taken place in this patent case.  *Compare* D.I. 360 at 4 *with* D.I. 358 at 4-5 (citing authority distinguishing between market analysis in patent and antitrust claims).  And it simply repeats the incorrect statement that its antitrust damages rely on the pricing of the parties' products, rather than its litigation expenses.  D.I. 360 at 1, 4; *see also* D.I. 358 at 5.

    NS also ignores the prior briefing and claims that "Sarepta has failed to identify anything specific its expert supposedly needs additional fact discovery regarding in order [*sic*] to properly formulate rebuttal opinions."  D.I. 360 at 4.  But Sarepta has specifically identified both the

2

(1) third-party discovery needed to properly evaluate antitrust market definition, D.I. 358 at 4, and (2) the specific kinds of documents it needs from NS to evaluate NS's claimed damages, *id.* at 5.

Finally, Sarepta respectfully disagrees with NS's repeated characterization of this Court's statements regarding the adequacy of the discovery that has already taken place. NS suggests that this Court has already determined that Sarepta has in its control all of the evidence needed to defend against NS's *Walker Process* claim. *See* D.I. 360 at 1, 4 (citing D.I. 356-1 (excerpts from Aug. 3, 2023 Hr'g Tr.) at 36:20-23). But in finding that Sarepta would not be prejudiced by NS's amendment of its claims, this Court only addressed evidence of inequitable conduct and the fraud *element* of the *Walker Process* claim—***not*** the attempted monopolization elements. D.I. 356-1 (excerpts from Aug. 3, 2023 Hr'g Tr.) at 36:11-23. This Court noted that "[t]ypically the plaintiff in an inequitable conduct dispute has access to all the information that is pertinent to its case; that is the issues of intent and materiality ordinarily turn on evidence in the patentee's possession and often do not require factual discovery." *Id.* at 36:11-16. Importantly, Sarepta's Motion to Bifurcate and Stay is not predicated on the need for additional discovery on inequitable conduct or the alleged fraud underlying the *Walker Process* claim. It is predicated on the need for discovery on the monopolization elements of that claim—market definition, anticompetitive effects, and damages—which are distinct from the fraud allegation, and which this Court has not yet addressed. *See* D.I. 346 at 5-6; D.I. 358 at 3-5. NS's own antitrust expert report makes this clear, as outlined in Sarepta's Reply in Support of its Motion to Bifurcate and Stay, D.I. 358.

### III. CONCLUSION

Sarepta respectfully requests that the Court grant its request for a temporary stay.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Megan E. Dellinger* |
| OF COUNSEL: | _____ |
| | Jack B. Blumenfeld (#1014) |
| Charles E. Lipsey | Megan E. Dellinger (#5739) |
| J. Derek McCorquindale | 1201 North Market Street |
| Ryan P. O'Quinn | P.O. Box 1347 |
| L. Scott Burwell | Wilmington, DE  19899 |
| FINNEGAN, HENDERSON, FARABOW, | (302) 658-9200 |
|    GARRETT & DUNNER, LLP | jblumenfeld@morrisnichols.com |
| 1875 Explorer Street, Suite 800 | mdellinger@morrisnichols.com |
| Reston, VA  20190-6023 | |
| (571) 203-2700 | *Attorneys for Defendant/Counter-Plaintiffs Sarepta Therapeutics, Inc. and The University of Western Australia* |

OF COUNSEL (cont.):

William B. Raich
Michael J. Flibbert
John M. Williamson
Yoonhee Kim
Yoonjin Lee
Kaitlyn S. Pehrson
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

Alissa K. Lipton
Eric J. Lee, Ph.D.
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA  02210-2001
(617) 646-1600

Amanda P. Reeves
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004
(202) 637-2200

October 4, 2023

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 4, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Amy M. Dudash, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>1201 North Market Street, Suite 2201<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Amanda S. Williamson, Esquire<br>Christopher J. Betti, Esquire<br>Krista Vink Venegas, Esquire<br>Maria E. Doukas, Esquire<br>Michael T. Sikora, Esquire<br>Zachary Miller, Esquire<br>Guylaine Haché, Ph.D.<br>Wan-Shon Lo, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Alison P. Patitucci, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jitsuro Morishita, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>16F, Marunouchi Building,<br>2-4-1 Marunouchi, Chiyoda-ku<br>Tokyo, 100-6316 Japan<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*
_____
Megan E. Dellinger (#5739)