**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., )<br>            Plaintiff, )<br>                                         )<br>v.                                      )<br>                                         )<br>SAREPTA THERAPEUTICS, INC., )<br>            Defendant. )<br>_____<br>SAREPTA THERAPEUTICS, INC. and THE )<br>UNIVERSITY OF WESTERN AUSTRALIA, )<br>            Defendant/Counter-Plaintiffs, )<br>                                         )<br>v.                                      )<br>                                         )<br>NIPPON SHINYAKU CO., LTD. and NS )<br>PHARMA, INC., )<br>            Plaintiff/Counter Defendants. )  | C.A. No. 21-1015 (GBW)<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT NO. 2 REGARDING
INFRINGEMENT OF CERTAIN NS PATENTS**

Amanda S. Williamson (admitted *pro hac vice*)
Christopher J. Betti (admitted *pro hac* vice)
Krista V. Venegas (admitted *pro hac* vice)
Wan-Shon Lo (admitted *pro hac vice*)
Maria E. Doukas (admitted *pro hac vice*)
Zachary Miller (admitted *pro hac vice*)
Guylaine Haché (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
110 N. Wacker Drive, Suite 2800
Chicago, IL  60601
Telephone:  312.324.1000 | Fax: 312.324.1001
amanda.williamson@morganlewis.com
christopher.betti@morganlewis.com
krista.venegas@morganlewis.com
shon.lo@morganlewis.com
maria.doukas@morganlewis.com
zachary.miller@morganlewis.com
guylaine.hache@morganlewis.com
michael.sikora@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
**MORGAN, LEWIS & BOCKIUS LLP**
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone:  302.574.3000 | Fax: 302.574.3001
amy.dudash@morganlewis.com

Alison P. Patitucci (admitted *pro hac vice*)
2222 Market Street
Philadelphia, PA  19103
Telephone: 215.693.5000 | Fax: 215.963.5001
alison.patitucci@morganlewis.com

*Attorneys for Plaintiff/Counterclaim Defendant
Nippon Shinyaku Co., Ltd. and Counterclaim
Defendant NS Pharma, Inc.*

**Dated:  December 11, 2023**

**TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| I | INTRODUCTION | 1 |
| II | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| III | CONCISE STATEMENT OF FACTS | 1 |
| IV | SUMMARY OF THE ARGUMENT | 1 |
| V | LEGAL STANDARD | 1 |
| VI | ARGUMENT | 1 |
| | A. Sarepta Directly Infringes the NS Product Claims | 2 |
| | B. Sarepta Indirectly Infringes the NS Product and NS Method of Use Claims | 2 |
| VII | CONCLUSION | 3 |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commil USA, LLC v. Cisco Sys.*,
   575 U.S. 632 (2015) ................................................................................................................3

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001) ................................................................................................2

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ................................................................................................2

**Statutes**

35 U.S.C. § 271 ....................................................................................................................1, 2, 3, 4

**I       INTRODUCTION**

The Court should grant summary judgment in favor of plaintiff Nippon Shinyaku Co., Ltd. ("NS") regarding its claims that defendant Sarepta Therapeutics, Inc. ("Sarepta") (i) directly and indirectly infringes claims 1-3 of US Patent No. 10,385,092 (the "'092 Patent"), claims 1-2 of US Patent No. 10,407,461 (the "'461 Patent"), and claims 1-2 of US Patent No. 10,487,106 (the "'106 Patent") (collectively, the "NS Product Claims") under 35 U.S.C. § 271 (a), (b), and (c); and (ii) indirectly infringes claims 1-12 of US Patent No. 10,647,741 (the "'741 Patent") and claims 1-4 of US Patent No. 10,662,217 (the "'217 Patent") (collectively, the "NS Method of Use Claims") under 35 U.S.C. § 271 (b) and (c).. No factual disputes remain on this claim.

**II      NATURE AND STAGE OF THE PROCEEDINGS**

NS incorporates its statement regarding the nature and stage of the proceedings from its Motion for Partial Summary Judgment No. 1 Regarding Invalidity of the UWA Patents.

**III     CONCISE STATEMENT OF FACTS**

NS incorporates by reference its concise statement of facts ("SOF") filed herewith.

**IV      SUMMARY OF THE ARGUMENT**

The Court should grant partial summary judgment in favor of NS regarding (i) direct and indirect infringement of the NS Product Claims and indirect infringement of the NS Method of Use Claims because the undisputed evidence shows that Sarepta infringes the claims and Sarepta has not identified any factual or legal argument rebutting said infringement.

**V       LEGAL STANDARD**

NS incorporates its legal standard from its Motion for Partial Summary Judgment No. 1.

**VI      ARGUMENT**

In a patent case,"[a]n infringement issue is properly decided upon summary judgment when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused [products] either literally or under the doctrine of equivalents." *Gart*

1

*v. Logitech, Inc.,* 254 F.3d 1334, 1339 (Fed. Cir. 2001). Here, there is no factual dispute regarding Sarepta's Vyondys 53® (golodirsen) product and Sarepta has provided no relevant non-infringement positions. Summary judgment of infringement is warranted.

### A. Sarepta Directly Infringes the NS Product Claims

A party directly infringes a patent when it "makes, uses, offers to sell, or sells any patented invention, within the United States." 35 U.S.C. § 271(a). Here, it is undisputed that Sarepta's Vyondys 53® (golodirsen) product meets each and every limitation of the NS Product Claims. SOF ¶ 21; *see also* SOF ¶¶ 5-10. Sarepta has not identified any limitation of the NS Product Claims that golodirsen does not meet. SOF ¶ 22. It is also undisputed that Sarepta sells and offers to sell Vyondys 53® (golodirsen) in the United States. SOF ¶ 4. Sarepta also directs and controls the manufacture (or making) of golodirsen in the United States ▮▮▮▮▮▮

▮▮▮▮▮▮ SOF ¶¶ 11-13. In view of these facts, it is indisputable that Sarepta directly infringes the NS Product Claims. SOF ¶ 23. Indeed, neither Sarepta nor its expert have identified any contention that Sarepta does not directly infringe the NS Product Claims. SOF ¶ 24. And Sarepta's counsel has stated that Sarepta is willing to withdraw its defense of non-infringement. SOF ¶ 32. Summary judgement of direct infringement of the NS Product Claims is warranted.

### B. Sarepta Indirectly Infringes the NS Product and NS Method of Use Claims

A party induces infringement under 35 U.S.C. § 271(b) if it "knowingly induce[s] [another party's] infringing acts, and possesse[s] a specific intent to encourage another's infringement." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). A party contributes to infringement under 35 U.S.C. § 271(c) if it offers to sell or sells a "component of a patented [invention]" that constitutes a "material part of the invention" and is "especially adapted for use in infringement" without any "substantial noninfringing use." 35 U.S.C. § 271(c). Both induced and

2

contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys.*, 575 U.S. 632, 639 (2015).

Just as the making and use of Vyondys 53® directly infringes the NS Product Claims (*see* § A, *supra*), it is also undisputed that the use of Vyondys 53® directly infringes the NS Method of Use Claims. SOF ¶¶ 5-10, 14-16, 27. Sarepta has provided no rebuttal. SOF ¶ 28. The evidence also shows that Sarepta ████████████████, and ████████████████ ████—and certainly well before Sarepta filed IPRs on each of them in June 2021. SOF ¶¶ 17-20. ████████████████████████████████████████████████████████ ████████████████████, it also cannot dispute knowledge of infringement. SOF ¶¶ 24, 31-32. With this knowledge, Sarepta encouraged another party to infringe the NS Product Claims ████████████████████████████████ SOF ¶¶ 11-12. Sarepta also encouraged medical professionals to infringe the NS Product and Method of Use Claims by administering Vyondys 53® (golodirsen) in accordance with Sarepta's prescribing instructions. SOF ¶¶ 14-16. Finally, Sarepta sold and offered to sell golodirsen—a material part of the NS Product and Method of Use Claims that has no noninfringing use. SOF ¶¶ 4, 16.

Accordingly, it is undisputed that Sarepta indirectly infringes the NS Product and NS Method of Use Claims under 35 U.S.C. § 271 (b) and (c). Indeed, neither Sarepta nor its expert have identified any contention that Sarepta does not indirectly infringe the NS Product and NS Method of Use Claims. SOF ¶ 31. And Sarepta's counsel has stated that Sarepta is willing to withdraw its defense of non-infringement. SOF ¶ 32. Summary judgement of indirect infringement of the NS Product Claims and NS Method of Use Claims is warranted.

**VII    CONCLUSION**

The Court should find that Sarepta has infringed the NS Product Claims under 35 U.S.C. § 271 (a), (b) and (c), and the NS Method of Use Claims under 35 U.S.C. § 271 (b) and (c).

<table>
<tr><td>Dated: December 11, 2023</td><td>Respectfully submitted,</td></tr>
</table>

MORGAN, LEWIS & BOCKIUS LLP

Amanda S. Williamson (admitted *pro hac* vice)
Christopher J. Betti (admitted *pro hac* vice)
Krista V. Venegas (admitted *pro hac* vice)
Wan-Shon Lo (admitted *pro hac* vice)
Maria E. Doukas (admitted *pro hac vice*)
Zachary D. Miller (admitted *pro hac vice*)
Guylaine Haché (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
110 N. Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: 312.324.1000
Fax: 312.324.1001
amanda.williamson@morganlewis.com
christopher.betti@morganlewis.com
krista.venegas@morganlewis.com
shon.lo@morganlewis.com
maria.doukas@morganlewis.com
zachary.miller@morganlewis.com
guylaine.hache@morganlewis.com
michael.sikora@morganlewis.com

Alison P. Patitucci (admitted *pro hac vice*)
2222 Market Street
Philadelphia, PA 19103
Telephone: 215.693.5000
Fax: 215.963.5001
alison.patitucci@morganlewis.com

/s/Amy M. Dudash
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone: 302.574.3000
Fax: 302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Plaintiff/Counterclaim Defendant Nippon Shinyaku Co., Ltd. and Counterclaim Defendant NS Pharma, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 11, 2023, a copy of the foregoing, which was filed under seal, was served via electronic mail on the following counsel of record:

William B. Raich
Michael J. Flibbert
John M. Williamson
Yoonhee Kim
Yoonjin Lee
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000
william.raich@finnegan.com
michael.flibbert@finnegan.com
john.williamson@finnegan.com
yoonhee.kim@finnegan.com
yoonjin.lee@finnegan.com

Charles E. Lipsey
J. Derek McCorquindale
Ryan P. O'Quinn
L. Scott Burwell
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700 charles.lipsey@finnegan.com
derek.mccorquindale@finnegan.com
ryan.o'quinn@finnegan.com
scott.burwell@finnegan.com

Alissa K. Lipton
Eric J. Lee, Ph.D.
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600
alissa.lipton@finnegan.com
eric.lee@finnegan.com

Jack B. Blumenfeld
Megan E. Dellinger
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

Amanda P. Reeves
Anna M. Rathbun
Graham B. Haviland
Jesse Aaron Vella
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000 Washington, D.C. 20004
(202) 637-2200
amanda.reeves@lw.com
anna.rathbun@lw.com
graham.haviland@lw.com

                                             */s/ Amy M. Dudash*
                                             Amy M. Dudash (DE Bar No. 5741)