# EXHIBIT 29

# PART 2



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

123147      7590      04/18/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
| --- |
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 1674 | |

DATE MAILED: 04/18/2016

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 14/857,561 | 09/17/2015 | Stephen Donald Wilton | AVN-008CN32RCE | 9969 |

TITLE OF INVENTION: ANTISENSE OLIGONUCLEOTIDES FOR INDUCING EXON SKIPPING AND METHODS OF USE THEREOF

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 07/18/2016 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.  THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT.  SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u>  SEE 35 U.S.C. 151.  THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION.  IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

SRPT-VYDS-0003188

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** **Mail**    Mail Stop ISSUE FEE
                                                                           Commissioner for Patents
                                                                           P.O. Box 1450
                                                                           Alexandria, Virginia 22313-1450
                                                               **or Fax**    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

123147        7590        04/18/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

| | |
|---|---|
| | (Depositor's name) |
| | (Signature) |
| | (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,561 | 09/17/2015 | Stephen Donald Wilton | AVN-008CN32RCE | 9969 |

TITLE OF INVENTION: ANTISENSE OLIGONUCLEOTIDES FOR INDUCING EXON SKIPPING AND METHODS OF USE THEREOF

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 07/18/2016 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHONG, KIMBERLY | 1674 | 536-024500 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                        (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :    ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

Page 2 of 3

SRPT-VYDS-0003189



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,561 | 09/17/2015 | Stephen Donald Wilton | AVN-008CN32RCE | 9969 |

123147        7590        04/18/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 04/18/2016

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003190

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No. 14/857,561 | Applicant(s) WILTON ET AL. | |
|---|---|---|---|
| | Examiner KIMBERLY CHONG | Art Unit 1674 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to _03/22/2016_.
   - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are _21 and 22_. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   - a) ☐ All   b) ☐ Some   *c) ☐ None of the:
     1. ☐ Certified copies of the priority documents have been received.
     2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
     3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   - ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _03/22/2016,04/06/2016,04/08/2016_
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/KIMBERLY CHONG/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003192

Application/Control Number: 14/857,561                                           Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent

provisions.

### Information Disclosure Statement

The submission of the Information Disclosure Statement on 03/22/2016 is in

compliance with 37 CFR 1.97. The information disclosure statement has been

considered by the examiner and signed copies have been placed in the file.

### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Kimberly Chong** whose telephone number is **571-272-**

**3111**. The examiner can normally be reached Monday thru Friday between 9-5 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact

the SPE for 1674 Shaojia Anna Jiang at 571-272-0627. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that

can be viewed in the Patent Application Information Retrieval system (PAIR) can now

contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance.

Representatives are available to answer your questions daily from 6 am to midnight

(EST). The toll free number is (866) 217-9197. When calling please have your

application serial or patent number, the type of document you are having an image

problem with, the number of pages and the specific nature of the problem. The Patent

Electronic Business Center will notify applicants of the resolution of the problem within

5-7 business days. Applicants can also check PAIR to confirm that the problem has

Application/Control Number: 14/857,561                                    Page 3
Art Unit: 1674

been corrected.  The USPTO's Patent Electronic Business Center is a complete service

center supporting all patent business on the Internet. The USPTO's PAIR system

provides Internet-based access to patent application status and history information. It

also enables applicants to view the scanned images of their own application file

folder(s) as well as general patent information available to the public. For more

information about the PAIR system, see http://pair-direct.uspto.gov.

For all other customer support, please call the USPTO Call Center (UCC) at 800-

786-9199.


/Kimberly Chong/
Primary Examiner
Art Unit 1674

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,561 | 09/17/2015 | Stephen Donald Wilton | AVN-008CN32 | 9969 |

123147    7590    03/15/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/15/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

PTOL-90A (Rev. 04/07)

SRPT-VYDS-0003195

| **Applicant-Initiated Interview Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 14/857,561 | WILTON ET AL. |
| | Examiner | Art Unit | |
| | KIMBERLY CHONG | 1674 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _KIMBERLY CHONG_.                    (3) _____ .

(2) _ARIANNA HARRIS_.                    (4) _____ .

Date of Interview: _01 March 2016_.

Type:  ☒ Telephonic   ☐ Video Conference
       ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes   ☐ No.
    If Yes, brief description: _____ .

Issues Discussed  ☐101 ☐112 ☐102 ☐103 ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _____ .

Identification of prior art discussed: _____ .

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

_Discussed IDS filed 02/22/2016. The IDS was non-compliant because it lacks the statement as specified in 37 CFR 1.97(e), therefore the IDS will not be considered._

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /KIMBERLY CHONG/<br>Primary Examiner, Art Unit 1674 | |
|---|---|

SRPT-VYDS-0003196

**Summary of Record of Interview Requirements**

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———————

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.
    It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

    Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions and the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

    The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

    The Form provides for recordation of the following information:
    – Application Number (Series Code and Serial Number)
    – Name of applicant
    – Name of examiner
    – Date of interview
    – Type of interview (telephonic, video-conference, or personal)
    – Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
    – An indication whether or not an exhibit was shown or a demonstration conducted
    – An identification of the specific prior art discussed
    – An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by
        attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does
        not restrict further action by the examiner to the contrary.
    – The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

    It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.
    A complete and proper recordation of the substance of any interview should include at least the following applicable items:
    1) A brief description of the nature of any exhibit shown or any demonstration conducted,
    2) an identification of the claims discussed,
    3) an identification of the specific prior art discussed,
    4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the
        Interview Summary Form completed by the Examiner,
    5) a brief identification of the general thrust of the principal arguments presented to the examiner,
        (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not
        required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the
        examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully
        describe those arguments which he or she feels were or should be persuasive to the examiner.)
    6) a general indication of any other pertinent matters discussed, and
    7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by
        the examiner.
    Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

    If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

SRPT-VYDS-0003197

| *Notice of Allowability* | Application No. 14/857,561 | | Applicant(s) WILTON ET AL. | |
| --- | --- | --- | --- | --- |
| | Examiner KIMBERLY CHONG | | Art Unit 1674 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to _02/22/2016_.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are _21 and 22_. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

    a) ☒ All   b) ☐ Some   *c) ☐ None of the:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☒ Certified copies of the priority documents have been received in Application No. _11/570,691_ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____.

    Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date ___.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _02/12/2012_
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☒ Interview Summary (PTO-413), Paper No./Mail Date _03/01/2016_ .

5. ☒ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/KIMBERLY CHONG/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003198

Application/Control Number: 14/857,561                                    Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent

provisions.

### Information Disclosure Statement

The submission of the Information Disclosure Statement on 02/12/2016 is in

compliance with 37 CFR 1.97.  The information disclosure statement has been

considered by the examiner and signed copies have been placed in the file.


### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Kimberly Chong** whose telephone number is **571-272-**

**3111**.  The examiner can normally be reached Monday thru Friday between 9-5 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact

the SPE for 1674 Shaojia Anna Jiang at 571-272-0627. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that

can be viewed in the Patent Application Information Retrieval system (PAIR) can now

contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance.

Representatives are available to answer your questions daily from 6 am to midnight

(EST). The toll free number is (866) 217-9197. When calling please have your

application serial or patent number, the type of document you are having an image

problem with, the number of pages and the specific nature of the problem.  The Patent

Electronic Business Center will notify applicants of the resolution of the problem within

5-7 business days. Applicants can also check PAIR to confirm that the problem has

SRPT-VYDS-0003199

Application/Control Number: 14/857,561                                   Page 3
Art Unit: 1674

been corrected.  The USPTO's Patent Electronic Business Center is a complete service

center supporting all patent business on the Internet. The USPTO's PAIR system

provides Internet-based access to patent application status and history information. It

also enables applicants to view the scanned images of their own application file

folder(s) as well as general patent information available to the public. For more

information about the PAIR system, see http://pair-direct.uspto.gov.

For all other customer support, please call the USPTO Call Center (UCC) at 800-

786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1674

SRPT-VYDS-0003200



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

123147    7590    02/17/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
| --- |
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 1674 | |

DATE MAILED: 02/17/2016

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 14/857,561 | 09/17/2015 | Stephen Donald Wilton | AVN-008CN32 | 9969 |

TITLE OF INVENTION: ANTISENSE OLIGONUCLEOTIDES FOR INDUCING EXON SKIPPING AND METHODS OF USE THEREOF

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 05/17/2016 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003201

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>     Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

or <u>Fax</u>     (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

123147      7590      02/17/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

|  |
|---|
| (Depositor's name) |
| (Signature) |
| (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,561 | 09/17/2015 | Stephen Donald Wilton | AVN-008CN32 | 9969 |

TITLE OF INVENTION: ANTISENSE OLIGONUCLEOTIDES FOR INDUCING EXON SKIPPING AND METHODS OF USE THEREOF

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 05/17/2016 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHONG, KIMBERLY | 1674 | 536-024500 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)

☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

SRPT-VYDS-0003202



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,561 | 09/17/2015 | Stephen Donald Wilton | AVN-008CN32 | 9969 |

123147        7590        02/17/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 02/17/2016

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003203

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

SRPT-VYDS-0003204

| *Notice of Allowability* | Application No. 14/857,561 | Applicant(s) WILTON ET AL. | |
|---|---|---|---|
| | Examiner KIMBERLY CHONG | Art Unit 1674 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to <u>01/21/2016</u>.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are <u>21 and 22</u>. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐   All   b) ☐   Some   *c) ☐   None of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date <u>01/21/2016</u>
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☐ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/KIMBERLY CHONG/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003205

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (03-15)
Approved for use through 07/31/2016. OMB 0851-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**
( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | 14857561 |
| Filing Date | 2015-09-17 |
| First Named Inventor | Stephen Donald WILTON |
| Art Unit | 1674 |
| Examiner Name | K. Chong |
| Attorney Docket Number | AVN-008CN32 |

**U.S.PATENTS**    Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 9217148 | | 2015-12-22 | Bestwick et al. | |
| | 2 | 9228187 | | 2016-01-05 | Wilton et al. | |
| | 3 | 9234198 | | 2016-01-12 | Sazani et al. | |

If you wish to add additional U.S. Patent citation information please click the Add button.    Add

**U.S.PATENT APPLICATION PUBLICATIONS**    Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.    Add

**FOREIGN PATENT DOCUMENTS**    Remove

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | |

EFS Web 2.1.17

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /K.C/

SRPT-VYDS-0003206

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 14857561 |
|---|---|---|
| | Filing Date | 2015-09-17 |
| | First Named Inventor | Stephen Donald WILTON |
| | Art Unit | 1674 |
| | Examiner Name | K. Chong |
| | Attorney Docket Number | AVN-008CN32 |

| If you wish to add additional Foreign Patent Document citation information please click the Add button | Add |
|---|---|

**NON-PATENT LITERATURE DOCUMENTS**   Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc) date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
|---|---|---|---|
| | 1 | FDA Briefing Document, "Peripheral and Central Nervous System," Drugs Advisory Committee Meeting, NDA 206488 Eteplirsen, Food and Drug Administration, pages 1-73, January 22, 2016. | |
| | 2 | University of Western Australia v. Academisch Ziekenhuis Leiden, Decision-Rehearing -37 CFR § 41.125(c), filed in Patent Interference No. 106,013, December 29, 2015, pages 1-12 (Doc 202). | |

| If you wish to add additional non-patent literature document citation information please click the Add button | Add |
|---|---|

**EXAMINER SIGNATURE**

| Examiner Signature | /KIMBERLY    CHONG/ | Date Considered | 02/06/2016 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /K.C/

SRPT-VYDS-0003207

| | |
|---|---|
| Application Number | 14857561 |
| Filing Date | 2015-09-17 |
| First Named Inventor | Stephen Donald WILTON |
| Art Unit | 1674 |
| Examiner Name | K. Chong |
| Attorney Docket Number | AVN-008CN32 |

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
( Not for submission under 37 CFR 1.99)

---

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☒ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached certification statement.

☒ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☐ A certification statement is not submitted herewith.

## SIGNATURE

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Amy E. Mandragouras, Esq./ | Date (YYYY-MM-DD) | 2016-01-21 |
|---|---|---|---|
| Name/Print | Amy E. Mandragouras, Esq. | Registration Number | 36207 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /K.C/

SRPT-VYDS-0003208

**Privacy Act Statement**

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /K.C/

SRPT-VYDS-0003209

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,561 | 09/17/2015 | Stephen Donald Wilton | AVN-008CN32 | 9969 |

123147        7590         01/08/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 01/08/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

PTOL-90A (Rev. 04/07)

SRPT-VYDS-0003210

| *Office Action Summary* | Application No.<br>14/857,561 | Applicant(s)<br>WILTON ET AL. |
|---|---|---|
| | Examiner<br>KIMBERLY CHONG | Art Unit<br>1674 | AIA (First Inventor to File)<br>Status<br>No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>12/07/2015</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☒ This action is **FINAL**.     2b) ☐ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>21 and 22</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>21 and 22</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

  a) ☐ All   b) ☐ Some**  c) ☐ None of the:
  1. ☐ Certified copies of the priority documents have been received.
  2. ☐ Certified copies of the priority documents have been received in Application No. _____.
  3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>12/07/2015</u>.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail. Date. _____ .

4) ☐ Other: _____.

SRPT-VYDS-0003211

Application/Control Number: 14/857,561                                              Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent

provisions.

## DETAILED ACTION

### *Status of Application/Amendment/Claims*

Applicant's response filed 12/07/2015 has been considered. Rejections and/or

objections not reiterated from the previous office action mailed 10/23/2015 are hereby

withdrawn. The following rejections and/or objections are either newly applied or are

reiterated and are the only rejections and/or objections presently applied to the instant

application. The text of those sections of Title 35, U.S. Code not included in this action

can be found in a prior Office action.

With entry of the amendment filed on 12/07/2015, claims 21 and 22 are pending

and currently under examination and are free of the prior art searched.

### *Information Disclosure Statement*

The submission of the Information Disclosure Statement on 12/07/2015 is in

compliance with 37 CFR 1.97.  The information disclosure statement has been

considered by the examiner and signed copies have been placed in the file.

### *Response to Arguments*

### *Double Patenting*

The rejection of claims 21 and 22 under the judicially created doctrine of

obviousness-type double patenting as being unpatentable over claims 1-69 of U.S.

Application/Control Number: 14/857,561                                          Page 3
Art Unit: 1674

Patent No. 8,524,880 is maintained for the reasons of record. Applicant submits they

will consider filing a terminal disclaimer upon the indication of allowable subject matter.


### Conclusion

**THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Kimberly Chong** whose telephone number is **571-272-**

**3111**.  The examiner can normally be reached Monday thru Friday between 9-5 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact

the SPE for 1674 Shaojia Anna Jiang at 571-272-0627. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that

can be viewed in the Patent Application Information Retrieval system (PAIR) can now

Application/Control Number: 14/857,561                                          Page 4
Art Unit: 1674

contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance.

Representatives are available to answer your questions daily from 6 am to midnight

(EST). The toll free number is (866) 217-9197. When calling please have your

application serial or patent number, the type of document you are having an image

problem with, the number of pages and the specific nature of the problem.  The Patent

Electronic Business Center will notify applicants of the resolution of the problem within

5-7 business days. Applicants can also check PAIR to confirm that the problem has

been corrected.  The USPTO's Patent Electronic Business Center is a complete service

center supporting all patent business on the Internet. The USPTO's PAIR system

provides Internet-based access to patent application status and history information. It

also enables applicants to view the scanned images of their own application file

folder(s) as well as general patent information available to the public. For more

information about the PAIR system, see http://pair-direct.uspto.gov.

        For all other customer support, please call the USPTO Call Center (UCC) at 800-

786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1674

SRPT-VYDS-0003214

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,561 | 09/17/2015 | Stephen Donald Wilton | AVN-008CN32 | 9969 |

123147      7590      10/23/2015
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/23/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

PTOL-90A (Rev. 04/07)

| | | |
|---|---|---|
| ***Office Action Summary*** | **Application No.** 14/857,561 | **Applicant(s)** WILTON ET AL. |
| | **Examiner** KIMBERLY CHONG | **Art Unit** 1674 | **AIA (First Inventor to File) Status** No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>09/17/2015</u>.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.          2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☒ Claim(s) <u>21 and 22</u> is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>21 and 22</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>09/17/2015</u> is/are:  a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All   b) ☐ Some**  c) ☐ None of the:
    1. ☐  Certified copies of the priority documents have been received.
    2. ☐  Certified copies of the priority documents have been received in Application No. _____.
    3. ☐  Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>10/15/15,9/21/15,9/18/15</u>.
3) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

SRPT-VYDS-0003216

Application/Control Number: 14/857,561 Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent provisions.

## DETAILED ACTION

### Status of Application

Claims 21 and 22 are pending and currently under examination.  SEQ ID No. 207 is free of the prior art searched.

### Information Disclosure Statement

The submission of the Information Disclosure Statements on 09/18/2015, 09/21/2015 and 10/15/2015 is in compliance with 37 CFR 1.97.  The information disclosure statements have been considered by the examiner and signed copies have been placed in the file.

The information disclosure statements filed on 09/18/2015 having 8 pages fails to comply with the provisions of 37 CFR 1.97, 1.98 and MPEP § 609 because of the following reasons: The NPL documents having numbers 12 and 13 contained in the information disclosure statement filed 09/15/2015 have not been considered because the documents do not have the required date listed. The remaining documents have been considered and a signed copy has been placed in the file.

### Double Patenting

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees.  See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225

SRPT-VYDS-0003217

Application/Control Number: 14/857,561                                      Page 3

Art Unit: 1674

USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application.  See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 21 and 22 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-69 of U.S. Patent No. 8,524,880.  Although the conflicting claims are not identical, they are not patentably distinct from each other because the instant claims and the claims of the patent are drawn to patently indistinguishable subject matter.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to **Kimberly Chong** whose telephone number is **571-272-3111**.  The examiner can normally be reached Monday thru Friday between 9-5 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact the SPE for 1674 Mark Shibuya at 571-272-0806. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that can be viewed in the Patent Application Information Retrieval system (PAIR) can now contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance. Representatives are available to answer your questions daily from 6 am to midnight (EST). The toll free number is (866) 217-9197. When calling please have your application serial or patent number, the type of document you are having an image problem with, the number of pages and the specific nature of the problem.  The Patent

SRPT-VYDS-0003218

Application/Control Number: 14/857,561                                        Page 4

Art Unit: 1674

Electronic Business Center will notify applicants of the resolution of the problem within 5-7 business days. Applicants can also check PAIR to confirm that the problem has been corrected.  The USPTO's Patent Electronic Business Center is a complete service center supporting all patent business on the Internet. The USPTO's PAIR system provides Internet-based access to patent application status and history information. It also enables applicants to view the scanned images of their own application file folder(s) as well as general patent information available to the public. For more information about the PAIR system, see http://pair-direct.uspto.gov.

        For all other customer support, please call the USPTO Call Center (UCC) at 800-786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1674

SRPT-VYDS-0003219

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 123147 | 7590 | 05/06/2016 |

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 05/06/2016

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,569 | 09/17/2015 | Peter Sazani | AVN-009DVCN3 | 2335 |

TITLE OF INVENTION: MULTIPLE EXON SKIPPING COMPOSITIONS FOR DMD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 08/08/2016 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003220

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>  Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or** <u>Fax</u>  **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

123147          7590          05/06/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,569 | 09/17/2015 | Peter Sazani | AVN-009DVCN3 | 2335 |

TITLE OF INVENTION: MULTIPLE EXON SKIPPING COMPOSITIONS FOR DMD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 08/08/2016 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MCDONALD, JENNIFER SUE PITRAK | 1674 | 536-023100 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)


Please check the appropriate assignee category or categories (will not be printed on the patent) :  ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

**4a. The following fee(s) are submitted:**

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

SRPT-VYDS-0003221



U̲NITED S̲TATES P̲ATENT AND T̲RADEMARK O̲FFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,569 | 09/17/2015 | Peter Sazani | AVN-009DVCN3 | 2335 |

123147    7590    05/06/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 05/06/2016

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003222

### OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

### Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

SRPT-VYDS-0003223

| *Examiner-Initiated Interview Summary* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 14/857,569 | SAZANI ET AL. | |
| | Examiner | Art Unit | |
| | JENNIFER PITRAK MCDONALD | 1674 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _JENNIFER PITRAK MCDONALD_.                    (3) _____.

(2) _AMY MANDRAGOURAS_.                             (4) _____.

Date of Interview: _02 May 2016_.

Type:  ☒ Telephonic   ☐ Video Conference
       ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:  ☐ Yes   ☒ No.
   If Yes, brief description: _____.

Issues Discussed  ☐101  ☒112  ☐102  ☐103  ☒Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _66-73_.

Identification of prior art discussed: _2014/0343266_.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

_Functional limitations of the instant claims were discussed on 04/29/2016.  Obviousness-type double patenting was discussed on 05/02/2016_.

**Applicant recordation instructions**:  It is not necessary for applicant to provide a separate record of the substance of interview.

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /JENNIFER PITRAK MCDONALD/ Primary Examiner, Art Unit 1674 | |
|---|---|

SRPT-VYDS-0003224

| *Notice of Allowability* | Application No. 14/857,569 | Applicant(s) SAZANI ET AL. | |
|---|---|---|---|
| | Examiner JENNIFER PITRAK MCDONALD | Art Unit 1674 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *response filed 03/02/2016*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *66-73*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some   *c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

   Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
   **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☒ Interview Summary (PTO-413), Paper No./Mail Date *20160503* .

5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003225

Application/Control Number: 14/857,569                                                    Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent provisions.

## REASONS FOR ALLOWANCE

The following is an examiner's statement of reasons for allowance:

Applicant's argument regarding the data for Matsuo's AO129 presented on page 6 of the 02/18/2016 response was found persuasive.  The argument is,

> As seen in Figures 20 and 21 of Matsuo, at least A0114, A0115, A0118, A0119, AO120, A0122 and A0123 allegedly induce skipping of exon 55, as indicated by the presence of "band A", described in the Examples as indicating exon skipping (see paragraph [1027]). In contrast, A0129 does not appear to induce exon 55 skipping since "band A" is not present in Figure 21.

The Terminal Disclaimer over copending application number 14/857590, filed and approved on 05/02/2016, has obviated the obviousness-type double patenting rejection.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JENNIFER PITRAK MCDONALD whose telephone number is (571)270-3061.  The examiner can normally be reached on Monday-Friday, 8:30AM-5:00PM, EST.

Application/Control Number: 14/857,569                                                    Page 3
Art Unit: 1674

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Shaojia (Anna) Jiang can be reached on 571-272-0627.  The fax phone

number for the organization where this application or proceeding is assigned is 571-273-

8300.

     Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.  Status

information for unpublished applications is available through Private PAIR only.  For

more information about the PAIR system, see http://pair-direct.uspto.gov. Should you

have questions on access to the Private PAIR system, contact the Electronic Business

Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO

Customer Service Representative or access to the automated information system, call

800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003227

seal

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,569 | 09/17/2015 | Peter Sazani | AVN-009DVCN3 | 2335 |

123147          7590          11/19/2015

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/19/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

PTOL-90A (Rev. 04/07)

SRPT-VYDS-0003228

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 14/857,569 | SAZANI ET AL. |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | JENNIFER PITRAK MCDONALD | 1674 | No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>9/21/2015</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a)☐ This action is **FINAL**.     2b)☒ This action is non-final.
3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) <u>66-73</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6)☐ Claim(s) _____ is/are allowed.
7)☒ Claim(s) <u>66-73</u> is/are rejected.
8)☐ Claim(s) _____ is/are objected to.
9)☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.
11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a)☐ All   b)☐ Some**  c)☐ None of the:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____.

SRPT-VYDS-0003229

Application/Control Number: 14/857,569                                    Page 2
Art Unit: 1674

## DETAILED ACTION

### *Remarks*

The present application is being examined under the pre-AIA first to invent provisions.

The present application is a continuation (CON) of application 14/523610, which is a divisional

(DIV) of application 12/605276 (now U.S. Patent 8871918), which claims priority to provisional

application 61/108416, filed 10/24/2008.

Claims 66-73, filed on 09/21/2015, are currently pending and are under examination.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of 35 U.S.C. 112(b):
(b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing
out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the
invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
The specification shall conclude with one or more claims particularly pointing out and distinctly
claiming the subject matter which the applicant regards as his invention.

Claims 66-73 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second

paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject

matter which the inventor or a joint inventor, or for pre-AIA the applicant regards as the

invention.

Each of claims 66-69 recite the phrase, "thymine bases are uracil bases". This phrase

renders the claims indefinite because a thymine base cannot be a uracil base.

### *Claim Rejections - 35 USC § 103*

SRPT-VYDS-0003230

Application/Control Number: 14/857,569                                                    Page 3
Art Unit: 1674

The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

**Matsuo, et al., Wilton, et al., Venter, et al., and Baracchini, et al.**

Claims 66-73 are rejected under 35 U.S.C. 103(a) as being unpatentable over Matsuo, et

al. (US 2007/0082861)(cited on Applicant's IDS), Wilton, et al. (WO 2006/000057, cited on

Applicant's IDS), Venter, et al. (US 2007/0037165, cited on Applicant's IDS), and Baracchini, et

al. (US Patent 5801154, cited on Applicant's IDS).

The claims are directed to modified antisense oligonucleotides comprising 24 consecutive

nucleotides that are 100% complementary to exon 55 of the human dystrophin pre-mRNA,

wherein the base sequence comprises 20 consecutive bases of SEQ ID NO:527 and having

modifications including 5-methylcytosine, 2'-O-methyl sugar modification, and/or hypoxanthine

bases, wherein the oligonucleotide is useful for producing exon skipping of exon 55 in

processing of human dystrophin mRNA.

Matsuo, et al. and Wilton, et al. teach antisense oligonucleotides for producing exon

skipping in processing of human dystrophin mRNA.  Matsuo, et al. teach an antisense

oligonucleotide targeting dystrophin (p.96, paragraphs 799-801, AO129; SEQ ID NO:55).  This

antisense oligonucleotide comprises 18 of 25 nucleotides of the instantly claimed antisense

oligonucleotide having SEQ ID NO:527 as shown (shared nucleotides are underlined).

```
Matsuo, et al.      5'-CTATGAGTTTCTTCCAAA-3'
SEQ ID NO: 527      5'-TCTATGAGTTTCTTCCAAAGCAGCC-3'
```

Application/Control Number: 14/857,569                                    Page 4
Art Unit: 1674

Wilton, et al. teach antisense oligonucleotides for producing exon skipping in processing

of human dystrophin mRNA.  Wilton, et al. teach that the antisense oligonucleotides may

preferably be between 17-30 nucleotides in length (p.24, second paragraph) and that the

antisense oligonucleotides may be morpholino antisense oligonucleotides (see description for

Table 1A spanning pages 16 and 17).  Wilton, et al. exemplify antisense oligonucleotides that are

25 nucleotides in length (table starting at page 10).  Wilton, et al. teach antisense molecules

comprising modifications including 2'-O-methyl groups, uracil bases, and 5-methylcytosine

bases.

Venter, et al. teach the human dystrophin (DMD) sequence.  See SEQ ID NO:14546, for

example.  Matsuo's antisense oligonucleotide and the instantly claimed SEQ ID NO:527

correspond to the DMD sequence as shown.

```
Venter, et al.   (307019)3'-AGATACTCAAAGAAGGTTTCGTCG-5'(306995)
                             |||||||||||||||||||
Matsuo, et al.           5'-CTATGAGTTTCTTCCAAA-3'
SEQ ID NO:527            5'-TCTATGAGTTTCTTCCAAAGCAGCC-3'
```

Baracchini teaches that antisense oligonucleotides typically comprise nucleobase

modifications or substitutions, such as hypoxanthine, inosine, and 5-me-C.

It would have been obvious to one of skill in the art at the time the instant invention was

made to make an antisense oligonucleotide targeting exon 55 of the human dystrophin gene

because Matsuo, et al. and Wilton, et al. teach such oligonucleotides.  It would have been

obvious to make the antisense oligonucleotide having the sequence 5'-CTATGAGTTTCTT

CCAAA-3' for exon skipping, because Matsuo, et al. teach such an oligonucleotide. It further

would have been obvious to extend the oligonucleotide in either the 5'- or 3'-direction to

incorporate up to 30 nucleotides because Wilton, et al. suggest that the antisense

Application/Control Number: 14/857,569                                      Page 5
Art Unit: 1674

oligonucleotides comprise up to 30 nucleotides.  Extension of Matsuo's antisense

oligonucleotide as suggested by Wilton would yield an antisense oligonucleotide comprising 24

consecutive nucleotides of the instantly claimed SEQ ID NO:527.  It further would have been

obvious to make the oligonucleotide with modifications such as 2'-O-methyl groups and 5-

methylcytosine and hypoxanthine because such modifications were well-known and used by

those of skill in the antisense oligonucleotide art.  Therefore, the instant claims 66-73 would

have been *prima facie* obvious to one of skill in the art at the time of the instant invention.


### *Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created doctrine

grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or

improper timewise extension of the "right to exclude" granted by a patent and to prevent possible

harassment by multiple assignees. A nonstatutory double patenting rejection is appropriate where

the claims at issue are not identical, but at least one examined application claim is not patentably

distinct from the reference claim(s) because the examined application claim is either anticipated

by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d

1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.

Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686

F.2d 937, 214 USPQ 761 (CCPA 1982); In re Vogel, 422 F.2d 438, 164 USPQ 619 (CCPA

1970); and *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may

be used to overcome an actual or provisional rejection based on a nonstatutory double patenting

SRPT-VYDS-0003233

Application/Control Number: 14/857,569                                              Page 6
Art Unit: 1674

ground provided the reference application or patent either is shown to be commonly owned with

this application, or claims an invention made as a result of activities undertaken within the scope

of a joint research agreement. See MPEP § 717.02 for applications subject to examination under

the first inventor to file provisions of the AIA as explained in MPEP § 2159.  See MPEP §§

706.02(l)(1) - 706.02(l)(3) for applications not subject to examination under the first inventor to

file provisions of the AIA. A terminal disclaimer must be signed in compliance with 37 CFR

1.321(b).

    The USPTO Internet website contains terminal disclaimer forms which may be used.

Please visit www.uspto.gov/forms/. The filing date of the application in which the form is filed

determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be

used. A web-based eTerminal Disclaimer may be filled out completely online using web-screens.

An eTerminal Disclaimer that meets all requirements is auto-processed and approved

immediately upon submission. For more information about eTerminal Disclaimers, refer to

http://www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.


**14/857590**

    Claims 66-73 are rejected on the ground of nonstatutory double patenting as being

unpatentable over claims 66-69 of U.S. Patent No. 14/857590 in view of Wilton, et al. (WO

2006/000057, cited on Applicant's IDS) and Baracchini, et al. (US Patent 5801154, cited on

Applicant's IDS).   This is a provisional nonstatutory double patenting rejection.

    The claims of 14/857590 are directed to morpholino antisense oligonucleotides

comprising the instantly claimed SEQ ID NO:527 for DMD exon skipping.  ).  Wilton, et al.

Application/Control Number: 14/857,569                                    Page 7
Art Unit: 1674

teach antisense molecules comprising modifications including 2'-O-methyl groups, uracil bases,

and 5-methylcytosine bases.  Baracchini teaches that antisense oligonucleotides typically

comprise nucleobase modifications or substitutions, such as hypoxanthine, inosine, and 5-me-C.

The instant claims 66-73 would have been obvious to one of ordinary skill in the art

because the 11/857590 claims teach the instantly claimed sequence and the prior art suggests

oligonucleotides modified as instantly claimed as useful for the same purpose as morpholino

oligonucleotides.


### Conclusion

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to JENNIFER PITRAK MCDONALD whose telephone number is
(571)270-3061.  The examiner can normally be reached on Monday-Friday, 8:30AM-5:00PM,
EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Mark Shibuya can be reached on 571-272-0806.  The fax phone number for the
organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system.  Status information for published applications
may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished
applications is available through Private PAIR only.  For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

123147        7590        05/16/2016

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
| --- |
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 1674 | |

DATE MAILED: 05/16/2016

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 14/857,590 | 09/17/2015 | Peter Sazani | AVN-009DVCN4 | 9846 |

TITLE OF INVENTION: MULTIPLE EXON SKIPPING COMPOSITIONS FOR DMD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 08/16/2016 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u>** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003236

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or <u>Fax</u>   (571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

| | |
|---|---|
| 123147        7590        05/16/2016 | |

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

| |
|---|
| _____ (Depositor's name) |
| _____ (Signature) |
| _____ (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,590 | 09/17/2015 | Peter Sazani | AVN-009DVCN4 | 9846 |

TITLE OF INVENTION: MULTIPLE EXON SKIPPING COMPOSITIONS FOR DMD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 08/16/2016 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MCDONALD, JENNIFER SUE PITRAK | 1674 | 536-023100 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
☐ Applicant certifying micro entity status. See 37 CFR 1.29
☐ Applicant asserting small entity status. See 37 CFR 1.27
☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____        Date _____

Typed or printed name _____        Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

SRPT-VYDS-0003237



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,590 | 09/17/2015 | Peter Sazani | AVN-009DVCN4 | 9846 |

123147        7590        05/16/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 05/16/2016

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003238

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

SRPT-VYDS-0003239

|  | Application No. | Applicant(s) |
|---|---|---|
| ***Examiner-Initiated Interview Summary*** | 14/857,590 | SAZANI ET AL. |
|  | Examiner | Art Unit |  |
|  | JENNIFER PITRAK MCDONALD | 1674 |  |

All participants (applicant, applicant's representative, PTO personnel):

(1) *JENNIFER PITRAK MCDONALD*.                (3) _____.

(2) *AMY MANDRAGOURAS*.                        (4) _____.

Date of Interview: _02 May 2016_.

Type:   ☒ Telephonic   ☐ Video Conference
        ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.
    If Yes, brief description: _____.

Issues Discussed   ☐101  ☒112  ☐102  ☐103  ☐Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _66-69_.

Identification of prior art discussed: _2015/0045413_.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

*Functional limitations of the instant claims were discussed on 04/29/2016.  Obviousness-type double patenting was discussed on 05/02/2016.*

**Applicant recordation instructions**:  It is not necessary for applicant to provide a separate record of the substance of interview.

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☐ Attachment

| /JENNIFER PITRAK MCDONALD/<br>Primary Examiner, Art Unit 1674 |  |
|---|---|

| *Notice of Allowability* | Application No. 14/857,590 | Applicant(s) SAZANI ET AL. | |
|---|---|---|---|
| | Examiner JENNIFER PITRAK MCDONALD | Art Unit 1674 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *response filed 02/18/2016*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *66-69*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some   *c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☐ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☒ Interview Summary (PTO-413), Paper No./Mail Date *20160503* .

5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003241

Application/Control Number: 14/857,590                                          Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent provisions.

## REASONS FOR ALLOWANCE

The following is an examiner's statement of reasons for allowance:

Applicant's argument regarding the data for Matsuo's AO129 presented in the sentence spanning pages 11 and 12 of the 02/18/2016 response was found persuasive.  Therefore, the rejection of claims 66-69 under 35 USC § 103 is withdrawn.

The Terminal Disclaimer over copending application number 14/857569, filed and approved on 05/02/2016, has obviated the obviousness-type double patenting rejection.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JENNIFER PITRAK MCDONALD whose telephone number is (571)270-3061.  The examiner can normally be reached on Monday-Friday, 8:30AM-5:00PM, EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Shaojia (Anna) Jiang can be reached on 571-272-0627.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

SRPT-VYDS-0003242

Application/Control Number: 14/857,590                                          Page 3
Art Unit: 1674

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003243

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/857,590 | 09/17/2015 | Peter Sazani | AVN-009DVCN4 | 9846 |

123147        7590        11/19/2015

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/19/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

SRPT-VYDS-0003244

| ***Office Action Summary*** | Application No. 14/857,590 | Applicant(s) SAZANI ET AL. |
|---|---|---|
| | Examiner JENNIFER PITRAK MCDONALD | Art Unit 1674 | AIA (First Inventor to File) Status No |

| *-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --* |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>9/21/2015</u>.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) <u>66-69</u> is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>66-69</u> is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a)☐ All  b)☐ Some**  c)☐ None of the:
        1.☐ Certified copies of the priority documents have been received.
        2.☐ Certified copies of the priority documents have been received in Application No. _____.
        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4)☐ Other: _____.

SRPT-VYDS-0003245

Application/Control Number: 14/857,590                                          Page 2
Art Unit: 1674

## DETAILED ACTION

### *Remarks*

The present application is being examined under the pre-AIA first to invent provisions.

The present application is a continuation (CON) of application 14/523610, which is a divisional

(DIV) of application 12/605276 (now U.S. Patent 8871918), which claims priority to provisional

application 61/108416, filed 10/24/2008.

Claims 66-69, filed on 09/21/2015, are currently pending and are under examination.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

### **Matsuo, et al., Wilton, et al., and Venter, et al.**

Claims 66-69 are rejected under 35 U.S.C. 103(a) as being unpatentable over Matsuo, et

al. (US 2007/0082861)(cited on Applicant's IDS), Wilton, et al. (WO 2006/000057, cited on

Applicant's IDS), and Venter, et al. (US 2007/0037165, cited on Applicant's IDS).

The claims are directed to a morpholino antisense oligonucleotide comprising 20 or 21

consecutive nucleotides that are 100% complementary to exon 55 of the human dystrophin pre-

mRNA, wherein the base sequence comprises 19 consecutive bases of SEQ ID NO:527.

Matsuo, et al. and Wilton, et al. teach antisense oligonucleotides for producing exon

Application/Control Number: 14/857,590                                      Page 3

Art Unit: 1674

skipping in processing of human dystrophin mRNA. Matsuo, et al. teach an antisense

oligonucleotide targeting dystrophin (p.96, paragraphs 799-801, AO129; SEQ ID NO:55). This

antisense oligonucleotide comprises 18 of 25 nucleotides of the instantly claimed antisense

oligonucleotide having SEQ ID NO:527 as shown (shared nucleotides are underlined).

```
Matsuo, et al.      5'-CTATGAGTTTCTTCCAAA-3'
SEQ ID NO: 527      5'-TCTATGAGTTTCTTCCAAAGCAGCC-3'
```

Wilton, et al. teach antisense oligonucleotides for producing exon skipping in processing

of human dystrophin mRNA. Wilton, et al. teach that the antisense oligonucleotides may

preferably be between 17-30 nucleotides in length (p.24, second paragraph) and that the

antisense oligonucleotides may be morpholino antisense oligonucleotides (see description for

Table 1A spanning pages 16 and 17). Wilton, et al. exemplify antisense oligonucleotides that are

25 nucleotides in length (table starting at page 10).

Venter, et al. teach the human dystrophin (DMD) sequence. See SEQ ID NO:14546, for

example. Matsuo's antisense oligonucleotide and the instantly claimed SEQ ID NO:527

correspond to the DMD sequence as shown.

```
Venter, et al.   (307019)3'-AGATACTCAAAGAAGGTTTCGTCG-5'(306995)
                          ||||||||||||||||||
Matsuo, et al.           5'-CTATGAGTTTCTTCCAAA-3'
SEQ ID NO:527            5'-TCTATGAGTTTCTTCCAAAGCAGCC-3'
```

It would have been obvious to one of skill in the art at the time the instant invention was

made to make an antisense oligonucleotide targeting exon 55 of the human dystrophin gene

because Matsuo, et al. and Wilton, et al. teach such oligonucleotides. It would have been

obvious to make the antisense oligonucleotide having the sequence 5'-CTATGAGTTTCTT

CCAAA-3' for exon skipping, because Matsuo, et al. teach such an oligonucleotide. It further

SRPT-VYDS-0003247

Application/Control Number: 14/857,590                                        Page 4
Art Unit: 1674

would have been obvious to extend the oligonucleotide in either the 5'- or 3'-direction to

incorporate up to 30 nucleotides because Wilton, et al. suggest that the antisense

oligonucleotides comprise up to 30 nucleotides.  Extension of Matsuo's antisense

oligonucleotide as suggested by Wilton would yield an antisense oligonucleotide comprising 20

or 21 consecutive nucleotides of the instantly claimed SEQ ID NO:527.  Therefore, the instant

claims 66-69 are deemed *prima facie* obvious.


### Double Patenting

The nonstatutory double patenting rejection is based on a judicially created doctrine

grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or

improper timewise extension of the "right to exclude" granted by a patent and to prevent possible

harassment by multiple assignees. A nonstatutory double patenting rejection is appropriate where

the claims at issue are not identical, but at least one examined application claim is not patentably

distinct from the reference claim(s) because the examined application claim is either anticipated

by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d

1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.

Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686

F.2d 937, 214 USPQ 761 (CCPA 1982); In re Vogel, 422 F.2d 438, 164 USPQ 619 (CCPA

1970); and *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may

be used to overcome an actual or provisional rejection based on a nonstatutory double patenting

ground provided the reference application or patent either is shown to be commonly owned with

SRPT-VYDS-0003248

Application/Control Number: 14/857,590                                    Page 5
Art Unit: 1674

this application, or claims an invention made as a result of activities undertaken within the scope

of a joint research agreement. See MPEP § 717.02 for applications subject to examination under

the first inventor to file provisions of the AIA as explained in MPEP § 2159. See MPEP §§

706.02(l)(1) - 706.02(l)(3) for applications not subject to examination under the first inventor to

file provisions of the AIA. A terminal disclaimer must be signed in compliance with 37 CFR

1.321(b).

    The USPTO Internet website contains terminal disclaimer forms which may be used.

Please visit www.uspto.gov/forms/. The filing date of the application in which the form is filed

determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be

used. A web-based eTerminal Disclaimer may be filled out completely online using web-screens.

An eTerminal Disclaimer that meets all requirements is auto-processed and approved

immediately upon submission. For more information about eTerminal Disclaimers, refer to

http://www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.


### 14/857569

    Claims 66-69 are rejected on the ground of nonstatutory double patenting as being

unpatentable over claims 66-73 of U.S. Patent No. 14/857569 in view of Wilton, et al. (WO

2006/000057, cited on Applicant's IDS. This is a provisional nonstatutory double patenting

rejection.

    The claims of 14/857569 are directed to a modified antisense oligonucleotide comprising

the instantly claimed SEQ ID NO:527 for DMD exon skipping. Wilton teaches that antisense

oligonucleotides for DMD exon skipping may be made as morpholino oligonucleotides for

SRPT-VYDS-0003249

Application/Control Number: 14/857,590                                   Page 6
Art Unit: 1674

increased stability. The instant claims 66-69 would have been obvious to one of ordinary skill in

the art because the 11/857569 claims teach the instantly claimed sequence and the prior art

suggests morpholino oligonucleotides as a modified version of antisense oligonucleotides useful

for exon-skipping.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to JENNIFER PITRAK MCDONALD whose telephone number is
(571)270-3061. The examiner can normally be reached on Monday-Friday, 8:30AM-5:00PM,
EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Mark Shibuya can be reached on 571-272-0806. The fax phone number for the
organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent
Application Information Retrieval (PAIR) system. Status information for published applications
may be obtained from either Private PAIR or Public PAIR. Status information for unpublished
applications is available through Private PAIR only. For more information about the PAIR
system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR
system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would
like assistance from a USPTO Customer Service Representative or access to the automated
information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/858,250 | 09/18/2015 | Stephen Donald Wilton | AVN-008CN33 | 2973 |

123147        7590        11/06/2015
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 11/06/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

SRPT-VYDS-0003251

| *Office Action Summary* | Application No. 14/858,250 | Applicant(s) WILTON ET AL. |
|---|---|---|
| | Examiner KIMBERLY CHONG | Art Unit 1674 | AIA (First Inventor to File) Status No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on _09/24/2015_.
   ☐ A declaration/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☒ Claim(s) _1_ is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) _1_ is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a) ☐ All  b) ☐ Some**  c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _10/15/15,09/22/15,09/23/15_.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

4) ☐ Other: _____.

SRPT-VYDS-0003252

Application/Control Number: 14/858,250                                    Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent

provisions.

## DETAILED ACTION

### Status of the Application

Claims 21 and 22 are pending and currently under examination.


### Information Disclosure Statement

The submission of the Information Disclosure Statements on 09/22/2015,

09/23/2015 and 10/15/2015 is in compliance with 37 CFR 19.7.  The information

disclosure statements have been considered by the examiner and signed copies have

been placed in the file.

The information disclosure statement filed 09/22/2015 fails to comply with the

provisions of 37 CFR 1.97, 1.98 and MPEP § 609.  Some of the references do not recite

the required date and have been lined through and not considered.  The remainder of

the documents cited on the IDS has been considered by the examiner and signed

copies have been placed in the file.  Applicant is advised that the date of any re-

submission of any item of information contained in this information disclosure statement

or the submission of any missing element(s) will be the date of submission for purposes

of determining compliance with the requirements based on the time of filing the

statement, including all certification requirements for statements under 37 CFR 1.97(e).

See MPEP § 609.05(a).

SRPT-VYDS-0003253

Application/Control Number: 14/858,250                                      Page 3

Art Unit: 1674

### Double Patenting

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees.  See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application.  See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).


Claims 21 and 22 are rejected under the judicially created doctrine of

obviousness-type double patenting as being unpatentable over claims 1-36 of U.S.

Patent No. 8,455,636.  Baker et al. (US Application 20050048495) teach antisense

oligonucleotide molecules comprising conjugates such as polyethylene glycol

chemically linked to the antisense oligonucleotide enhance the activity, cellular

distribution and cellular uptake of the oligonucleotides (see 0094).

Hudziak et al. (US 20030166588) teach the use of morpholino antisense

oligonucleotides to correct natural mRNA splice processing in methods of treating or

preventing a disease state wherein the oligonucleotide contains a polyethylene glycol

chain to enhance the solubility of the compound (see 0154).  Hudziak et al. describes

morpholino oligomers as oligonucleotides composed of morpholino subunits that lack a

ribose backbone linked to a phosphodiester bond (see 0031).  One of ordinary skill in

the art would have chemically linked a polyethylene glycol chain to the morpholino

SRPT-VYDS-0003254

Application/Control Number: 14/858,250

Art Unit: 1674

Page 4

oligonucleotide to enhance the delivery and solubility of the oligonucleotide for use in methods of treatment as demonstrated by Hudziak et al.

Although the conflicting claims are not identical, they are not patentably distinct from each other because the instant claims and the claims of the patent are drawn to patently indistinguishable subject matter.


Claims 21 and 22 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-25 of U.S. Patent No. 8,232,384. Baker et al. (US Application 20050048495) teach antisense oligonucleotide molecules comprising conjugates such as polyethylene glycol chemically linked to the antisense oligonucleotide enhance the activity, cellular distribution and cellular uptake of the oligonucleotides (see 0094).

Hudziak et al. (US 20030166588) teach the use of morpholino antisense oligonucleotides to correct natural mRNA splice processing in methods of treating or preventing a disease state wherein the oligonucleotide contains a polyethylene glycol chain to enhance the solubility of the compound (see 0154). Hudziak et al. describes morpholino oligomers as oligonucleotides composed of morpholino subunits that lack a ribose backbone linked to a phosphodiester bond (see 0031). One of ordinary skill in the art would have chemically linked a polyethylene glycol chain to the morpholino oligonucleotide to enhance the delivery and solubility of the oligonucleotide for use in methods of treatment as demonstrated by Hudziak et al. and Baker et al.

SRPT-VYDS-0003255

Application/Control Number: 14/858,250                                    Page 5
Art Unit: 1674

Although the conflicting claims are not identical, they are not patentably distinct from each other because the instant claims and the claims of the patent are drawn to patently indistinguishable subject matter.

Claims 21 and 22 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-2 of U.S. Patent No. 9,035,040.  Baker et al. (US Application 20050048495) teach antisense oligonucleotide molecules comprising conjugates such as polyethylene glycol chemically linked to the antisense oligonucleotide enhance the activity, cellular distribution and cellular uptake of the oligonucleotides (see 0094).

Hudziak et al. (US 20030166588)  teach the use of morpholino antisense oligonucleotides to correct natural mRNA splice processing in methods of treating or preventing a disease state wherein the oligonucleotide contains a polyethylene glycol chain to enhance the solubility of the compound (see 0154).  Hudziak et al. describes morpholino oligomers as oligonucleotides composed of morpholino subunits that lack a ribose backbone linked to a phosphodiester bond (see 0031).  One of ordinary skill in the art would have chemically linked a polyethylene glycol chain to the morpholino oligonucleotide to enhance the delivery and solubility of the oligonucleotide for use in methods of treatment as demonstrated by Hudziak et al. and Baker et al. Although the conflicting claims are not identical, they are not patentably distinct from each other because the instant claims and the claims of the patent are drawn to patently indistinguishable subject matter

Application/Control Number: 14/858,250                                                    Page 6

Art Unit: 1674

Claims 21 and 22 are rejected under the judicially created doctrine of

obviousness-type double patenting as being unpatentable over claims 1-25of U.S.

Patent No. 9,024,007.  Although the conflicting claims are not identical, they are not

patentably distinct from each other because the instant claims and the claims of the

patent are drawn to patently indistinguishable subject matter

### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Kimberly Chong** whose telephone number is **571-272-**

**3111**.  The examiner can normally be reached Monday thru Friday between 9-5 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact

the SPE for 1674 Mark Shibuya at 571-272-0806. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that
can be viewed in the Patent Application Information Retrieval system (PAIR) can now
contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance.
Representatives are available to answer your questions daily from 6 am to midnight
(EST). The toll free number is (866) 217-9197. When calling please have your
application serial or patent number, the type of document you are having an image
problem with, the number of pages and the specific nature of the problem.  The Patent
Electronic Business Center will notify applicants of the resolution of the problem within
5-7 business days. Applicants can also check PAIR to confirm that the problem has
been corrected.  The USPTO's Patent Electronic Business Center is a complete service

SRPT-VYDS-0003257

Application/Control Number: 14/858,250                                    Page 7
Art Unit: 1674

center supporting all patent business on the Internet. The USPTO's PAIR system
provides Internet-based access to patent application status and history information. It
also enables applicants to view the scanned images of their own application file
folder(s) as well as general patent information available to the public. For more
information about the PAIR system, see http://pair-direct.uspto.gov.

      For all other customer support, please call the USPTO Call Center (UCC) at 800-
786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1674



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | | |
|---|---|---|---|
| 123147 | 7590 | 05/04/2016 | |

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 05/04/2016

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/858,416 | 09/18/2015 | Peter Sazani | AVN-009DVCN5 | 8431 |

TITLE OF INVENTION: MULTIPLE EXON SKIPPING COMPOSITIONS FOR DMD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 08/04/2016 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003259

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or <u>Fax</u>   (571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

| | | |
|---|---|---|
| 123147 | 7590 | 05/04/2016 |

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/858,416 | 09/18/2015 | Peter Sazani | AVN-009DVCN5 | 8431 |

TITLE OF INVENTION: MULTIPLE EXON SKIPPING COMPOSITIONS FOR DMD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 08/04/2016 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MCDONALD, JENNIFER SUE PITRAK | 1674 | 536-023100 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)


Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____   Date _____

Typed or printed name _____   Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

SRPT-VYDS-0003260



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/858,416 | 09/18/2015 | Peter Sazani | AVN-009DVCN5 | 8431 |

| | | |
|---|---|---|
| 123147 | 7590 | 05/04/2016 |

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 05/04/2016

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003261

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:
1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

SRPT-VYDS-0003262

| *Notice of Allowability* | Application No. 14/858,416 | Applicant(s) SAZANI ET AL. | |
|---|---|---|---|
| | Examiner JENNIFER PITRAK MCDONALD | Art Unit 1674 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *1/27/2016*.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *66-69*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

      a) ☐ All   b) ☐ Some   *c) ☐ None of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)           5. ☐ Examiner's Amendment/Comment

2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____      6. ☒ Examiner's Statement of Reasons for Allowance

3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material          7. ☐ Other _____.

4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

SRPT-VYDS-0003263

Application/Control Number: 14/858,416                                    Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent provisions.

## REASONS FOR ALLOWANCE

The following is an examiner's statement of reasons for allowance: Applicant's arguments in section iii of the 01/27/2016 response (i.e. pages 11-14) are persuasive.

Clams 66-69 are allowed.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JENNIFER PITRAK MCDONALD whose telephone number is (571)270-3061. The examiner can normally be reached on Monday-Friday, 8:30AM-5:00PM, EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Shaojia (Anna) Jiang can be reached on 571-272-0627. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003264

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/858,416 | 09/18/2015 | Peter Sazani | AVN-009DVCN5 | 8431 |

123147       7590       10/27/2015
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/27/2015 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

PTOL-90A (Rev. 04/07)

SRPT-VYDS-0003265

| *Office Action Summary* | Application No. 14/858,416 | Applicant(s) SAZANI ET AL. |
|---|---|---|
| | Examiner JENNIFER PITRAK MCDONALD | Art Unit 1674 | AIA (First Inventor to File) Status No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>9/22/2015</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) <u>66-69</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>66-69</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
  a) ☐ All    b) ☐ Some**  c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

SRPT-VYDS-0003266

Application/Control Number: 14/858,416                                      Page 2

Art Unit: 1674

# DETAILED ACTION

### *Remarks*

Claims 66-69 filed on 09/22/2015 are currently pending and are under examination.

The present application is being examined under the pre-AIA first to invent provisions.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

### **Matsuo, et al.; Arechavala-Gomeza, et al.; Summerton, et al.**

Claims 66-69 are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over

Matsuo, et al. (US 2007/0082861, cited by Applicant), Arechavala-Gomeza, et al. (2007, Human

Gene Therapy, v.18:798-810), and Summerton, et al. (1997, Antisense & Nucleic Acid Drug

Development, v.7:187-95, cited by Applicant).

The instant claims are directed to phosphodiamidate morpholino oligonucleotides (PMO)

and pharmaceutical compositions thereof comprising at least 17 consecutive nucleotides of SEQ

ID NO:8.  The PMOs are claimed as inducing exon 44 skipping of the human dystrophin pre-

mRNA.

Matsuo teaches an antisense oligonucleotide (AON) useful for Exon 44 skipping of the

dystrophin gene comprising SEQ ID NO:30.  SEQ ID NO:30 of Matsuo is 18 nucleotides in

SRPT-VYDS-0003267

Application/Control Number: 14/858,416                                           Page 3
Art Unit: 1674

length and is identical to nucleotides 6-23 of the instantly claimed SEQ ID NO:8 as shown

```
SEQ ID NO:30 (Matsuo)          5'-GAAAACGCCGCCATUUCT-3'
SEQ ID NO:8 (CLAIMED)     5'-ATAATGAAAACGCCGCCATTTCTCA
```

Arechavala-Gomeza teaches testing of AONs targeting the dystrophin gene for exon

skipping.  Arechavala-Gomeza teaches that after the most functional AONs were identified, they

were further tested *in vivo* in the form of PMOs.  See at least p.799, which reads, in part

(emphasis added):

> **The majority of the AO work undertaken on cultured cells has been performed with 2-OMe AOs, as this chemistry is readily available and, more importantly, allows efficient cell transfection as a cationic lipoplex preparation (Summerton and Weller, 1997; Fletcher et al., 2006). Although <u>PMOs appear to be more efficient after direct administration to tissues in the mdx mouse than the equivalent 2-OMe AO (Fletcher et al., 2006)</u>, their poor uptake in vitro limits the approaches that can be used to refine AO design.**
>
> In this study, we have compared, in a blinded fashion, eight different sequences targeting dystrophin exon 51**. The two most efficient sequences were finally compared in their PMO version.** Dose–response experiments were used to evaluate the lowest concentration capable of inducing skipping and time course experiments were performed to study the persistence of the exon skipping after transfection. All preliminary experiments were undertaken in normal human skeletal muscle cells (hSkMCs) because these cells are more readily available than patient-derived cell lines. All the key experiments were repeated on the cells of DMD patients with different but relevant deletions. As a proof of principle, the AOs were also tested on muscle explants from DMD patients to study their effect in an ex vivo structure, as such explants have been described as a putative model in which to test gene therapy models (Fletcher et al., 2006; McClorey et al., 2006a). **These experiments were complemented by the intramuscular administration of PMO versions of the two most promising sequences into the gastrocnemius muscle of a mouse model transgenic for the entire human dystrophin locus (Bremmer-Bout et al., 2004). All these approaches suggested that one of the AOs (AO B30, 6695) more robustly induced exon skipping, and this sequence has now been chosen for the phase I/IIa trial which is underway in the United Kingdom.**

Summerton teaches the structure and synthesis of PMOs and teaches PMOs as an

improved technology over other antisense oligonucleotides.  See full document, especially

figures 1, 2, and 4.  Summerton's PMO example is a 22-mer (see p.190).

It would have been *prima facie* obvious to one of ordinary skill in the art at the time the

instant invention was made to make an AON targeting and 100% complementary to exon 44 of

the dystrophin gene and comprising 18 consecutive nucleotides of the instantly claimed SEQ ID

SRPT-VYDS-0003268

Application/Control Number: 14/858,416                                      Page 4
Art Unit: 1674

NO:8 because Matsuo teaches and claims such an AON. It would have been obvious to make

the AON a PMO because both Arechavala-Gomeza and Summerton teach PMOs as an

improvement over AONs. It would have been obvious to make the PMO 20 or 21 nucleotides in

length and 100% complementary to exon 44 of the human dystrophin pre-mRNA such an

oligonucleotide is an obvious length variation of the oligonucleotide taught by Matsuo.

Antisense oligonucleotides range in length, as evidenced by teachings of various AON lengths in

Matsuo and by Summerton's 22-mer. Therefore, the instant claims would have been *prima facie*

obvious at the time of the instant invention.


### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JENNIFER PITRAK MCDONALD whose telephone number is (571)270-3061. The examiner can normally be reached on Monday-Friday, 8:30AM-5:00PM, EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Mark Shibuya can be reached on 571-272-0806. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003269

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/942,629 | 11/16/2015 | Richard K. Bestwick | AVN-013ACN | 4338 |

123147        7590        08/16/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| SHIN, DANA H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/16/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

PTOL-90A (Rev. 04/07)

SRPT-VYDS-0003270

| *Office Action Summary* | Application No. 14/942,629 | Applicant(s) BESTWICK ET AL. |
|---|---|---|
| | Examiner DANA SHIN | Art Unit 1674 | AIA (First Inventor to File) Status No |

*Note: the table above spans — Examiner/Art Unit/AIA Status appear as separate columns below the Application No./Applicant row.*

| | | |
|---|---|---|
| Examiner DANA SHIN | Art Unit 1674 | AIA (First Inventor to File) Status No |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>2</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>6-30-2016</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL**.    2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☒ Claim(s) <u>1-3,15,17-20,32,34,38,39,43 and 44</u> is/are pending in the application.
  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☐ Claim(s) _____ is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☒ Claim(s) <u>1-3,15,17-20,32,34,38,39,43 and 44</u> are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a)☐ All  b)☐ Some**  c)☐ None of the:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

SRPT-VYDS-0003271

Application/Control Number: 14/942,629                                                Page 2

Art Unit: 1674

# DETAILED ACTION

### *Election/Restrictions*

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I. Claims 1-3, 15, 17-20, 32, 34, 38, and 43, drawn to an antisense oligonucleotide, classified in C12N 15/11, for example.

II. Claims 39 and 44, drawn to a method of treating DMD, classified in C12N 15/113, for example.

The inventions are distinct, each from the other because of the following reasons:

Inventions I and II are related as product and process of use. The inventions can be shown to be distinct if either or both of the following can be shown: (1) the process for using the product as claimed can be practiced with another materially different product or (2) the product as claimed can be used in a materially different process of using that product. See MPEP § 806.05(h). In the instant case the antisense oligonucleotide can be used as a molecular probe in an assay.

Restriction for examination purposes as indicated is proper because all the inventions listed in this action are independent or distinct for the reasons given above <u>and</u> there would be a serious search and/or examination burden if restriction were not required because one or more of the following reasons apply:

1) the inventions require a different field of search;

2) the prior art applicable to one invention would not likely to applicable to another invention;

Application/Control Number: 14/942,629                                    Page 3
Art Unit: 1674

      3) the inventions are likely to raise different non-prior art issues under 35 U.S.C. 112, first paragraph.

      **Applicant is advised that the reply to this requirement to be complete must include (i) an election of a invention to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected invention**.

      The election of an invention may be made with or without traverse. To reserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the restriction requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable upon the elected invention.

      Should applicant traverse on the ground that the inventions are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the inventions to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103 or pre-AIA 35 U.S.C. 103(a) of the other invention.

### *Election of Species*

      This application contains claims directed to the following patentably distinct species: SEQ ID NOs:1-7. The species are independent or distinct because they are materially different. In addition, these species are not obvious variants of each other based on the current record.

Application/Control Number: 14/942,629 Page 4
Art Unit: 1674

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species, or a single grouping of patentably indistinct species, for prosecution on the merits to which the claims shall be restricted if no generic claim is finally held to be allowable. Currently, claims 1 and 18 are generic.

There is a search and/or examination burden for the patentably distinct species as set forth above because at least the following reason(s) apply:

1) the species require a different field of search;

2) the prior art applicable to one species would not likely to applicable to another;

3) the species are likely to raise different non-prior art issues under 35 U.S.C. 112, first paragraph.

**Applicant is advised that the reply to this requirement to be complete must include (i) an election of a species to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected species or grouping of patentably indistinct species**, including any claims subsequently added. An argument that a claim is allowable or that all claims are generic is considered nonresponsive unless accompanied by an election.

The election may be made with or without traverse. To preserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the election of species requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable on the elected species or grouping of patentably indistinct species.

Application/Control Number: 14/942,629                                          Page 5
Art Unit: 1674

Should applicant traverse on the ground that the species, or groupings of patentably

indistinct species from which election is required, are not patentably distinct, applicant should

submit evidence or identify such evidence now of record showing them to be obvious variants or

clearly admit on the record that this is the case. In either instance, if the examiner finds one of

the species unpatentable over the prior art, the evidence or admission may be used in a rejection

under 35 U.S.C. 103 or pre-AIA 35 U.S.C. 103(a) of the other species.

Upon the allowance of a generic claim, applicant will be entitled to consideration of

claims to additional species which depend from or otherwise require all the limitations of an

allowable generic claim as provided by 37 CFR 1.141.


Applicant is reminded that upon the cancellation of claims to a non-elected invention, the

inventorship must be corrected in compliance with  37 CFR 1.48(a) if one or more of the

currently named inventors is no longer an inventor of at least one claim remaining in the

application. A request to correct inventorship under 37 CFR 1.48(a) must be accompanied by an

application data sheet in accordance with 37 CFR 1.76 that identifies each inventor by his or her

legal name and by the processing fee required under 37 CFR 1.17(i).


### *Notice of Rejoinder*

The examiner has required restriction between product or apparatus claims and process

claims. Where applicant elects claims directed to the product/apparatus, and all

product/apparatus claims are subsequently found allowable, withdrawn process claims that

include all the limitations of the allowable product/apparatus claims should be considered for

rejoinder. All claims directed to a nonelected process invention must include all the limitations

of an allowable product/apparatus claim for that process invention to be rejoined.

SRPT-VYDS-0003275

Application/Control Number: 14/942,629                                                          Page 6
Art Unit: 1674

   In the event of rejoinder, the requirement for restriction between the product/apparatus

claims and the rejoined process claims will be withdrawn, and the rejoined process claims will be

fully examined for patentability in accordance with 37 CFR 1.104. Thus, to be allowable, the

rejoined claims must meet all criteria for patentability including the requirements of 35 U.S.C.

101, 102, 103 and 112. Until all claims to the elected product/apparatus are found allowable, an

otherwise proper restriction requirement between product/apparatus claims and process claims

may be maintained. Withdrawn process claims that are not commensurate in scope with an

allowable product/apparatus claim will not be rejoined. See MPEP § 821.04. Additionally, in

order for rejoinder to occur, applicant is advised that the process claims should be amended

during prosecution to require the limitations of the product/apparatus claims. **Failure to do so

may result in no rejoinder.** Further, note that the prohibition against double patenting rejections

of 35 U.S.C. 121 does not apply where the restriction requirement is withdrawn by the examiner

before the patent issues. See MPEP § 804.01.


### *Conclusion*

   Any inquiry concerning this communication or earlier communications from the

examiner should be directed to DANA SHIN whose telephone number is (571)272-8008.  The

examiner can normally be reached on Monday through Thursday, 7am-5:30pm EST.

   If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Shaojia Anna Jiang can be reached on 571-272-0627.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

SRPT-VYDS-0003276

Application/Control Number: 14/942,629                                            Page 7
Art Unit: 1674

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Dana  Shin
Primary Examiner
Art Unit 1674

/DANA SHIN/
Primary Examiner, Art Unit 1674

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

123147          7590          04/27/2017
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| VIVLEMORE, TRACY ANN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 04/27/2017

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/944,886 | 11/18/2015 | Stephen Donald Wilton | AVN-015USCN2 | 9883 |

TITLE OF INVENTION: ANTISENSE MOLECULES AND METHODS FOR TREATING PATHOLOGIES

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 07/27/2017 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003278

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>    Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or** <u>Fax</u>    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

123147        7590        04/27/2017
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/944,886 | 11/18/2015 | Stephen Donald Wilton | AVN-015USCN2 | 9883 |

TITLE OF INVENTION: ANTISENSE MOLECULES AND METHODS FOR TREATING PATHOLOGIES

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 07/27/2017 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| VIVLEMORE, TRACY ANN | 1674 | 514-04400A |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ Applicant certifying micro entity status. See 37 CFR 1.29

☐ Applicant asserting small entity status. See 37 CFR 1.27

☐ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

SRPT-VYDS-0003279



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/944,886 | 11/18/2015 | Stephen Donald Wilton | AVN-015USCN2 | 9883 |

123147      7590      04/27/2017
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| VIVLEMORE, TRACY ANN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 04/27/2017

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003280

**OMB Clearance and PRA Burden Statement for PTOL-85 Part B**

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**Privacy Act Statement**

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

SRPT-VYDS-0003281

| *Notice of Allowability* | Application No. 14/944,886 | Applicant(s) WILTON ET AL. | |
|---|---|---|---|
| | Examiner Tracy Vivlemore | Art Unit 1674 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the reply filed 3/30/17*.

   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *4-29*. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

4. ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a) ☒ All   b) ☐ Some   *c) ☐ None of the:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☒ Certified copies of the priority documents have been received in Application No. *13/509,331* .

      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____.

   Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☐ Examiner's Amendment/Comment
6. ☐ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/Tracy Vivlemore/
Primary Examiner, Art Unit 1674

Notice of Allowability

Part of Paper No./Mail Date

SRPT-VYDS-0003282

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/944,886 | 11/18/2015 | Stephen Donald Wilton | AVN-015USCN2 | 9883 |

123147          7590          09/30/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| VIVLEMORE, TRACY ANN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/30/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

PTOL-90A (Rev. 04/07)

SRPT-VYDS-0003283

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 14/944,886 | WILTON ET AL. |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | Tracy Vivlemore | 1674 | No |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *3/2/16*.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) *4-17* is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) *4-17* is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All  b) ☐ Some**  c) ☐ None of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date *16 documents*.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

SRPT-VYDS-0003284

Application/Control Number: 14/944,886                                                    Page 2
Art Unit: 1674

## DETAILED ACTION

The present application is being examined under the pre-AIA first to invent

provisions.


### *Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created

doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

unjustified or improper timewise extension of the "right to exclude" granted by a patent

and to prevent possible harassment by multiple assignees. A nonstatutory double

patenting rejection is appropriate where the conflicting claims are not identical, but at

least one examined application claim is not patentably distinct from the reference

claim(s) because the examined application claim is either anticipated by, or would have

been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46

USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.

Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*,

686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619

(CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)

may be used to overcome an actual or provisional rejection based on nonstatutory

double patenting provided the reference application or patent either is shown to be

commonly owned with the examined application, or claims an invention made as a

result of activities undertaken within the scope of a joint research agreement. See

MPEP § 717.02 for applications subject to examination under the first inventor to file

Application/Control Number: 14/944,886                                    Page 3

Art Unit: 1674

provisions of the AIA as explained in MPEP § 2159.  See MPEP §§ 706.02(l)(1) -

706.02(l)(3) for applications not subject to examination under the first inventor to file

provisions of the AIA. A terminal disclaimer must be signed in compliance with 37 CFR

1.321(b).

The USPTO Internet website contains terminal disclaimer forms which may be

used. Please visit www.uspto.gov/patent/patents-forms. The filing date of the application

in which the form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26,

PTO/AIA/25, or PTO/AIA/26) should be used. **A web-based eTerminal Disclaimer**

**may be filled out completely online using web-screens. An eTerminal Disclaimer**

**that meets all requirements is auto-processed and approved immediately upon**

**submission. For more information about eTerminal Disclaimers, refer to**

**www.uspto.gov/patents/process/file/efs/guidance/eTD-info-l.jsp.**


Claims 4-17 rejected on the ground of nonstatutory double patenting as being

unpatentable over claims 1-4 of U.S. Patent No. 9,228,187. Although the claims at issue

are not identical, they are not patentably distinct from each other because the patent

claims are directed to antisense oligonucleotides that hybridize to specific regions of

exon 45 of the dystrophin gene that have the claimed function of inducing exon 45

skipping. The instant claims differ from the patent claims by being directed to methods

of treating patients with mutations amenable to exon 45 skipping. However, these

methods are an obvious variation of the patent claims because it would be obvious to

use the compounds of the patent for their explicitly claimed purpose, skipping of

dystrophin exon 45.

Application/Control Number: 14/944,886                                           Page 4
Art Unit: 1674

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Tracy Vivlemore whose telephone number is 571-272-2914.  The examiner can normally be reached on Mon-Fri 8:00-4:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Shaojia Anna Jiang, can be reached on 571-272-0627.  The central FAX Number is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Tracy Vivlemore
Primary Examiner
Art Unit 1674


/Tracy Vivlemore/
Primary Examiner, Art Unit 1674

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/274,719 | 09/23/2016 | Stephen Donald WILTON | AVN-008CN36 | 1074 |

123147      7590      12/16/2016
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/16/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

PTOL-90A (Rev. 04/07)

SRPT-VYDS-0003288

| *Office Action Summary* | Application No. 15/274,719 | Applicant(s) WILTON ET AL. | |
|---|---|---|---|
| | Examiner KIMBERLY CHONG | Art Unit 1674 | AIA (First Inventor to File) Status No |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --***

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *10/06/2016*.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ______.

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ______; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) *2 and 3* is/are pending in the application.
5a) Of the above claim(s) ______ is/are withdrawn from consideration.

6)☐ Claim(s) ______ is/are allowed.

7)☒ Claim(s) *2 and 3* is/are rejected.

8)☐ Claim(s) ______ is/are objected to.

9)☐ Claim(s) ______ are subject to restriction and/or election requirement.

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on *09/23/2016* is/are: a)☒ accepted or b)☐ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

**Certified copies:**

a)☐ All b)☐ Some** c)☐ None of the:

1.☐ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. ______.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date *9/26/16,9/27/16,11/2/16*.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date. ______ .

4) ☐ Other: ______.

Application/Control Number: 15/274,719                                    Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent

provisions.

# DETAILED ACTION

## *Status of the Application*

Claims 2 and 3 are pending and currently under examination.


## *Information Disclosure Statement*

The submission of the Information Disclosure Statement on 9/26/2016, 9/27/2016

and 11/02/2016 is in compliance with 37 CFR 1.97.  The information disclosure

statement has been considered by the examiner and signed copies have been placed in

the file.

## *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C.

102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section
122(b), by another filed in the United States before the invention by the applicant for patent or
(2) a patent granted on an application for patent by another filed in the United States before
the invention by the applicant for patent, except that an international application filed under
the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an
application filed in the United States only if the international application designated the United
States and was published under Article 21(2) of such treaty in the English language.


Claims 2 and 3 are rejected under pre-AIA 35 U.S.C. 102(e) as being anticipated

by van Ommen (US Application 20060147952 cited on IDS filed 09/26/2016) and

evidence by Koenig et al. (Nature 338, 509 - 511 06 April 1989).

SRPT-VYDS-0003290

Application/Control Number: 15/274,719                                      Page 3
Art Unit: 1674

The claims are drawn to an antisense oligonucleotide of 20-31 bases comprising a base sequence 100% complementary to consecutive bases of exon 53 of the human dystrophin pre-mRNA, wherein the antisense oligonucleotide base sequence comprises at least 17 consecutive bases of SEQ ID NO: 193, wherein uracil bases are thymine bases, wherein the antisense oligonucleotide is a morpholino antisense oligonucleotide and wherein the antisense induces exon 53 skipping.  The claims are further drawn to a pharmaceutical composition comprising said antisense oligonucleotide.

van Ommen teach an oligonucleotide having SEQ ID No. 29 that has 18 nucleotides in length identical to the claimed SEQ ID No. 193.  van Ommen teach the oligonucleotide can comprise modified nucleotides such as 2'-O-methyl, a morpholine ring, peptide nucleic acids and locked nucleic acids (see paragraph 0019).

van Ommen teach in [0018] oligonucleotides that are complementary to a consecutive part of between 16 and 50 nucleotides of an exon RNA and teach different types of nucleic acid molecules can be used to generate the oligonucleotide.

*[0020] The complementary oligonucleotide generated through a method of the invention is preferably complementary to a consecutive part of between 16 and 50 nucleotides of the exon RNA. Different types of nucleic acid may be used to generate the oligonucleotide.*

van Ommen teach in [0015 and 0016] the use of oligonucleotides to skip exons such as exon 53.  In paragraph [0019] it is taught that the oligonucleotide can have modifications such as morpholino phosphorodiamidate, peptide nucleic acid and locked nucleic acids, for example, and further teach the oligonucleotide comprises modified internucleoside linkages.

*[0019] With the advent of nucleic acid-mimicking technology, it has become possible to generate molecules that have a similar, preferably the same, hybridization characteristics, in*

SRPT-VYDS-0003291

Application/Control Number: 15/274,719                                                Page 4
Art Unit: 1674

*kind, not necessarily in amount, as nucleic acid itself. Such equivalents are, of course, also part of the invention. Examples of such mimics equivalents are peptide nucleic acid, locked nucleic acid and/or a morpholino phosphorodiamidate…Hybrids between one or more of the equivalents among each other and/or together with nucleic acid are, of course, also part of the invention. In a preferred embodiment, an equivalent comprises locked nucleic acid, as locked nucleic acid displays a higher target affinity and reduced toxicity and, therefore, shows a higher efficiency of exon skipping.*

van Ommen teach in [0018] that the oligonucleotide preferably comprises RNA, which would mean that the oligonucleotide is also DNA.  Thus while van Ommen teach a preferred embodiment of RNA oligonucleotides, DNA oligonucleotides are also taught and finds support on page 10 of the specification which discusses examples of DNA oligonucleotides known in the prior art e.g. oligonucleotides containing locked nucleic acids (DNA analogs).

MPEP 2123 states in part:

*A reference may be relied upon for all that it would have reasonably suggested to one having ordinary skill the art, including nonpreferred embodiments. Merck & Co. v. Biocraft Laboratories, 874 F.2d 804, 10 USPQ2d 1843 {Fed. Cir.}, cert. denied, 493 U.S. 975 {1989}. See also > Upsher-Smith Labs. v. Pamlab, LLC, 412 F.3d 1319, 1323, 75 USPQ2d 1213, 1215 {Fed. Cir. 2005}(reference disclosing optional inclusion of a particular component teaches compositions that both do and do not contain that component); < Celeritas Technologies Ltd. v. Rockwell International Corp., 150 F.3d 1354, 1361, 47 USPQ2d 1516, 1522-23 {Fed. Cir. 1998} {The court held that the prior art anticipated the claims even though it taught away from the claimed invention. "The fact that a modem with a single carrier data signal is shown to be less than optimal does not vitiate the fact that it is disclosed."}.{emphasis added}*

*Disclosed examples and preferred embodiments do not constitute a teaching away from a broader disclosure or nonpreferred embodiments. In re Susi, 440 F.2d 442, 169 USPQ 423 {CCPA 1971}. "A known or obvious composition does not become patentable simply because it has been described as somewhat inferior to some other product for the same use." In re Gurley, 27 F.3d 551, 554, 31 USPQ2d 1130, 1132 {Fed. Cir. 1994} {The invention was directed to an epoxy impregnated fiber-reinforced printed circuit material. The applied prior art reference taught a printed circuit material similar to that of the claims but impregnated with polyester-imide resin instead of epoxy. The reference, however, disclosed that epoxy was known for this use, but that epoxy impregnated circuit boards have "relatively acceptable dimensional stability" and "some degree of flexibility," but are inferior to circuit boards impregnated with polyester-imide*

Application/Control Number: 15/274,719                                      Page 5
Art Unit: 1674

*resins. The court upheld the rejection concluding that applicant's argument that the reference teaches away from using epoxy was insufficient to overcome the rejection since "Gurley asserted no discovery beyond what was known in the art." 27 F.3d at 554, 31 USPQ2d at 1132.). Furthermore, <u>"[t]he prior art's mere disclosure of more than one alternative does not constitute a teaching away from any of these alternatives because such disclosure does not criticize, discredit, or otherwise discourage the solution claimed….</u>" In re Fulton, 391 F.3d 1195, 1201, 73 USPQ2d 1141, 1146 {Fed. Cir. 2004}. {emphasis added}.*

van Ommen reasonably teach to one having ordinary skill in the art nonpreferred embodiments of DNA oligonucleotides that are complementary to a target sequence of exon 53.

With respect to the claimed antisense oligonucleotide optionally comprising thymine bases, Table 1A in the instant specification teach substitution of a U by a T would be using other antisense chemistries such as peptide nucleic acids or morpholinos "(TABLE-US-00001 [0051] TABLE 1A Description of 2'-O-methyl phosphorothioate antisense oligonucleotides that have been used to date to study induced exon skipping during the processing of the dystrophin pre-mRNA. Since these 2'-O-methyl antisense oligonucleo- tides are more RNA-like, U represents uracil. With other antisense chemistries such as pep- tide nucleic acids or morpholinos, these U bases may be shown as "T")".  Given van Ommen et al. teach that the oligonucleotide can comprise different types of nucleic acids (which would be DNA or RNA) and teach modifications such as peptide nucleic acids or morpholinos, van Ommen et al. essentially teach an oligonucleotide wherein uracil bases are optionally thymine bases.

Thus van Ommen anticipates the instant claims.

SRPT-VYDS-0003293

Application/Control Number: 15/274,719                                              Page 6

Art Unit: 1674

### *Claim Rejections - 35 USC § 103*

The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis

for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the manner in which the invention was made.

Claims 2 and 3 are rejected under pre-AIA 35 U.S.C. 103(a) as being obvious

over van Ommen (US Application 20060147952 cited on IDS filed 09/26/2016), van

Ommen et al. (Patent 7,973,015 herein after "Patent '0156" cited on IDS filed

09/26/2016) and Matteucci, M. (Perspectives in Drug Disc. and Design, 1996, vol. 4, pp

1-16 cited on IDS filed 09/26/2016)

The factual inquiries set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under pre-AIA 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.

2. Ascertaining the differences between the prior art and the claims at issue.

3. Resolving the level of ordinary skill in the pertinent art.

4. Considering objective evidence present in the application indicating

obviousness or nonobviousness.

The claims are drawn to an antisense oligonucleotide of 20-31 bases comprising

a base sequence 100% complementary to consecutive bases of exon 53 of the human

dystrophin pre-mRNA, wherein the antisense oligonucleotide base sequence comprises

at least 17 consecutive bases of SEQ ID NO: 193, wherein uracil bases are thymine

bases, wherein the antisense oligonucleotide is a morpholino antisense oligonucleotide

and wherein the antisense induces exon 53 skipping.  The claims are further drawn to a

pharmaceutical composition comprising said antisense oligonucleotide.

van Ommen teach an oligonucleotide having SEQ ID No. 29 that has 18

nucleotides identical to the claimed SEQ ID No. 193.  van Ommen teach the

oligonucleotide can comprise modified nucleotides such as 2'-O-methyl, a morpholine

ring, peptide nucleic acids and locked nucleic acids (see paragraph 0019).

van Ommen do not specifically teach an oligonucleotide having SEQ ID No. 29

that is 20-31 nucleotides in length however, van Ommen teach in [0018]

oligonucleotides that are complementary to a consecutive part of between 16 and 50

nucleotides of an exon RNA and teach different types of nucleic acid molecules can be

used to generate the oligonucleotide.

*[0018] The complementary oligonucleotide generated through a method of the invention is preferably complementary to a consecutive part of between 16 and 50 nucleotides of the exon RNA. Different types of nucleic acid may be used to generate the oligonucleotide.*

van Ommen teach in [0015] and [0016] the use of oligonucleotides to skip exons

such as exon 53.  In paragraph [0019] it is taught that the oligonucleotide can have

modifications such as morpholino phosphorodiamidate, peptide nucleic acid and locked

nucleic acids, for example, and further teach the oligonucleotide comprises modified

internucleoside linkages.

*[0019] With the advent of nucleic acid-mimicking technology, it has become possible to generate molecules that have a similar, preferably the same, hybridization characteristics, in kind, not necessarily in amount, as nucleic acid itself. Such equivalents are, of course, also part of the invention. Examples of such mimics equivalents are peptide nucleic acid, locked nucleic*

SRPT-VYDS-0003295

Application/Control Number: 15/274,719                                      Page 8
Art Unit: 1674

*acid and/or a morpholino phosphorodiamidate…Hybrids between one or more of the
equivalents among each other and/or together with nucleic acid are, of course, also part of the
invention. In a preferred embodiment, an equivalent comprises locked nucleic acid, as locked
nucleic acid displays a higher target affinity and reduced toxicity and, therefore, shows a higher
efficiency of exon skipping.*

It has been shown in the art that a degree of exon skipping capability would likely

be maintained due to a change in a number of complementary nucleotides of an

antisense oligonucleotide known to cause skipping.  Patent '015 teach oligonucleotides

designated as hAON#4 and hAON#6, wherein these oligonucleotides have the same 15

nucleotides but vary by several nucleobases, where capable of exon skipping (see Fig

8B and columns 9 and 10).

hAON#4          CTGCTTCCTCCAACC

hAON#6          ***GTTAT***CTGCTTCCTCCAACC

MPEP 2131.02 states that if one of ordinary skill in the art is able to "at once

envisage" the specific compound within a genus, the compound is anticipated.

## 2131.02   Genus-Species Situations [R-11.2013]
III.   A GENERIC DISCLOSURE WILL ANTICIPATE A CLAIMED SPECIES
COVERED BY THAT DISCLOSURE WHEN THE SPECIES CAN BE "AT ONCE
ENVISAGED" FROM THE DISCLOSURE

"[W]hether a generic disclosure necessarily anticipates everything within the genus …
depends on the factual aspects of the specific disclosure and the particular products at
issue." *Sanofi-Synthelabo v. Apotex, Inc.,* 550 F.3d 1075, 1083, 89 USPQ2d 1370, 1375
(Fed. Cir. 2008). See also *Osram Sylvania Inc. v. American Induction Tech.,* 701 F.3d
698, 706, 105 USPQ2d 1368, 1374 (Fed. Cir. 2012) ("how one of ordinary skill in the art

would understand the relative size of a genus or species in a particular technology is of
critical importance").

For example, when a claimed compound is not specifically named in a reference, but
instead it is necessary to select portions of teachings within the reference and combine
them, e.g., select various substituents from a list of alternatives given for placement at
specific sites on a generic chemical formula to arrive at a specific composition,
anticipation can only be found if the classes of substituents are sufficiently limited or
well delineated. *Ex parte A*, 17 USPQ2d 1716 (Bd. Pat. App. & Inter. 1990). If one of
ordinary skill in the art is able to "at once envisage" the specific compound within the
generic chemical formula, the compound is anticipated. One of ordinary skill in the art
must be able to draw the structural formula or write the name of each of the compounds
included in the generic formula before any of the compounds can be "at once
envisaged." One may look to the preferred embodiments to determine which
compounds can be anticipated. *In re Petering*, 301 F.2d 676, 133 USPQ 275 (CCPA
1962).

Given that van Ommen et al. teach oligonucleotides of 16 to 50 nucleotides in

length that are complementary to exon 53 and the sequence of exon 53 is known in the

prior art (as demonstrated above by Koenig et al.) and further teach an oligonucleotide

having 18 identical nucleotides of the claimed SEQ ID No. 193, one of ordinary skill in

the art is clearly able to envisage an oligonucleotide of 20-31 nucleotides

complementary to exon 53 wherein the exon skipping capability would be maintained.

One would have been motivated to make any oligonucleotide of 16-50 nucleotides

targeted to the known specific target region of exon 53 wherein van Ommen et al.

demonstrates exon skipping.

With respect to the claimed antisense oligonucleotide optionally comprising

thymine bases, Table 1A in the instant specification teach substitution of a U by a T

would be using other antisense chemistries such as peptide nucleic acids or

morpholinos "(TABLE-US-00001 [0051] TABLE 1A Description of 2'-O-methyl

phosphorothioate antisense oligonucleotides that have been used to date to study

SRPT-VYDS-0003297

Application/Control Number: 15/274,719                                                    Page 10
Art Unit: 1674

induced exon skipping during the processing of the dystrophin pre-mRNA. Since these 2'-O-methyl antisense oligonucleo- tides are more RNA-like, U represents uracil. With other antisense chemistries such as pep- tide nucleic acids or morpholinos, these U bases may be shown as "T")".  Given van Ommen et al. teach that the oligonucleotide can comprise different types of nucleic acids (which would be DNA or RNA) and teach modifications such as peptide nucleic acids or morpholinos, it would be obvious for van Ommen et al. to incorporate such a modification and thus van Ommen et al. essentially teach an oligonucleotide wherein uracil bases are optionally thymine bases.

Moreover, it is well known in the art that antisense oligonucleotides comprising thymine bases enhance the affinity of the oligonucleotides to the target sequence as compared to uracil bases (see Matteucci at page 10).  It would have been further obvious for one of ordinary skill in the art to substitute thymine bases for the uracil bases in the antisense oligonucleotide taught by van Ommen et al.  One of skill in the art would have wanted to maximize the binding affinity of the antisense oligonucleotide to the target exon for more efficient exon skipping and would have therefore incorporated thymine bases in place of uracil bases for increased affinity as taught by Matteucci.  One of ordinary skill in the art would have expected to be capable of making this base substitution, the steps of which are routine to the skilled artisan.

Thus in the absence of evidence to the contrary, the invention as a whole would have been *prima facie* obvious to one of ordinary skill in the art at the time the invention was made.

SRPT-VYDS-0003298

Application/Control Number: 15/274,719                                     Page 11
Art Unit: 1674

### *Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees.  See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application.  See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer.  A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 2 and 3 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-36 of U.S. Patent No. 8,455,636.  Although the conflicting claims are not identical, they are not patentably distinct from each other because the instant claims and the claims of the patent are drawn to patently indistinguishable subject matter.

Claims 2-7 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-25 of U.S. Patent No. 8,232,384. Although the conflicting claims are not identical, they are not patentably distinct from each other because the instant claims and the claims of the patent are drawn to patently indistinguishable subject matter.

SRPT-VYDS-0003299

Application/Control Number: 15/274,719                                    Page 12
Art Unit: 1674

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Kimberly Chong** whose telephone number is **571-272-**

**3111**. The examiner can normally be reached Monday thru Friday between 9-5 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact

the SPE for 1674 Ram Shukla at 571-272-0753. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that
can be viewed in the Patent Application Information Retrieval system (PAIR) can now
contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance.
Representatives are available to answer your questions daily from 6 am to midnight
(EST). The toll free number is (866) 217-9197. When calling please have your
application serial or patent number, the type of document you are having an image
problem with, the number of pages and the specific nature of the problem. The Patent
Electronic Business Center will notify applicants of the resolution of the problem within
5-7 business days. Applicants can also check PAIR to confirm that the problem has
been corrected. The USPTO's Patent Electronic Business Center is a complete service
center supporting all patent business on the Internet. The USPTO's PAIR system
provides Internet-based access to patent application status and history information. It
also enables applicants to view the scanned images of their own application file
folder(s) as well as general patent information available to the public. For more
information about the PAIR system, see http://pair-direct.uspto.gov.
For all other customer support, please call the USPTO Call Center (UCC) at 800-
786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1674

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/274,772 | 09/23/2016 | Stephen Donald WILTON | AVN-008CN37 | 1042 |

123147          7590          09/18/2017
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/18/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

PTOL-90A (Rev. 04/07)

SRPT-VYDS-0003301

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 15/274,772 | WILTON ET AL. |
| | **Examiner** | **Art Unit** | **AIA (First Inventor to File) Status** |
| | KIMBERLY CHONG | 1674 | No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

    A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _2_ MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on _06/30/2017_.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☒ This action is **FINAL.**        2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5)☒ Claim(s) _2 and 3_ is/are pending in the application.
      5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) _2 and 3_ is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
      Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
      Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
      a)☐ All   b)☐ Some**  c)☐ None of the:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____.
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _06/30/2017_.

3) ☐ Interview Summary (PTO-413)
      Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

SRPT-VYDS-0003302

Application/Control Number: 15/274,772                                      Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent

provisions.

## DETAILED ACTION

### Status of Application/Amendment/Claims

Applicant's response filed 06/30/2017 has been considered. Rejections and/or

objections not reiterated from the previous office action mailed 12/30/2016 are hereby

withdrawn. The following rejections and/or objections are either newly applied or are

reiterated and are the only rejections and/or objections presently applied to the instant

application. The text of those sections of Title 35, U.S. Code not included in this action

can be found in a prior Office action.

With entry of the amendment filed on 06/30/2017, claims 2 and 3 are pending

and currently under examination.

### Information Disclosure Statement

The submission of the Information Disclosure Statement on 06/30/2017, is in

compliance with 37 CFR 1.97.  The information disclosure statement has been

considered by the examiner and signed copies have been placed in the file.

### New Rejections – necessitated by claim amendments

### Claim Rejections - 35 USC § 103

The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis

for all obviousness rejections set forth in this Office action:

Application/Control Number: 15/274,772                                         Page 3
Art Unit: 1674

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the manner in which the invention was made.

Claims 2 and 3 are rejected under pre-AIA 35 U.S.C. 103(a) as being obvious over van Ommen (WO2004/083432 cited on IDS filed 09/26/2016), Koenig et al. (Nature 338, 509 - 511 06 April 1989 cited on IDS filed 09/26/2016) and Bennett et al. (WO 2011/72765 cited on IDS filed 09/26/2016).

The factual inquiries set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 148 USPQ 459 (1966), that are applied for establishing a background for determining obviousness under pre-AIA 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.

2. Ascertaining the differences between the prior art and the claims at issue.

3. Resolving the level of ordinary skill in the pertinent art.

4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

The claims are drawn to an antisense oligonucleotide of 25 bases comprising a base sequence 100% complementary to consecutive bases of exon 53 of the human dystrophin pre-mRNA, wherein the antisense oligonucleotide base sequence comprises at least 20 consecutive bases of SEQ ID NO: 193, wherein uracil bases are thymine bases, wherein the antisense oligonucleotide is a morpholino antisense oligonucleotide, wherein the antisense oligonucleotide is chemically linked to a polyethylene glycol chain

SRPT-VYDS-0003304

Application/Control Number: 15/274,772                                        Page 4
Art Unit: 1674

and wherein the antisense induces exon 53 skipping.  The claims are further drawn to a

pharmaceutical composition comprising said antisense oligonucleotide.

van Ommen teach a genus of oligonucleotides 16-50 complementary to exon 53

and specifically teach an oligonucleotide h53AON1 that has 18 nucleotides identical to

the claimed SEQ ID No. 193 (see Table 2) that causes skipping of exon 53.  van

Ommen et al. teach the oligonucleotides can be complementary to the exon in the pre-

mRNA.   Thus given the sequence of the DMD gene has been identified, as

demonstrated by Koenig et al., an oligonucleotide sequence complementary to that

portion of the mRNA is exactly determined by the simple base pairing rules of DNA and

RNA (G being complementary to C, and A being complementary to T (or U)).

vanOmmen et al. the oligonucleotide can have modifications such as morpholino

phosphorodiamidate, peptide nucleic acid and locked nucleic acids, for example, and

further teach the oligonucleotide comprises modified internucleoside linkages (see claim

12 and page 23). The oligonucleotide taught by van Ommen et al. encompasses both

DNA and RNA nucleic acids as well as nucleic acids that are a combination of DNA and

RNA as stated on page 9: lines 9-10 "Any oligonucleotide fulfilling the requirements of

the invention may be used to induce exon skipping in the DMD gene."  van Ommen et

al. teach different nucleic acids may be used to generate the oligonucleotide (see page

9 line 30 - page 10).  Thus oligonucleotides in which uracil bases are thymine bases are

encompassed in the meaning of 'oligonucleotide' taught by van Ommen et al.

van Ommen et al. do not specifically teach the oligonucleotide is chemically

linked to a polyethylene glycol chain.  Bennett et al. teach oligonucleotides for modifying

Application/Control Number: 15/274,772                                      Page 5
Art Unit: 1674

target gene expression and teach oligonucleotides that involve "chemically linking the oligonucleotide one or more moieties or conjugates which enhance the activity, cellular distribution or cellular uptake of the oligonucleotide. Such moieties include but are not limited to…a polyethylene glycol chain (see page 17. line 33 to page 18, line 26).

It would have been obvious to one of ordinary skill in the art to make an antisense oligonucleotide of 25 bases comprising at least 20 bases of SEQ ID No. 193. Given van Ommen et al. teach a genus of oligonucleotides of up to 50 nucleotides in length, one of skill in the art would have been motivated to extend the sequence of h53AON1 to arrive at oligonucleotides of 25 nucleotides and having 20 nucleotides of SEQ ID No. 193. Because the mRNA sequence containing the exon 53 was known in the prior art, as shown by Keonig et al., the combination of these teachings provides motivation to prepare obvious variants of h53AON1 to try and optimize the activity of the oligonucleotide to prepare the most effective therapeutic for treating DMD.

It would have been routine and a common strategy to try and enhance the oligonucleotide by identifying variants of that oligonucleotide that have a higher level of activity and a common and efficient strategy for doing so is to synthesize and test longer oligonucleotides containing within them the sequence known to have the desired activity. Moreover it would have been obvious and routine to incorporate modifications such as a polyethylene glycol chain to enhance the activity, cellular distribution or cellular uptake of the oligonucleotide as taught by Bennett et al.

Applicant's arguments that there was a high level of unpredictability in the field associated with selecting specific antisense oligonucleotides sequences to induce exon

SRPT-VYDS-0003306

Application/Control Number: 15/274,772                                    Page 6
Art Unit: 1674

skipping will be addressed given it is relevant to the new grounds for rejection. Applicant

cites three references and sums the teachings up on page 12 of the response by stating

the "references serve to illustrate the unpredictability associated with selecting specific

antisense oligonucleotides that are effective for inducing exon skipping of dystrophin

exons."

This argument is not persuasive because van Ommen et al. teach an

oligonucleotide that is 18 nucleotides in length.  There is no unpredictability in selecting

an antisense oligonucleotide to induce exon 53 skipping given van Ommen et al.

demonstrates such a compound.  Koenig et al. describes the entire DMD cDNA

sequence and therefore provides the sequences of exon 53 immediately surround the

portion of exon 53 pre-mRNA demonstrated to be sensitive to exon 53 skipping.  Thus,

one of skill in the art would have a reasonable expectation of success that an

oligonucleotide having longer that 18 nucleotides, for example a 25mer comprising at

least 20 nucleotides of the claimed SEQ ID No. 193 would induce exon 53 skipping.

Thus in the absence of evidence to the contrary, the invention as a whole would

have been *prima facie* obvious to one of ordinary skill in the art at the time the invention

was made.

SRPT-VYDS-0003307

Application/Control Number: 15/274,772                                              Page 7
Art Unit: 1674

### *Response to Arguments*

### *Claim Rejections - 35 USC § 102*

The rejection of claims 2 and 3 under pre-AIA 35 U.S.C. 102(e) as being

anticipated by van Ommen (US Application 20060147952 cited on IDS filed 09/26/2016)

is withdrawn in response to claim amendments.

### *Claim Rejections - 35 USC § 103*

The rejection of claims 2 and 3 under pre-AIA 35 U.S.C. 103(a) as being obvious

over van Ommen (US Application 20060147952 cited on IDS filed 09/26/2016), van

Ommen et al. (Patent 7,973,015 herein after "Patent '0156" cited on IDS filed

09/26/2016), Matteucci, M. (Perspectives in Drug Disc. and Design, 1996, vol. 4, pp 1-

16 cited on IDS filed 09/26/2016) and evidence by Koenig et al. (Nature 338, 509 - 511

06 April 1989) is withdrawn in response to claim amendments.

### *Double Patenting*

The nonstatutory double patenting rejection is based on a judicially created
doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the
unjustified or improper timewise extension of the "right to exclude" granted by a patent
and to prevent possible harassment by multiple assignees.  See *In re Goodman*, 11
F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225
USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA
1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*,
418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)

may be used to overcome an actual or provisional rejection based on a nonstatutory

SRPT-VYDS-0003308

Application/Control Number: 15/274,772                                          Page 8
Art Unit: 1674

double patenting ground provided the reference application or patent either is shown to

be commonly owned with this application, or claims an invention made as a result of

activities undertaken within the scope of a joint research agreement. See MPEP §

717.02 for applications subject to examination under the first inventor to file provisions

of the AIA as explained in MPEP § 2159.  See MPEP §§ 706.02(l)(1) - 706.02(l)(3) for

applications not subject to examination under the first inventor to file provisions of the

AIA. A terminal disclaimer must be signed in compliance with 37 CFR 1.321(b).

        The USPTO Internet website contains terminal disclaimer forms which may be

used. Please visit www.uspto.gov/forms/. The filing date of the application in which the

form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or

PTO/AIA/26) should be used. A web-based eTerminal Disclaimer may be filled out

completely online using web-screens. An eTerminal Disclaimer that meets all

requirements is auto-processed and approved immediately upon submission. For more

information about eTerminal Disclaimers, refer to

http://www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.


        Claims 2 and 3 are rejected under the judicially created doctrine of obviousness-

type double patenting as being unpatentable over claims 1-36 of U.S. Patent No.

8,455,636.  Although the conflicting claims are not identical, they are not patentably

distinct from each other because the instant claims and the claims of the patent are

drawn to antisense oligonucleotides having at least 17 consecutive bases of SEQ ID

No. 193.

Application/Control Number: 15/274,772                                          Page 9

Art Unit: 1674

Claims 2 and 3are rejected under the judicially created doctrine of obviousness-

type double patenting as being unpatentable over claims 1-25 of U.S. Patent No.

8,232,384. Although the conflicting claims are not identical, they are not patentably

distinct from each other because the instant claims and the claims of the patent are

drawn to antisense oligonucleotides having at least 17 consecutive bases of SEQ ID

No. 193.

### *Conclusion*

Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP

§ 706.07(a).

**706.07(a)    Final Rejection, When Proper on Second Action [R-07.2015]**

Second or any subsequent actions on the merits shall be final, except where the examiner introduces a new ground
of rejection that is neither necessitated by applicant's amendment of the claims, nor based on information submitted
in an information disclosure statement filed during the period set forth in 37 CFR 1.97(c)  with the fee set forth in 37
CFR 1.17(p). Where information is submitted in an information disclosure statement during the period set forth in 37
CFR 1.97(c)  with a fee, the examiner may use the information submitted, e.g., a printed publication or evidence of
public use, and make the next Office action final whether or not the claims have been amended, provided that no
other new ground of rejection which was not necessitated by amendment to the claims is introduced by the examiner.
See MPEP § 609.04(b).

Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within

Application/Control Number: 15/274,772                                                    Page 10
Art Unit: 1674

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Kimberly Chong whose telephone number is 571-**

**272-3111.**  The examiner can normally be reached Monday thru Friday 9-5 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact

the SPE for 1674 Ram Shukla at 571-272-0735. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that

can be viewed in the Patent Application Information Retrieval system (PAIR) can now

contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance.

Representatives are available to answer your questions daily from 6 am to midnight

(EST). The toll free number is (866) 217-9197. When calling please have your

application serial or patent number, the type of document you are having an image

problem with, the number of pages and the specific nature of the problem.  The Patent

Electronic Business Center will notify applicants of the resolution of the problem within

5-7 business days. Applicants can also check PAIR to confirm that the problem has

been corrected.  The USPTO's Patent Electronic Business Center is a complete service

SRPT-VYDS-0003311

Application/Control Number: 15/274,772                                         Page 11

Art Unit: 1674

center supporting all patent business on the Internet. The USPTO's PAIR system

provides Internet-based access to patent application status and history information. It

also enables applicants to view the scanned images of their own application file

folder(s) as well as general patent information available to the public. For more

information about the PAIR system, see http://pair-direct.uspto.gov.

For all other customer support, please call the USPTO Call Center (UCC) at 800-

786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1674

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/274,772 | 09/23/2016 | Stephen Donald WILTON | AVN-008CN37 | 1042 |

123147          7590          12/30/2016

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/30/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ipboston.docketing@nelsonmullins.com
chris.schlauch@nelsonmullins.com
ipqualityassuranceboston@nelsonmullins.com

SRPT-VYDS-0003313

| **Office Action Summary** | **Application No.**<br>15/274,772 | **Applicant(s)**<br>WILTON ET AL. |
|---|---|---|
| | **Examiner**<br>KIMBERLY CHONG | **Art Unit**<br>1674 | **AIA (First Inventor to File)**<br>**Status**<br>No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>09/26/2016</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL**.      2b) ☒ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims\***

5) ☒ Claim(s) <u>2 and 3</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>2 and 3</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some\*\*   c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

\*\* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date <u>9/26/2016,9/27/2016,11/02/2016</u>.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____.

SRPT-VYDS-0003314

Application/Control Number: 15/274,772                                          Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent provisions.

## DETAILED ACTION

### Status of the Application

Claims 2 and 3 are pending and currently under examination.

### Information Disclosure Statement

The submission of the Information Disclosure Statement on 9/26/2016, 9/27/2016 and 11/02/2016 is in compliance with 37 CFR 1.97. The information disclosure statement has been considered by the examiner and signed copies have been placed in the file.

### Claim Rejections - 35 USC § 102

The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

Claims 2 and 3 are rejected under pre-AIA 35 U.S.C. 102(e) as being anticipated by van Ommen (US Application 20060147952 cited on IDS filed 09/26/2016).

The claims are drawn to an antisense oligonucleotide of 25 bases comprising a base sequence 100% complementary to consecutive bases of exon 53 of the human

SRPT-VYDS-0003315

Application/Control Number: 15/274,772                                          Page 3
Art Unit: 1674

dystrophin pre-mRNA, wherein the antisense oligonucleotide base sequence comprises

at least 17 consecutive bases of SEQ ID NO: 193, wherein uracil bases are thymine

bases, wherein the antisense oligonucleotide is a morpholino antisense oligonucleotide

and wherein the antisense induces exon 53 skipping.  The claims are further drawn to a

pharmaceutical composition comprising said antisense oligonucleotide.

van Ommen teach an oligonucleotide having SEQ ID No. 29 that has 18

nucleotides in length identical to the claimed SEQ ID No. 193.  van Ommen teach the

oligonucleotide can comprise modified nucleotides such as 2'-O-methyl, a morpholine

ring, peptide nucleic acids and locked nucleic acids (see paragraph 0019).

van Ommen teach in [0018] oligonucleotides that are complementary to a

consecutive part of between 16 and 50 nucleotides of an exon RNA and teach different

types of nucleic acid molecules can be used to generate the oligonucleotide.

[0020] The complementary oligonucleotide generated through a method of the invention
is preferably complementary to a consecutive part of between 16 and 50 nucleotides of the exon
RNA. Different types of nucleic acid may be used to generate the oligonucleotide.

van Ommen teach in [0015 and 0016] the use of oligonucleotides to skip exons

such as exon 53.  In paragraph [0019] it is taught that the oligonucleotide can have

modifications such as morpholino phosphorodiamidate, peptide nucleic acid and locked

nucleic acids, for example, and further teach the oligonucleotide comprises modified

internucleoside linkages.

[0019] With the advent of nucleic acid-mimicking technology, it has become possible to
generate molecules that have a similar, preferably the same, hybridization characteristics, in
kind, not necessarily in amount, as nucleic acid itself. Such equivalents are, of course, also part
of the invention. Examples of such mimics equivalents are peptide nucleic acid, locked nucleic
acid and/or a morpholino phosphorodiamidate…Hybrids between one or more of the
equivalents among each other and/or together with nucleic acid are, of course, also part of the

SRPT-VYDS-0003316

Application/Control Number: 15/274,772                                                    Page 4
Art Unit: 1674

*invention. In a preferred embodiment, an equivalent comprises locked nucleic acid, as locked nucleic acid displays a higher target affinity and reduced toxicity and, therefore, shows a higher efficiency of exon skipping.*

van Ommen teach in [0018] that the oligonucleotide preferably comprises RNA, which would mean that the oligonucleotide is also DNA.  Thus while  van Ommen teach a preferred embodiment of RNA oligonucleotides, DNA oligonucleotides are also taught and finds support on page 10 of the specification which discusses examples of DNA oligonucleotides known in the prior art e.g. oligonucleotides containing locked nucleic acids (DNA analogs).

MPEP 2123 states in part:

*A reference may be relied upon for all that it would have reasonably suggested to one having ordinary skill the art, including nonpreferred embodiments. Merck & Co. v. Biocraft Laboratories, 874 F.2d 804, 10 USPQ2d 1843 (Fed. Cir.), cert. denied, 493 U.S. 975 (1989). See also ≫ Upsher-Smith Labs. v. Pamlab, LLC, 412 F.3d 1319, 1323, 75 USPQ2d 1213, 1215 (Fed. Cir. 2005)(reference disclosing optional inclusion of a particular component teaches compositions that both do and do not contain that component); ≪ Celeritas Technologies Ltd. v. Rockwell International Corp., 150 F.3d 1354, 1361, 47 USPQ2d 1516, 1522-23 (Fed. Cir. 1998) (The court held that the prior art anticipated the claims even though it taught away from the claimed invention. "The fact that a modem with a single carrier data signal is shown to be less than optimal does not vitiate the fact that it is disclosed.").{emphasis added}*

*Disclosed examples and preferred embodiments do not constitute a teaching away from a broader disclosure or nonpreferred embodiments. In re Susi, 440 F.2d 442, 169 USPQ 423 (CCPA 1971). "A known or obvious composition does not become patentable simply because it has been described as somewhat inferior to some other product for the same use." In re Gurley, 27 F.3d 551, 554, 31 USPQ2d 1130, 1132 (Fed. Cir. 1994) (The invention was directed to an epoxy impregnated fiber-reinforced printed circuit material. The applied prior art reference taught a printed circuit material similar to that of the claims but impregnated with polyester-imide resin instead of epoxy. The reference, however, disclosed that epoxy was known for this use, but that epoxy impregnated circuit boards have "relatively acceptable dimensional stability" and "some degree of flexibility," but are inferior to circuit boards impregnated with polyester-imide resins. The court upheld the rejection concluding that applicant's argument that the reference teaches away from using epoxy was insufficient to overcome the rejection since "Gurley asserted no discovery beyond what was known in the art." 27 F.3d at 554, 31 USPQ2d at 1132.). Furthermore, "[t]he prior art's mere disclosure of more than one alternative does not*

Application/Control Number: 15/274,772                                    Page 5
Art Unit: 1674

*constitute a teaching away from any of these alternatives because such disclosure does not criticize, discredit, or otherwise discourage the solution claimed....* " In re Fulton, 391 F.3d 1195, 1201, 73 USPQ2d 1141, 1146 {Fed. Cir. 2004}. {emphasis added}.

van Ommen reasonably teach to one having ordinary skill in the art non-preferred embodiments of DNA oligonucleotides that are complementary to a target sequence of exon 53.

With respect to the claimed antisense oligonucleotide optionally comprising thymine bases, Table 1A in the instant specification teach substitution of a U by a T would be using other antisense chemistries such as peptide nucleic acids or morpholinos "(TABLE-US-00001 [0051] TABLE 1A Description of 2'-O-methyl phosphorothioate antisense oligonucleotides that have been used to date to study induced exon skipping during the processing of the dystrophin pre-mRNA. Since these 2'-O-methyl antisense oligonucleo- tides are more RNA-like, U represents uracil. With other antisense chemistries such as pep- tide nucleic acids or morpholinos, these U bases may be shown as "T")".  Given van Ommen et al. teach that the oligonucleotide can comprise different types of nucleic acids (which would be DNA or RNA) and teach modifications such as peptide nucleic acids or morpholinos, van Ommen et al. essentially teach an oligonucleotide wherein uracil bases are optionally thymine bases.

Thus van Ommen anticipates the instant claims.

### Claim Rejections - 35 USC § 103

The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

Application/Control Number: 15/274,772                                                   Page 6
Art Unit: 1674

> (a) A patent may not be obtained though the invention is not identically disclosed or described
> as set forth in section 102 of this title, if the differences between the subject matter sought to
> be patented and the prior art are such that the subject matter as a whole would have been
> obvious at the time the invention was made to a person having ordinary skill in the art to which
> said subject matter pertains.  Patentability shall not be negatived by the manner in which the
> invention was made.

Claims 2 and 3 are rejected under pre-AIA 35 U.S.C. 103(a) as being obvious

over van Ommen (US Application 20060147952 cited on IDS filed 09/26/2016), van

Ommen et al. (Patent 7,973,015 herein after "Patent '0156" cited on IDS filed

09/26/2016), Matteucci, M. (Perspectives in Drug Disc. and Design, 1996, vol. 4, pp 1-

16 cited on IDS filed 09/26/2016) and evidence by Koenig et al. (Nature 338, 509 - 511

06 April 1989).

The factual inquiries set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under pre-AIA 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.

2. Ascertaining the differences between the prior art and the claims at issue.

3. Resolving the level of ordinary skill in the pertinent art.

4. Considering objective evidence present in the application indicating

obviousness or nonobviousness.

The claims are drawn to an antisense oligonucleotide of 25 bases comprising a

base sequence 100% complementary to consecutive bases of exon 53 of the human

dystrophin pre-mRNA, wherein the antisense oligonucleotide base sequence comprises

at least 17 consecutive bases of SEQ ID NO: 193, wherein uracil bases are thymine

bases, wherein the antisense oligonucleotide is a morpholino antisense oligonucleotide

SRPT-VYDS-0003319

Application/Control Number: 15/274,772                                      Page 7
Art Unit: 1674

and wherein the antisense induces exon 53 skipping.  The claims are further drawn to a

pharmaceutical composition comprising said antisense oligonucleotide.

van Ommen teach an oligonucleotide having SEQ ID No. 29 that has 18

nucleotides identical to the claimed SEQ ID No. 193.  van Ommen teach the

oligonucleotide can comprise modified nucleotides such as 2'-O-methyl, a morpholine

ring, peptide nucleic acids and locked nucleic acids (see paragraph 0019).

van Ommen do not specifically teach an oligonucleotide having at least 17

nucleotides of SEQ ID No. 193 that is 25 nucleotides in length however, van Ommen

teach in [0018] oligonucleotides that are complementary to a consecutive part of

between 16 and 50 nucleotides of an exon RNA and teach different types of nucleic

acid molecules can be used to generate the oligonucleotide.

*[0018] The complementary oligonucleotide generated through a method of the invention
is preferably complementary to a consecutive part of between 16 and 50 nucleotides of the exon
RNA. Different types of nucleic acid may be used to generate the oligonucleotide.*

van Ommen teach in [0015] and [0016] the use of oligonucleotides to skip exons

such as exon 53.  In paragraph [0019] it is taught that the oligonucleotide can have

modifications such as morpholino phosphorodiamidate, peptide nucleic acid and locked

nucleic acids, for example, and further teach the oligonucleotide comprises modified

internucleoside linkages.

*[0019] With the advent of nucleic acid-mimicking technology, it has become possible to
generate molecules that have a similar, preferably the same, hybridization characteristics, in
kind, not necessarily in amount, as nucleic acid itself. Such equivalents are, of course, also part
of the invention. Examples of such mimics equivalents are peptide nucleic acid, locked nucleic
acid and/or a morpholino phosphorodiamidate…Hybrids between one or more of the
equivalents among each other and/or together with nucleic acid are, of course, also part of the
invention. In a preferred embodiment, an equivalent comprises locked nucleic acid, as locked*

Application/Control Number: 15/274,772                                    Page 8
Art Unit: 1674

*nucleic acid displays a higher target affinity and reduced toxicity and, therefore, shows a higher efficiency of exon skipping.*

It has been shown in the art that a degree of exon skipping capability would likely be maintained due to a change in a number of complementary nucleotides of an antisense oligonucleotide known to cause skipping.  Patent '015 teach oligonucleotides designated as hAON#4 and hAON#6, wherein these oligonucleotides have the same 15 nucleotides but vary by several nucleobases, where capable of exon skipping (see Fig 8B and columns 9 and 10).

| hAON#4 | CTGCTTCCTCCAACC |
| hAON#6 | *GTTAT*CTGCTTCCTCCAACC |

MPEP 2131.02 states that if one of ordinary skill in the art is able to "at once envisage" the specific compound within a genus, the compound is anticipated.

## 2131.02  Genus-Species Situations [R-11.2013]
III.  A GENERIC DISCLOSURE WILL ANTICIPATE A CLAIMED SPECIES COVERED BY THAT DISCLOSURE WHEN THE SPECIES CAN BE "AT ONCE ENVISAGED" FROM THE DISCLOSURE

"[W]hether a generic disclosure necessarily anticipates everything within the genus … depends on the factual aspects of the specific disclosure and the particular products at issue." *Sanofi-Synthelabo v. Apotex, Inc.,* 550 F.3d 1075, 1083, 89 USPQ2d 1370, 1375 (Fed. Cir. 2008). See also *Osram Sylvania Inc. v. American Induction Tech.,* 701 F.3d 698, 706, 105 USPQ2d 1368, 1374 (Fed. Cir. 2012) ("how one of ordinary skill in the art would understand the relative size of a genus or species in a particular technology is of critical importance").

For example, when a claimed compound is not specifically named in a reference, but instead it is necessary to select portions of teachings within the reference and combine

Application/Control Number: 15/274,772                                    Page 9
Art Unit: 1674

them, e.g., select various substituents from a list of alternatives given for placement at
specific sites on a generic chemical formula to arrive at a specific composition,
anticipation can only be found if the classes of substituents are sufficiently limited or
well delineated. *Ex parte A*, 17 USPQ2d 1716 (Bd. Pat. App. & Inter. 1990). If one of
ordinary skill in the art is able to "at once envisage" the specific compound within the
generic chemical formula, the compound is anticipated. One of ordinary skill in the art
must be able to draw the structural formula or write the name of each of the compounds
included in the generic formula before any of the compounds can be "at once
envisaged." One may look to the preferred embodiments to determine which
compounds can be anticipated. *In re Petering*, 301 F.2d 676, 133 USPQ 275 (CCPA
1962).

Given that van Ommen et al. teach oligonucleotides of 16 to 50 nucleotides in
length that are complementary to exon 53 and the sequence of exon 53 is known in the
prior art (as demonstrated by Koenig et al.) and further teach an oligonucleotide having
18 identical nucleotides of the claimed SEQ ID No. 193, one of ordinary skill in the art is
clearly able to envisage an oligonucleotide of 25 nucleotides complementary to exon 53
wherein the exon skipping capability would be maintained. One would have been
motivated to make any oligonucleotide of 16-50 nucleotides targeted to the known
specific target region of exon 53 wherein van Ommen et al. demonstrates exon
skipping.

With respect to the claimed antisense oligonucleotide optionally comprising
thymine bases, Table 1A in the instant specification teach substitution of a U by a T
would be using other antisense chemistries such as peptide nucleic acids or
morpholinos "(TABLE-US-00001 [0051] TABLE 1A Description of 2'-O-methyl
phosphorothioate antisense oligonucleotides that have been used to date to study
induced exon skipping during the processing of the dystrophin pre-mRNA. Since these
2'-O-methyl antisense oligonucleo- tides are more RNA-like, U represents uracil. With

Application/Control Number: 15/274,772                                           Page 10
Art Unit: 1674

other antisense chemistries such as pep- tide nucleic acids or morpholinos, these U

bases may be shown as "T")".  Given van Ommen et al. teach that the oligonucleotide

can comprise different types of nucleic acids (which would be DNA or RNA) and teach

modifications such as peptide nucleic acids or morpholinos, it would be obvious for van

Ommen et al. to incorporate such a modification and thus van Ommen et al. essentially

teach an oligonucleotide wherein uracil bases are optionally thymine bases.

        Moreover, it is well known in the art that antisense oligonucleotides comprising

thymine bases enhance the affinity of the oligonucleotides to the target sequence as

compared to uracil bases (see Matteucci at page 10).  It would have been further

obvious for one of ordinary skill in the art to substitute thymine bases for the uracil

bases in the antisense oligonucleotide taught by van Ommen et al.  One of skill in the

art would have wanted to maximize the binding affinity of the antisense oligonucleotide

to the target exon for more efficient exon skipping and would have therefore

incorporated thymine bases in place of uracil bases for increased affinity as taught by

Matteucci.  One of ordinary skill in the art would have expected to be capable of making

this base substitution, the steps of which are routine to the skilled artisan.

        Thus in the absence of evidence to the contrary, the invention as a whole would

have been *prima facie* obvious to one of ordinary skill in the art at the time the invention

was made.

### Double Patenting

        The nonstatutory double patenting rejection is based on a judicially created
doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the
unjustified or improper timewise extension of the "right to exclude" granted by a patent
and to prevent possible harassment by multiple assignees.  See *In re Goodman*, 11

SRPT-VYDS-0003323

Application/Control Number: 15/274,772                                    Page 11
Art Unit: 1674

F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the reference application or patent either is shown to be commonly owned with this application, or claims an invention made as a result of activities undertaken within the scope of a joint research agreement. See MPEP § 717.02 for applications subject to examination under the first inventor to file provisions of the AIA as explained in MPEP § 2159.  See MPEP §§ 706.02(l)(1) - 706.02(l)(3) for applications not subject to examination under the first inventor to file provisions of the AIA. A terminal disclaimer must be signed in compliance with 37 CFR 1.321(b).

The USPTO Internet website contains terminal disclaimer forms which may be used. Please visit www.uspto.gov/forms/. The filing date of the application in which the form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be used. A web-based eTerminal Disclaimer may be filled out completely online using web-screens. An eTerminal Disclaimer that meets all requirements is auto-processed and approved immediately upon submission. For more information about eTerminal Disclaimers, refer to http://www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

Claims 2 and 3 are provisionally rejected under the judicially created doctrine of double patenting over claims 2 and 3 of copending Application No. 15/274,719.  This is

Application/Control Number: 15/274,772                                           Page 12
Art Unit: 1674

a provisional double patenting rejection since the conflicting claims have not yet been

patented.  Although the conflicting claims are not identical, they are not patentably

distinct from each other because the instant claims and the claims of the patent are

drawn to antisense oligonucleotides having at least 17 consecutive bases of SEQ ID

No. 193.


Claims 2 and 3 are rejected under the judicially created doctrine of obviousness-

type double patenting as being unpatentable over claims 1-36 of U.S. Patent No.

8,455,636.  Although the conflicting claims are not identical, they are not patentably

distinct from each other because the instant claims and the claims of the patent are

drawn to antisense oligonucleotides having at least 17 consecutive bases of SEQ ID

No. 193.


Claims 2-7 are rejected under the judicially created doctrine of obviousness-type

double patenting as being unpatentable over claims 1-25 of U.S. Patent No. 8,232,384.

Although the conflicting claims are not identical, they are not patentably distinct from

each other because the instant claims and the claims of the patent are drawn to

antisense oligonucleotides having at least 17 consecutive bases of SEQ ID No. 193.

Application/Control Number: 15/274,772                                    Page 13
Art Unit: 1674

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Kimberly Chong** whose telephone number is **571-272-**

**3111**.  The examiner can normally be reached Monday thru Friday between 9-5 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact

the SPE for 1674 Ram Shukla at 571-272-0753. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that can be viewed in the Patent Application Information Retrieval system (PAIR) can now contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance. Representatives are available to answer your questions daily from 6 am to midnight (EST). The toll free number is (866) 217-9197. When calling please have your application serial or patent number, the type of document you are having an image problem with, the number of pages and the specific nature of the problem.  The Patent Electronic Business Center will notify applicants of the resolution of the problem within 5-7 business days. Applicants can also check PAIR to confirm that the problem has been corrected.  The USPTO's Patent Electronic Business Center is a complete service center supporting all patent business on the Internet. The USPTO's PAIR system provides Internet-based access to patent application status and history information. It also enables applicants to view the scanned images of their own application file folder(s) as well as general patent information available to the public. For more information about the PAIR system, see http://pair-direct.uspto.gov.
For all other customer support, please call the USPTO Call Center (UCC) at 800-786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1674

SRPT-VYDS-0003326

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 30440752 |
| **Application Number:** | 15705172 |
| **International Application Number:** | |
| **Confirmation Number:** | 2879 |
| **Title of Invention:** | ANTISENSE OLIGONUCLEOTIDES FOR INDUCING EXON SKIPPING AND METHODS OF USE THEREOF |
| **First Named Inventor/Applicant Name:** | Stephen Donald WILTON |
| **Customer Number:** | 123147 |
| **Filer:** | Amy E. Mandragouras/Anita Costa |
| **Filer Authorized By:** | Amy E. Mandragouras |
| **Attorney Docket Number:** | AVN-008CN41 |
| **Receipt Date:** | 22-SEP-2017 |
| **Filing Date:** | |
| **Time Stamp:** | 17:09:32 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Other Reference-Patent/App/Search documents | 14857561.pdf | 1608731<br>947b9988b72ca40658c310d99064672410c10ac0 | no | 32 |

**Warnings:**

| Information: | | | | | |
|---|---|---|---|---|---|
| 2 | Other Reference-Patent/App/Search documents | 14857569.pdf | 775245<br><br>83b83a17d90e75c623db608a4224a833f936ce90 | no | 16 |
| Warnings: | | | | | |
| Information: | | | | | |
| 3 | Other Reference-Patent/App/Search documents | 14857590.pdf | 724656<br><br>dbd0bb0a8df65a45906e48dd393a6d9454e18a58 | no | 15 |
| Warnings: | | | | | |
| Information: | | | | | |
| 4 | Other Reference-Patent/App/Search documents | 14858250.pdf | 301186<br><br>27d005eee594a3aea1ea8fa131ed4f3863d924a4 | no | 8 |
| Warnings: | | | | | |
| Information: | | | | | |
| 5 | Other Reference-Patent/App/Search documents | 14858416.pdf | 630100<br><br>edc9ef83ca7e3f120523aff0b698c8ee8f6c386f | no | 11 |
| Warnings: | | | | | |
| Information: | | | | | |
| 6 | Other Reference-Patent/App/Search documents | 14942629.pdf | 301184<br><br>5fc6031573de744eacde6224d885f73a3afb38d1 | no | 8 |
| Warnings: | | | | | |
| Information: | | | | | |
| 7 | Other Reference-Patent/App/Search documents | 14944886.pdf | 545217<br><br>c3698910f183b78bb693d20e98307c17f23483f9 | no | 10 |
| Warnings: | | | | | |
| Information: | | | | | |
| 8 | Other Reference-Patent/App/Search documents | 15274719.pdf | 616134<br><br>2a76889d8253f6f7c6o81f3d7a5f885dfc2ae07c | no | 13 |
| Warnings: | | | | | |
| Information: | | | | | |

SRPT-VYDS-0003328

| 9 | Other Reference-Patent/App/Search documents | 15274772.pdf | 1091329 e58939198c3d325fa24a30570ef235c7985eec3b | no | 26 |
|---|---|---|---|---|---|

| **Warnings:** |
|---|

| **Information:** |
|---|

| | **Total Files Size (in bytes):** | 6593782 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (03-15)
Approved for use through 07/31/2016. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## INFORMATION DISCLOSURE STATEMENT BY APPLICANT
( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | 15705172 |
| Filing Date | 2017-09-14 |
| First Named Inventor | Stephen Donald WILTON |
| Art Unit | 1674 |
| Examiner Name | Not Yet Assigned |
| Attorney Docket Number | AVN-008CN41 |

### U.S.PATENTS                                                                    Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Patent citation information please click the Add button.    Add

### U.S.PATENT APPLICATION PUBLICATIONS                                           Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.    Add

### FOREIGN PATENT DOCUMENTS                                                      Remove

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | |

If you wish to add additional Foreign Patent Document citation information please click the Add button    Add

### NON-PATENT LITERATURE DOCUMENTS                                               Remove

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|

EFS Web 2.1.17

SRPT-VYDS-0003330

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 15705172 |
|---|---|---|
| | Filing Date | 2017-09-14 |
| | First Named Inventor | Stephen Donald WILTON |
| | Art Unit | 1674 |
| | Examiner Name | Not Yet Assigned |
| | Attorney Docket Number | AVN-008CN41 |

| | | |
|---|---|---|
| | 1 | US Amendment After Non-Final Action for Application No. 11/233,495, 31 pages, dated June 24, 2010 (Exhibit Number 2073 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 2 | US Amendment for Application No. 11/233,495, 15 pages, dated April 1, 2009 (Exhibit Number 2071 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 3 | US Amendment for Application No. 11/233,495, 19 pages, dated October 31, 2007 (Exhibit Number 2070 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 4 | US Amendment for Application No. 11/233,495, 19 pages, dated September 16, 2009 (Exhibit Number 2072 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 5 | US Amendment for Application No. 11/233,495, 9 pages, dated October 31, 2007 (Exhibit Number 2070 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 6 | US Amendment for Application No. 11/570,691, 9 pages, dated June 15, 2010 (Exhibit Number 1043 filed in interferences 106008, 106007 on November 18, 2014) | |
| | 7 | US Amendment for Application No. 13/271,080, 30 pages, dated January 30, 2013 (Exhibit Number 1049 filed in interferences 106008, 106007 on November 18, 2014) | |
| | 8 | US Amendment for Application No. 13/902,376, 36 pages, dated March 21, 2014 (Exhibit Number 1046 filed in interferences 106008, 106007 on November 18, 2014) | |
| | 9 | US Amendment in Response to Advisory Action for Application No. 11/233,495, 23 pages, dated March 14, 2011 (Exhibit Number 2074 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 10 | US Amendments to the Claims for Application No. 11/233,495, 4 pages, dated May 8, 2014 (Exhibit Number 2077 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 11 | US Amendments to the Claims for Application No. 14/198,992, 3 pages, dated July 16, 2014 (Exhibit Number 2079 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |

SRPT-VYDS-0003331

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 15705172 |
|---|---|---|
| | Filing Date | 2017-09-14 |
| | First Named Inventor | Stephen Donald WILTON |
| | Art Unit | 1674 |
| | Examiner Name | Not Yet Assigned |
| | Attorney Docket  Number | AVN-008CN41 |

| | | |
|---|---|---|
| | 12 | US Applicant-Initiated Interview Summary and Notice of Allowance for Application No. 13/550,210, 9 pages dated May 19, 2014 (Exhibit Number 2076 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 13 | US application as-filed and Preliminary Amendment for Application No. 13/550,210, 59 pages dated July 16, 2012 (Exhibit Number 2087 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 14 | US Application as-filed for application No. 14/198,992, 52 pages, dated March 6, 2014 (Exhibit Number 2086 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 15 | US Application as-filed, Application Data Sheet, and Preliminary Amendment for Application No. 12/837,359, 101 pages, dated July 15, 2010 (Exhibit Number 2100 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 16 | US Application for Letters Patent for Application No. 11/233,495 as-filed and preliminary amendment, 77 pages, dated September 21, 2005 (Exhibit Number 2095 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 17 | US Application No. 11/233,495, 74 pages; excerpts of prosecution history for including: US Supplemental Amendment and Response dated May 8, 2014; Second Supplemental Response dated July 5, 2013; Supplemental Amendment dated June 26, 2013; Amendment after Non-final Action dated November 1, 2010; Amendment under 35 USC 1.114 dated September 16, 2009 (Exhibit Number 2054 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 18 | US Application No. 14/198,992, 17 pages; excerpts of prosecution history including: Supplemental Amendment dated July 16, 2014; Response to Non-Final Office Action dated July 14, 2014 (Exhibit Number 2056 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 19 | US Application No. 14/248,279, 29 pages; excerpts of prosecution history including: Amendment under 37 CFR 1.312 dated September 19, 2014; Amendment in Response to Final Office Action dated August 7, 2014; Declaration under 37 CFR 1.132 dated May 26, 2014; Declaration under 37 CFR 1.132 dated May 27, 2014; Response dated June 3, 2014 (Exhibit Number 2057 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 20 | US Application No.13/550,210, 27 pages; excerpts of prosecution history including: Response and Amendment dated May 12, 2014; Response to Non-Final Office Action dated January 21, 2014; Second Preliminary Amendment dated January 3, 2013 (Exhibit Number 2055 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 21 | US claim amendments for Application No. 13/550,210, 3 pages, dated May 12, 2014 (Exhibit Number 2078 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 22 | US Claims for Application No. 12/976,381, 1 page, dated December 22, 2010 (Exhibit Number 2065 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |

SRPT-VYDS-0003332

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 15705172 |
|---|---|---|
| | Filing Date | 2017-09-14 |
| | First Named Inventor | Stephen Donald WILTON |
| | Art Unit | 1674 |
| | Examiner Name | Not Yet Assigned |
| | Attorney Docket Number | AVN-008CN41 |

| | 23 | US Declaration of Richard K. Bestwick, for Application No. 11/570,691, 5 pages, dated June 15, 2010 (Exhibit Number 1044 filed in interferences 106008, 106007 on November 18, 2014) | |
|---|---|---|---|
| | 24 | US E-mail from Patent Trial and Appeal Board to Danny Huntington, 2 pages, dated October 9, 2014 (Exhibit Number 2002 filed in interferences 106008 on October 17, 2014) | |
| | 25 | US Non-Final Office Action for Application No. 11/570,691, 16 pages, dated March 15, 2010 (Exhibit Number 1042 filed in interferences 106008, 106007 on November 18, 2014) | |
| | 26 | US Office Action for Application No. 13/271,080, 25 pages, dated July 30, 2012 (Exhibit Number 1048 filed in interferences 106008, 106007 on November 18, 2014) | |
| | 27 | US Office Action for Application No. 13/550,210, 12 pages, dated September 27, 2013 (Exhibit Number 2080 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 28 | US Office Action for Application No. 13/902,376, 7 pages, dated January 7, 2014 (Exhibit Number 1045 filed in interferences 106008, 106007 on November 18, 2014) | |
| | 29 | US Patent Application No. 12/198,007 as-filed, 64 pages, dated August 25, 2008 (Exhibit Number 2092 filed in interferences 106008, 106013, and 106007 on November 18, 2014) | |
| | 30 | US Preliminary Amendment and application as-filed for Application No. 12/976,381,64 pages, dated December 22, 2010  (Exhibit No. 2089 filed in Interferences 106007, 106008, and 106013 on November 18, 2014) | |
| | 31 | US Preliminary Amendment for Application No. 11/233,495, 10 pages, dated September 21, 2005 (Exhibit Number 2069 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 32 | US Preliminary Remarks for Application No. 14/198,992, 1 page, dated March 6, 2014 (Exhibit Number 2097 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| | 33 | US Proposed Terminal Disclaimer for Application No. 12/860,078, 2 pages, dated October 17, 2014 (Exhibit Number 2001 filed in interference 106008 on October 17, 2014) | |

SRPT-VYDS-0003333

| | | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | 15705172 |
| | Filing Date | 2017-09-14 |
| | First Named Inventor | Stephen Donald WILTON |
| | Art Unit | 1674 |
| | Examiner Name | Not Yet Assigned |
| | Attorney Docket Number | AVN-008CN41 |

| | | |
|---|---|---|
| 34 | US Remarks for Application No. 14/248,279, 2 pages, dated August 27, 2014 (Exhibit Number 2110 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| 35 | US Response and amendments for Application No. 13/550,210, 12 pages, dated January 21, 2014 (Exhibit Number 2063 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| 36 | US Revised Figure 4H, US Application No. 13/271,080, 1 page (Exhibit Number 1050 filed in interferences 106008, 106007 on November 18, 2014) | |
| 37 | US Terminal Disclaimer for Application No. 14/198,992, 1 page, dated July 15, 2014 (Exhibit Number 2096 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| 38 | US Terminal Disclaimer for Application No. 14/248,279, 1 page, dated August 7, 2014 (Exhibit Number 2109 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| 39 | US Track One Request, Application as-filed, and Application Data Sheet for Application No. 14/248,279, 68 pages, dated April 8, 2014 (Exhibit Number 2108 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| 40 | US Transmittal, application as-filed, and Preliminary Amendment for Application No. 11/570,691, 102 pages, dated December 15, 2006 (Exhibit Number 2103 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| 41 | US Transmittal, application as-filed, and Preliminary Amendment for Application No. 13/270,992, 101 pages, dated October 11, 2011 (Exhibit Number 2098 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| 42 | US Transmittal, application as-filed, and Preliminary Amendment for Application No. 13/271,080, 115 pages, dated October 11, 2011 (Exhibit Number 2111 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| 43 | US Updated Filing Receipt for Application No. 13/550,210, 3 pages, dated December 11, 2012 (Exhibit Number 2044 filed in interferences 106008, 106013, 106007 on November 18, 2014) | |
| 44 | USPTO "2014 Procedure for Subject Matter Eligibility Analysis of Claims Reciting or Involving...Natural Products" ("the March Guidance"), 19 pages, (Exhibit Number 2118 filed in interferences 106,007 and 106,008 on February 17, 2015. | |

EFS Web 2.1.17

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 15705172 |
| | Filing Date | 2017-09-14 |
| | First Named Inventor | Stephen Donald WILTON |
| | Art Unit | 1674 |
| | Examiner Name | Not Yet Assigned |
| | Attorney Docket Number | AVN-008CN41 |

| | 45 | USPTO Written Description Training Materials, Revised March 25, 2008, Example 12 (Exhibit Number 1068 filed in interferences 106008, 106007 on December 23, 2014) | |
| | 46 | UWA Clean Copy of Claims and Sequence, as filed in Interference No. 106,007 on August 1, 2014 (Paper 12), 8 pages, (Exhibit Number 2126 filed in interferences 106,007 and 106,008 on February 17, 2015. | |
| | 47 | UWA Clean Copy of Claims and Sequence, as filed in Interference No. 106,007 on August 7, 2014 (Paper 12), 8 pages, (Exhibit Number 2127 filed in interferences 106,007 and 106,008 on February 17, 2015. | |
| | 48 | UWA Motion 1 (For Judgment Under 35 § 112(a)) from Int. No. 106,007 (PN 210), Pages 40, Exhibit Number 1005 filed in Interference 106,013 on February 17, 2015. | |
| | 49 | UWA Motion 1 (For Judgment Under 35 § 112(a)) from Int. No. 106,008 (Doc 213), Pages 38, Exhibit Number 1004 filed in Interference 106,013 on February 17, 2015. | |
| | 50 | UWA submission of teleconference transcript , 28 pages, dated December 12, 2014 (Exhibit Number 2114 filed in interferences 106008 and 106007 on December 12, 2014) | |

If you wish to add additional non-patent literature document citation information please click the Add button    Add

**EXAMINER SIGNATURE**

| Examiner Signature | | Date Considered | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

| | |
|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | 15705172 |
| | Filing Date | 2017-09-14 |
| | First Named Inventor | Stephen Donald WILTON |
| | Art Unit | 1674 |
| | Examiner Name | Not Yet Assigned |
| | Attorney Docket Number | AVN-008CN41 |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

See attached certification statement.

The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

A certification statement is not submitted herewith.

## SIGNATURE

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Amy E. Mandragouras, Esq./ | Date (YYYY-MM-DD) | 2017-09-22 |
|---|---|---|---|
| Name/Print | Amy E. Mandragouras, Esq. | Registration Number | 36,207 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

EFS Web 2.1.17

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.  The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.  A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.  A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.  A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.  A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.  A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.  A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.  A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.  A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

SRPT-VYDS-0003337



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

500        7590        08/16/2010

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVE
SUITE 5400
SEATTLE, WA 98104

| EXAMINER |
| --- |
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 1635 | |

DATE MAILED: 08/16/2010

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 11/570,691 | 01/15/2008 | Stephen Donald Wilton | 120178.411USPC | 4041 |

TITLE OF INVENTION: ANTISENSE OLIGONUCLEOTIDES FOR INDUCING EXON SKIPPING AND METHODS OF USE THEREOF

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 11/16/2010 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.

SRPT-VYDS-0003338

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>    Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or** <u>Fax</u>    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

500          7590          08/16/2010

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVE
SUITE 5400
SEATTLE, WA 98104

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/570,691 | 01/15/2008 | Stephen Donald Wilton | 120178.411USPC | 4041 |

TITLE OF INVENTION: ANTISENSE OLIGONUCLEOTIDES FOR INDUCING EXON SKIPPING AND METHODS OF USE THEREOF

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 11/16/2010 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHONG, KIMBERLY | 1635 | 536-024500 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent): ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**

☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.    ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____    Date _____

Typed or printed name _____    Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85  (Rev. 08/07) Approved for use through 08/31/2010.          OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/570,691 | 01/15/2008 | Stephen Donald Wilton | 120178.411USPC | 4041 |

500    7590    08/16/2010

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVE
SUITE 5400
SEATTLE, WA 98104

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1635 | |

DATE MAILED: 08/16/2010

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 0 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 0 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.

SRPT-VYDS-0003340

| *Notice of Allowability* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 11/570,691 | WILTON ET AL. | |
| | Examiner | Art Unit | |
| | KIMBERLY CHONG | 1635 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *06/15/2010*.

2. ☒ The allowed claim(s) is/are *16-32 and 34-37*.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

       1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date *06/17/2010*

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☐ Examiner's Amendment/Comment

8. ☒ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

/Kimberly Chong/
Primary Examiner AU1635

SRPT-VYDS-0003341

Application/Control Number: 11/570,691                                        Page 2
Art Unit: 1635

The following is an examiner's statement of reasons for allowance:

The declaration filed on 06/15/2010 under 37 CFR 1.132 is sufficient to overcome the rejection of claims 16-32 under 35 U.S.C. 103(a) as being unpatentable over van Deutekom et al. (Nature Reviews 2003) and Iversen et al. (US Patent No. 6,784,291).

The sequence having SEQ ID No. 181 is free of the art and made of record.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."


### Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Kimberly Chong whose telephone number is 571-272-3111.  The examiner can normally be reached Monday thru Friday between 7-4 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact Christopher Low at 571-272-0951. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that can be viewed in the Patent Application Information Retrieval system (PAIR) can now contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance. Representatives are available to answer your questions daily from 6 am to midnight (EST). The toll free number is (866) 217-9197. When calling please have your application serial or patent number, the type of document you are having an image problem with, the number of pages and the specific nature of the problem.  The Patent

SRPT-VYDS-0003342

Application/Control Number: 11/570,691                                    Page 3
Art Unit: 1635

Electronic Business Center will notify applicants of the resolution of the problem within 5-7 business days. Applicants can also check PAIR to confirm that the problem has been corrected.  The USPTO's Patent Electronic Business Center is a complete service center supporting all patent business on the Internet. The USPTO's PAIR system provides Internet-based access to patent application status and history information. It also enables applicants to view the scanned images of their own application file folder(s) as well as general patent information available to the public. For more information about the PAIR system, see http://pair-direct.uspto.gov.

    For all other customer support, please call the USPTO Call Center (UCC) at 800-786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1635

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/570,691 | 01/15/2008 | Stephen Donald Wilson | | 4041 |

7590     03/15/2010

STEPHEN D. WILTON
18 SPEY ROAD
APPLECROSS, 6153
AUSTRALIA

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1635 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/15/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

SRPT-VYDS-0003344

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/570,691 | WILSON ET AL. |
| | **Examiner** | **Art Unit** | |
| | KIMBERLY CHONG | 1635 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>26 October 2009</u>.

2a)☐ This action is **FINAL**.　　　2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>16-33</u> is/are pending in the application.

　　4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>16-33</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

　　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

　　Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

　　a)☐ All　b)☐ Some * c)☐ None of:

　　　1.☐ Certified copies of the priority documents have been received.

　　　2.☐ Certified copies of the priority documents have been received in Application No. _____.

　　　3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

　　* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☒ Information Disclosure Statement(s) (PTO/SB/08)
　　Paper No(s)/Mail Date <u>11/17/09,12/15/06</u>.

4)☐ Interview Summary (PTO-413)
　　Paper No(s)/Mail Date. _____ .
5)☐ Notice of Informal Patent Application
6)☐ Other: _____ .

SRPT-VYDS-0003345

Application/Control Number: 11/570,691                                         Page 2
Art Unit: 1635

## DETAILED ACTION

### *Election/Restrictions*

Applicant's election of Group I in the reply filed on 10/26/2009 is acknowledged.

Applicant has canceled the elected claims and submitted new claims 16-33 which read

on the elected invention.

### *Status of the Application*

Claims 16-33 are pending and currently under examination.  .

### *Information Disclosure Statement*

The submission of the Information Disclosure Statements on 11/17/2009 and

12/15/2006 is in compliance with 37 CFR 19.7.  The information disclosure statements

have been considered by the examiner and signed copies have been placed in the file.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Claims 16-33 are rejected under 35 U.S.C. 103(a) as being unpatentable over

van Deutekom et al. (Nature Reviews 2003) and Iversen et al. (US Patent No.

6,784,291).

SRPT-VYDS-0003346

Application/Control Number: 11/570,691                                      Page 3
Art Unit: 1635

The instant claims are drawn to an isolated antisense oligonucleotide comprising SEQ ID No. 181 that targets exon 51 of the dystrophy gene wherein the uracil bases are thymine bases, the antisense comprises non-natural backbones and linkages, the sugar molecules are non-natural moieties such as morpholinos, the antisense does not activate RNase H and is linked to a polyethylene glycol molecule.

van Deutekom et al. teach new strategies for treating the genetic defect for Duchenne muscular dystrophy (DMD).  van Deutekom et al teach artificially inducing exon skipping of the DMD gene using antisense oligonucleotides such that is becomes its nearest in-frame milder Becker muscular dystrophy (BMD) counterpart has some therapeutic value wherein the transcript is still capable of producing functional dystrophin (see page 774 and 777).  van Deutekom et al. teach that skipping of exon 51 would restore the reading frame in patients that carry a deletion of exons which is carried by over 17% of all DMD patients, one of the highest DMD causing deletions (see page 778 and Table 3). van Deutekom et al. do not specifically teach the claimed antisense compound comprising the various modifications.

Iversen et al. teach the use of antisense compounds with morpholino subunits and teach these compounds are very efficient because the compounds have advantages such as they do not activate RNase H, have a high binding affinity, have increased uptake into cells and the compounds with morpholino subunits have reduced non-specific binding affinity (see columns 4-7).  Iversen et al. teach the antisense compounds further have modified backbones and linkages such as phosphates and phosphoroamidates as well as comprised of uracil or thymine bases(see columns 3-6)

SRPT-VYDS-0003347

Application/Control Number: 11/570,691                                    Page 4
Art Unit: 1635

and further teach the antisense compounds can be linked to conjugates such as

polyethylene glycol (see paragraph 0117).  In column 13 Iversen et al. teach the routine

steps to designing said compounds to any target gene to initiate splicing.  Iversen et al.

teach methods to design the antisense compound based on the known GenBank

sequence and test the compound once made for effectiveness.

It would have been obvious to one of ordinary skill in the art at the time the

invention was made to make an antisense compound having SEQ ID No. 181 that

targets exon 51 of the dystrophy gene and design the antisense compound to comprise

modified backbones, sugars such as morpholino subunits and linkages as claimed.

One would have wanted to design antisense compounds to exon 51 of the

dystrophy gene given van Deutekom et al. teach targeting this exon to induce exon

skipping could potentially repair functional dystrophin in patients suffering from DMD.

van Deutekom et al. teach the deletion caused by exon 51 is carried in over 17% of

DMD patients and one would have wanted to design an antisense compound in efforts

to make a therapeutic compound that could potentially repair the function of the protein

responsible for muscular dystrophy.  Further one would want to incorporate the claimed

modifications to make a morpholino antisense compound for use given Iversen et al.

teach the advantages of using said compounds, particularly when using the compounds

to induce splicing.

The skilled artisan at the time of the invention would have reasonably expected

to be able to make the claimed antisense compound given the cDNA sequence to DMD

SRPT-VYDS-0003348

Application/Control Number: 11/570,691                                                    Page 5
Art Unit: 1635

exon 51 was known (please see GenBank AF213436) and Iversen et al. teach the basic

steps to designing and testing said antisense compounds to any target gene.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to Kimberly Chong whose telephone number is 571-272-
3111.  The examiner can normally be reached Monday thru Friday between 7-4 pm.

If attempts to reach the examiner by telephone are unsuccessful please contact
Fereydoun Sajjadi at 571-272-3311. The fax phone number for the organization where
this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that
can be viewed in the Patent Application Information Retrieval system (PAIR) can now
contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance.
Representatives are available to answer your questions daily from 6 am to midnight
(EST). The toll free number is (866) 217-9197. When calling please have your
application serial or patent number, the type of document you are having an image
problem with, the number of pages and the specific nature of the problem.  The Patent
Electronic Business Center will notify applicants of the resolution of the problem within
5-7 business days. Applicants can also check PAIR to confirm that the problem has
been corrected.  The USPTO's Patent Electronic Business Center is a complete service
center supporting all patent business on the Internet. The USPTO's PAIR system
provides Internet-based access to patent application status and history information. It
also enables applicants to view the scanned images of their own application file
folder(s) as well as general patent information available to the public. For more
information about the PAIR system, see http://pair-direct.uspto.gov.

For all other customer support, please call the USPTO Call Center (UCC) at 800-
786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1635

SRPT-VYDS-0003349

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/570,691 | 01/15/2008 | Stephen Donald Wilson | 50450.8319 | 4041 |

79975        7590        05/26/2009
King & Spalding LLP
P.O. Box 889
Belmont, CA 94002-0889

| EXAMINER |
|---|
| CHONG, KIMBERLY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1635 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/26/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

SRPT-VYDS-0003350

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 11/570,691 | WILSON ET AL. |
| | Examiner | Art Unit |
| | KIMBERLY CHONG | 1635 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>1</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>15 December 2006</u>.

2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-5,8-10 and 15</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☐ Claim(s) _____ is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☒ Claim(s) <u>1-5,8-10 and 15</u> are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

U.S. Patent and Trademark Office

PTOL-326 (Rev. 08-06)       **Office Action Summary**      Part of Paper No./Mail Date 20090121

SRPT-VYDS-0003351

Application/Control Number: 11/570,691                                           Page 2
Art Unit: 1635

### REQUIREMENT FOR UNITY OF INVENTION

As provided in 37 CFR 1.475(a), a national stage application shall relate to one
invention only or to a group of inventions so linked as to form a single general inventive
concept ("requirement of unity of invention"). Where a group of inventions is claimed in
a national stage application, the requirement of unity of invention shall be fulfilled only
when there is a technical relationship among those inventions involving one or more of
the same or corresponding special technical features. The expression "special technical
features" shall mean those technical features that define a contribution which each of
the claimed inventions, considered as a whole, makes over the prior art.

The determination whether a group of inventions is so linked as to form a single
general inventive concept shall be made without regard to whether the inventions are
claimed in separate claims or as alternatives within a single claim. See 37 CFR
1.475(e).

Restriction is required under 35 U.S.C. 121 and 372.

This application contains the following inventions or groups of inventions which
are not so linked as to form a single general inventive concept under PCT Rule 13.1.

In accordance with 37 CFR 1.499, applicant is required, in reply to this action, to
elect a single invention to which the claims must be restricted.

Group I, claim(s) 1-5, 9 and 15, drawn to an antisense molecule or composition
comprising a combination of molecules that binds to the human dystrophin gene to

SRPT-VYDS-0003352

Application/Control Number: 11/570,691                                    Page 3
Art Unit: 1635

induce exon skipping consisting of a sequence selected from SEQ ID Nos. 1-202, 212-219, SEQ ID Nos. 81 and 82, SEQ OD Nos. 79, 81 and 82 or SEQ ID Nos. 194, 195 and 196.

Group II, claim(s) 8, drawn to a method of treating muscular dystrophy in a human patient comprising administering an antisense molecule according to claim 1.

The instant claims specifically claim antisense molecules having SEQ ID Nos. 1-202 and 212-219, and do not comply with the requirements of unity of invention (Rules 13.1, 13.2, and 13.3) for the reasons indicated below:

According to the guidelines in Section (f)(i)(a) of Annex B of the PCT Administrative Instructions, the special technical feature as defined by PCT Rule 13.2 shall be considered to be met when all the alternatives of a Markush-group are of similar nature. For chemical alternatives, such as the claimed antisense molecules, the Markush group shall be regarded as being of similar nature when (A) all alternatives have a common property or activity and (B)(1) a common structure is present, i.e, a significant structure is shared by all of the alternatives or (B)(2) in cases where the common structure cannot be the unifying criteria, all alternatives belong to an art recognized class of compounds in the art to which the invention pertains.

The instant antisense molecules are considered to be each separate invention for the following reasons: The sequences do not meet the criteria of (A), common property or activity or (B)(2), art recognized class of compounds. Although the molecules target a muscular dystrophin gene, each antisense molecule targets a

SRPT-VYDS-0003353

Application/Control Number: 11/570,691                                                    Page 4
Art Unit: 1635

different exon and behaves in a different way in the context of the claimed invention.

Each molecule targets a different and specific region of a dystrophin gene and each

member of the class cannot be substituted; one for the other, with the expectation that

the same intended result would be achieved.    Further, although the antisense

molecules target a dystrophin gene, the sequences do not meet the criteria of (B)(1), as

they do not share, one with another, a common core structure.    Accordingly, unity of

invention between the sequences is lacking and each sequence claimed is considered

to constitute a special technical feature.

In view of the foregoing, one (1) antisense molecule or a combination of three (3)

antisense molecules as claimed in claim 4 is considered to be a reasonable number of

sequences for examination.  Accordingly, applicants are required to elect a total of one

(1) antisense sequence from claims 1 and 15 or elect a combination of up to trhee (3)

antisense sequences from claim 4.


Groups I and II listed above do not relate to a single general inventive concept

under PCT Rule 13.1 because, under PCT Rule 13.2, they lack the same or

corresponding special technical features for the following reasons: Groups I and II lack

unity of invention because Group II requires administering antisense molecules

consisting of SEQ ID Nos. 1-202, whereas Group II is drawn to antisense molecules

having SEQ ID Nos. 1-2-2, 212-219 and compositions comprising up to three antisense

molecules which are not required for Group II.  Furthermore, each of the antisense

SRPT-VYDS-0003354

Application/Control Number: 11/570,691                                          Page 5
Art Unit: 1635

sequences target and induce exon skipping of a different exon.  Thus the groups do not

share a single inventive concept and lack unity of invention.


Further, this application contains claims directed to more than one species of the

generic invention.  These species are deemed to lack unity of invention because they

are not so linked as to form a single general inventive concept under PCT Rule 13.1.

The species are as follows:

Claim 2 is drawn to different species of exons and therefore one exon must be

elected.  The target exons are distinct from each other because each requires different

antisense molecule that would bind to said exon.  Moreover, the search and

examination for more than one of the exon is burdensome because the searches are

not coextensive.  <u>The election of an exon must be commensurate in scope with the

antisense molecule elected in Group I.</u>


Applicant is advised that the reply to this requirement to be complete must

include (i) an election of a species or invention to be examined even though the

requirement may be traversed (37 CFR 1.143) and (ii) identification of the claims

encompassing the elected invention.

The election of an invention or species may be made with or without traverse. To

preserve a right to petition, the election must be made with traverse. If the reply does

not distinctly and specifically point out supposed errors in the restriction requirement,

the election shall be treated as an election without traverse. Traversal must be

Application/Control Number: 11/570,691                                        Page 6
Art Unit: 1635

presented at the time of election in order to be considered timely. Failure to timely

traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If

claims are added after the election, applicant must indicate which of these claims are

readable on the elected invention or species.

Should applicant traverse on the ground that the inventions have unity of

invention (37 CFR 1.475(a)), applicant must provide reasons in support thereof.

Applicant may submit evidence or identify such evidence now of record showing the

inventions to be obvious variants or clearly admit on the record that this is the case.

Where such evidence or admission is provided by applicant, if the examiner finds one of

the inventions unpatentable over the prior art, the evidence or admission may be used

in a rejection under 35 U.S.C. 103(a) of the other invention.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Kimberly Chong whose telephone number is 571-272-

3111.  The examiner can normally be reached Monday thru Friday between 7-4 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, James Schultz can be reached at 571-272-0763.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Patent applicants with problems or questions regarding electronic images that
can be viewed in the Patent Application Information Retrieval system (PAIR) can now
contact the USPTO's Patent Electronic Business Center (Patent EBC) for assistance.
Representatives are available to answer your questions daily from 6 am to midnight
(EST). The toll free number is (866) 217-9197. When calling please have your
application serial or patent number, the type of document you are having an image
problem with, the number of pages and the specific nature of the problem.  The Patent
Electronic Business Center will notify applicants of the resolution of the problem within

Application/Control Number: 11/570,691                                    Page 7

Art Unit: 1635

5-7 business days. Applicants can also check PAIR to confirm that the problem has been corrected.  The USPTO's Patent Electronic Business Center is a complete service center supporting all patent business on the Internet. The USPTO's PAIR system provides Internet-based access to patent application status and history information. It also enables applicants to view the scanned images of their own application file folder(s) as well as general patent information available to the public. For more information about the PAIR system, see http://pair-direct.uspto.gov.

For all other customer support, please call the USPTO Call Center (UCC) at 800-786-9199.

/Kimberly Chong/
Primary Examiner
Art Unit 1635



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

123147        7590        06/18/2014

Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
| --- |
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 1674 | |

DATE MAILED: 06/18/2014

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 12/605,276 | 10/23/2009 | Peter Sazani | AVN-009RCE | 1379 |

TITLE OF INVENTION: MULTIPLE EXON SKIPPING COMPOSITIONS FOR DMD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 09/18/2014 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003358

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail**

Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**or Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

123147        7590        06/18/2014
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/605,276 | 10/23/2009 | Peter Sazani | AVN-009RCE | 1379 |

TITLE OF INVENTION: MULTIPLE EXON SKIPPING COMPOSITIONS FOR DMD

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | SMALL | $480 | $0 | $0 | $480 | 09/18/2014 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MCDONALD, JENNIFER SUE PITRAK | 1674 | 536-023100 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

❏ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

❏ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2. For printing on the patent front page, list**

(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT** (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :  ❏ Individual  ❏ Corporation or other private group entity  ❏ Government

**4a. The following fee(s) are submitted:**

❏ Issue Fee

❏ Publication Fee (No small entity discount permitted)

❏ Advance Order - # of Copies _____

**4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)**

❏ A check is enclosed.

❏ Payment by credit card. Form PTO-2038 is attached.

❏ The Director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

**5. Change in Entity Status** (from status indicated above)

❏ Applicant certifying micro entity status. See 37 CFR 1.29

❏ Applicant asserting small entity status. See 37 CFR 1.27

❏ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

Page 2 of 3

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

SRPT-VYDS-0003359



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/605,276 | 10/23/2009 | Peter Sazani | AVN-009RCE | 1379 |

123147       7590       06/18/2014
Nelson Mullins Riley & Scarborough LLP/Sarepta
One Post Office Square
Boston, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1674 | |

DATE MAILED: 06/18/2014

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

SRPT-VYDS-0003360

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

### Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

SRPT-VYDS-0003361

| *Notice of Allowability* | Application No. 12/605,276 | Applicant(s) SAZANI ET AL. | |
|---|---|---|---|
| | Examiner JENNIFER PITRAK MCDONALD | Art Unit 1674 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *applicant's 04/18/2014 submission*.

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on_____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are _66, 68-75, 83-111_. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    **Certified copies:**

        a) ☐ All  b) ☐ Some  *c) ☐ None of the:

          1. ☐ Certified copies of the priority documents have been received.

          2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

          3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail No.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date (2)

3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☒ Examiner's Amendment/Comment

6. ☐ Examiner's Statement of Reasons for Allowance

7. ☐ Other _____ .

/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003362

Application/Control Number: 12/605,276                                              Page 2
Art Unit: 1674

The present application is being examined under the pre-AIA first to invent provisions.

## DETAILED ACTION

### *Election/Restrictions*

Claims directed to the elected invention and amended as indicated herein are allowable.
The restriction requirement between Groups 7 and 19 , as set forth in the Office action mailed on
02/11/2011 , has been reconsidered in view of the allowability of claims to the elected invention
pursuant to MPEP § 821.04(a). **The restriction requirement is hereby withdrawn as to any
claim that requires all the limitations of an allowable claim.** Specifically, the restriction
requirement of 02/11/2011 is withdrawn as it specifically pertains to groups 7 and 19.  Claims
73-81, directed to methods of using an antisense oligonucleotide for inducing exon 50 skipping,
are no longer withdrawn from consideration because the claim(s) requires all the limitations of
an allowable claim.

In view of the above noted withdrawal of the restriction requirement, applicant is advised
that if any claim presented in a continuation or divisional application is anticipated by, or
includes all the limitations of, a claim that is allowable in the present application, such claim may
be subject to provisional statutory and/or nonstatutory double patenting rejections over the
claims of the instant application.

Once a restriction requirement is withdrawn, the provisions of 35 U.S.C. 121 are no
longer applicable. See In re Ziegler, 443 F.2d 1211, 1215, 170 USPQ 129, 131-32 (CCPA 1971).
See also MPEP § 804.01.

Application/Control Number: 12/605,276

Art Unit: 1674

Page 3

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in an interview with Amy Mandragouras on 06/11/2014.

The application has been amended as follows:

1-65.    (Canceled)

66.    A composition for producing skipping of exon 50 in the processing of human dystrophin pre-processed mRNA, comprising a pharmaceutically acceptable carrier and

a substantially uncharged antisense compound consisting of a base sequence set forth in SEQ ID NO: 287 and consisting of 25 morpholino subunits linked by phosphorus-containing intersubunit linkages joining a morpholino nitrogen of one subunit to a 5' exocyclic carbon of an adjacent subunit, wherein

the antisense compound is capable of forming a heteroduplex structure with a complementary mRNA sequence in the dystrophin-gene exon 50.

67.    (Canceled)

68.    The composition of claim 66, wherein the antisense compound is conjugated to an arginine-rich peptide.

69.    The composition of claim 68, wherein the arginine-rich peptide comprises a sequence selected from SEQ ID NOS: 570-578.

SRPT-VYDS-0003364

Application/Control Number: 12/605,276                                    Page 4
Art Unit: 1674

70.    The composition of claim 66, wherein the intersubunit linkages are phosphorodiamidate intersubunit linkages.

71.    The composition of claim 70, wherein at least one and up to about 50% of the intersubunit linkage(s) comprise a pendant cationic group.

72.    The composition of claim 71, wherein the cationic group is 1-piperazinyl.

73.    A method of inducing exon 50 skipping in a subject with muscular dystrophy, comprising administering to the subject an effective amount of a composition according to claim 66.

74.    The method of claim 73, wherein the muscular dystrophy is Duchenne's muscular dystrophy (DMD).

75.    The method of claim 73, wherein the muscular dystrophy is Becker muscular dystrophy (BMD).

76.-82  (Canceled)

83.    A substantially uncharged antisense oligonucleotide consisting of a base sequence set forth in SEQ ID NO: 287 and consisting of 25 morpholino subunits linked by phosphorus-containing intersubunit linkages joining a morpholino nitrogen of one subunit to a 5' exocyclic carbon of an adjacent subunit, wherein the antisense oligonucleotide is capable of forming a heteroduplex structure with a complementary mRNA sequence in the dystrophin-gene exon 50 inducing exon skipping.

84.    The antisense oligonucleotide of claim 83, wherein the oligonucleotide is conjugated to an arginine-rich peptide.

85.    The antisense oligonucleotide of claim 84, wherein the arginine-rich peptide comprises a sequence selected from SEQ ID NOS: 570-578.

SRPT-VYDS-0003365

Application/Control Number: 12/605,276                                      Page 5
Art Unit: 1674

86.    The antisense oligonucleotide of claim 83, wherein the intersubunit linkages are phosphorodiamidate intersubunit linkages.

87.    The antisense oligonucleotide of claim 86, wherein at least one and up to about 50% of the intersubunit linkage(s) comprise a pendant cationic group.

88.    The antisense oligonucleotide of claim 87, wherein the cationic group is 1-piperazinyl.

89.    The composition of claim 66, wherein the antisense compound is conjugated to a chemical moiety.

90.    The composition of claim 89, wherein the chemical moiety is a polyethylene glycol moiety.

91.    The composition of claim 70, wherein the antisense compound is conjugated to a chemical moiety.

92.    The composition of claim 91, wherein the chemical moiety is a polyethylene glycol moiety.

93.    The antisense oligonucleotide of claim 83, wherein the oligonucleotide is conjugated to a chemical moiety.

94.    The antisense oligonucleotide of claim 93, wherein the chemical moiety is a polyethylene glycol moiety.

95.    The antisense oligonucleotide of claim 86, wherein the oligonucleotide is conjugated to a chemical moiety.

96.    The antisense oligonucleotide of claim 95, wherein the chemical moiety is a polyethylene glycol moiety.

SRPT-VYDS-0003366

Application/Control Number: 12/605,276                                      Page 6
Art Unit: 1674

97.     A method of inducing exon 50 skipping in a subject with muscular dystrophy,
comprising administering to the subject an effective amount of a composition according to claim
70.

98.     The method of claim 97, wherein the muscular dystrophy is Duchenne's muscular
dystrophy (DMD).

99.     The method of claim 97, wherein the muscular dystrophy is Becker muscular
dystrophy (BMD).

100.    A method of inducing exon 50 skipping in a subject with muscular dystrophy,
comprising administering to the subject an effective amount of a composition according to claim
89.

101.    The method of claim 100, wherein the muscular dystrophy is Duchenne's
muscular dystrophy (DMD).

102.    The method of claim 100, wherein the muscular dystrophy is Becker muscular
dystrophy (BMD).

103.    A method of inducing exon 50 skipping in a subject with muscular dystrophy,
comprising administering to the subject an effective amount of a composition according to claim
90.

104.    The method of claim 103, wherein the muscular dystrophy is Duchenne's
muscular dystrophy (DMD).

105.    The method of claim 103, wherein the muscular dystrophy is Becker muscular
dystrophy (BMD).

106.    A method of inducing exon 50 skipping in a subject with muscular dystrophy,
comprising administering to the subject an effective amount of a composition according to claim
91.

Application/Control Number: 12/605,276                                    Page 7
Art Unit: 1674

107.    The method of claim 106, wherein the muscular dystrophy is Duchenne's muscular dystrophy (DMD).

108.    The method of claim 106, wherein the muscular dystrophy is Becker muscular dystrophy (BMD).

109.    A method of inducing exon 50 skipping in a subject with muscular dystrophy, comprising administering to the subject an effective amount of a composition according to claim 92.

110.    The method of claim 109, wherein the muscular dystrophy is Duchenne's muscular dystrophy (DMD).

111.    The method of claim 109, wherein the muscular dystrophy is Becker muscular dystrophy (BMD).

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JENNIFER PITRAK MCDONALD whose telephone number is (571)270-3061.  The examiner can normally be reached on Monday-Friday, 8:30AM-5:00PM, EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Christopher Babic can be reached on 571-272-8507.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

SRPT-VYDS-0003368

Application/Control Number: 12/605,276                                    Page 8
Art Unit: 1674

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system. Status information for published applications

may be obtained from either Private PAIR or Public PAIR. Status information for unpublished

applications is available through Private PAIR only. For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1674

SRPT-VYDS-0003369

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/605,276 | 10/23/2009 | Peter Sazani | AVN-009RCE | 1379 |

959        7590        10/18/2013
NELSON MULLINS RILEY & SCARBOROUGH LLP
FLOOR 30, SUITE 3000
ONE POST OFFICE SQUARE
BOSTON, MA 02109

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1635 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/18/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

SRPT-VYDS-0003370

| **Office Action Summary** | **Application No.** 12/605,276 | **Applicant(s)** SAZANI ET AL. |
| --- | --- | --- |
| | **Examiner** JENNIFER PITRAK MCDONALD | **Art Unit** 1635 | **AIA (First Inventor to File) Status** No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
| --- |

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>25 June 2012</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5) ☒ Claim(s) <u>66 and 68-81</u> is/are pending in the application.
   5a) Of the above claim(s) <u>73-81</u> is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>66 and 68-72</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All    b) ☐ Some *  c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date <u>6/25/2012</u>.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____.

SRPT-VYDS-0003371

Application/Control Number: 12/605,276                                              Page 2
Art Unit: 1635

## DETAILED ACTION

### *Continued Examination Under 37 CFR 1.114*

A request for continued examination under 37 CFR 1.114, including the fee set forth in

37 CFR 1.17(e), was filed in this application after final rejection.  Since this application is

eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e)

has been timely paid, the finality of the previous Office action has been withdrawn pursuant to

37 CFR 1.114.  Applicant's submission filed on 6/25/2012 has been entered and considered.

The text of those sections of Title 35, U.S. Code not included in this action can be found

in a prior Office action.  The rejections and/or objections presented herein are the only rejections

and/or objections currently outstanding.  Any previously presented objections or rejections that

are not presented in this Office Action are withdrawn.  **Claims 66 and 68-72 are under**

**examination.**  Claims 73-81 are withdrawn.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of 35 U.S.C. 112(b):
(b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing
out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the
invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
The specification shall conclude with one or more claims particularly pointing out and distinctly
claiming the subject matter which the applicant regards as his invention.

Claims 66 and 68-72 are rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA),

second paragraph, as being indefinite for failing to particularly point out and distinctly claim the

subject matter which the inventor or a joint inventor, or for pre-AIA the applicant regards as the

invention.

Application/Control Number: 12/605,276                                        Page 3
Art Unit: 1635

Claim 66 recites the limitation "the complementary mRNA sequence" in lines 9-10.

There is insufficient antecedent basis for this limitation in the claim.

Claim 70 recites "comprising phosphorodiamidate intersubunit linkages".  There is

unclear antecedent basis for this limitation.  First, claim 70 is to the "composition" of claim 66

"comprising phosphorodiamidate intersubunit linkages".  It is not clear how a composition may

comprise linkages.  Further, claim 66 is to a composition comprising an antisense compound and

an oligonucleotide.  Therefore, claim 70 is unclear as to what molecule or structure comprises

phosphorodiamidate intersubunit linkages.


### Claim Rejections - 35 USC § 102

The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
> (e) the invention was described in (1) an application for patent, published under section 122(b), by
> another filed in the United States before the invention by the applicant for patent or (2) a patent granted
> on an application for patent by another filed in the United States before the invention by the applicant
> for patent, except that an international application filed under the treaty defined in section 351(a) shall
> have the effects for purposes of this subsection of an application filed in the United States only if the
> international application designated the United States and was published under Article 21(2) of such
> treaty in the English language.

Claims 66 and 68-72 are rejected under pre-AIA 35 U.S.C. 102(e) as being anticipated by

Moulton, et al. (US 2010/0016215 A1, filing date June 29, 2007).

The applied reference has a common inventor with the instant application.  Based upon

the earlier effective U.S. filing date of the reference, it constitutes prior art under pre-AIA 35

U.S.C. 102(e). This rejection under pre-AIA 35 U.S.C. 102(e) might be overcome either by a

showing under 37 CFR 1.132 that any invention disclosed but not claimed in the reference was

SRPT-VYDS-0003373

Application/Control Number: 12/605,276                                    Page 4

Art Unit: 1635

derived from the inventor of this application and is thus not the invention "by another," or by an

appropriate showing under 37 CFR 1.131(a).

Moulton teaches a composition as instantly claimed.  See at least abstract;  paragraphs

[0042], [0052] - [0056]; SEQ ID NO:34, SEQ ID NO:19; claims.

Therefore, Moulton anticipates the instant claims 66 and 68-72.


### *Claim Rejections - 35 USC § 103 - Maintained*

**Matsuo, et al., Wilton, et al., and Venter, et al.**

Claims 66 and 70 are rejected under 35 U.S.C. 103(a) as being unpatentable over Matsuo,

et al. (US 2007/0082861)(of record, 06/14/2011 IDS), Wilton, et al. (WO 2006/000057, of

record), and Venter, et al. (US 2007/0037165, of record).  This rejection is maintained.

The claims are directed to a morpholino antisense oligonucleotide comprising SEQ ID

NO: 287 and having phosphorodiamidate internucleotide linkages useful for producing exon

skipping of exon 50 in processing of human dystrophin mRNA.

Matsuo, et al. and Wilton, et al. teach antisense oligonucleotides for producing exon

skipping of exon 50 in processing of human dystrophin mRNA.  Matsuo, et al. teach an antisense

oligonucleotide targeting dystrophin (p.91, paragraphs 756-757).  This antisense oligonucleotide

comprises 18 of 25 nucleotides of the instantly claimed antisense oligonucleotide having SEQ ID

NO:287 as shown (shared nucleotides are underlined).

```
Matsuo, et al.         5'-GCTCCAATAGTGGTCAGT-3'
SEQ ID NO: 287   5'-CTTACAGGCTCCAATAGTGGTCAGT-3'
```

Application/Control Number: 12/605,276                                    Page 5
Art Unit: 1635

Wilton, et al. teach antisense oligonucleotides for producing exon skipping of exon 50 in

processing of human dystrophin mRNA.  Wilton, et al. teach that the antisense oligonucleotides

may preferably be between 17-30 nucleotides in length (p.24, second paragraph) and that the

antisense oligonucleotides may be morpholino antisense oligonucleotides (see description for

Table 1A spanning pages 16 and 17).  Wilton, et al. exemplify antisense oligonucleotides that are

25 nucleotides in length (table starting at page 10).  Wilton, et al. teach that the antisense

molecules may be oligonucleotides wherein at least one, all, or every other of the internucleotide

bridging phosphate residues are modified phosphates, including phosphoropiperazidates and

phosphoramidates (p.26).

Venter, et al. teach the human dystrophin (DMD) sequence.  See SEQ ID NO:14546, for

example.  Matsuo's antisense oligonucleotide corresponds to the DMD sequence as shown.


```
Matsuo, et al.              5'       GCTCCAATAGTGGTCAGT   3'
                                     ||||||||||||||||||
Venter, et al.  3' (113967) GAATGTCCGAGGTTATCACCAGTCA (113943) 5'
```


It would have been obvious to one of skill in the art at the time the instant invention was

made to make an antisense oligonucleotide targeting exon 50 of the human dystrophin gene

because Matsuo, et al. and Wilton, et al. teach such oligonucleotides.  It would have been

obvious to make the antisense oligonucleotide having the sequence 5'-

GCTCCAATAGTGGTCAGT-3' for exon skipping, because Matsuo, et al. teach such an

oligonucleotide. It further would have been obvious to extend the oligonucleotide in either the 5'-

or 3'-direction to incorporate up to 30 nucleotides because Wilton, et al. suggest that the

antisense oligonucleotides comprise up to 30 nucleotides.  Extension of Matsuo's  antisense

Application/Control Number: 12/605,276                                             Page 6
Art Unit: 1635

oligonucleotide by just 7 nucleotides in the 5'-direction would yield an antisense oligonucleotide

comprising the instantly claimed SEQ ID NO:287.   It further would have been obvious to make

the oligonucleotide with morpholino subunits and phosphorodiamidate intersubunit linkages

because Wilton, et al. suggest that the oligonucleotides may be made with morpholino subunits

3and phosphoramidate linkages.  One of skill in the art would recognize that phosphoramidate

linkages can be phosphorodiamidate linkages.  Therefore, the instant claims would have been

*prima facie* obvious to one of skill in the art at the time of the instant invention.

### Response to Arguments

Applicant argues at page 4 of the 06/25/2012 response that the Wu, et al. reference

submitted on 11/22/2011 and cited by Dr. Bestwick (declaration submitted 11/22/2011)

demonstrates that those of skill in the art understood that the results of changing the length of an

AON was unpredictable.  Applicant also argues that a *prima facie* case of obviousness based on

the cited references has not been established (see top of page 5 of the 06/25/2012 response).

This is not persuasive.  The cited references fairly suggest that a 25-mer antisense

oligonucleotide (AON) would have been obvious to make.  It would have been obvious to try

several AONs of various lengths to optimize for AON function.  This is standard procedure for

AON design, as evidenced by the Wu, et al. reference.  Thus, it would have been obvious to try

making an AON having the instant SEQ ID NO:287 based on the references cited in the

rejection.

At pages 6-8 Applicant argues that the result of lengthening an AON was not predictable

and points again to Dr. Bestwick's declaration and the Wu reference cited therein.  Applicant also

argues that a rejection under 35 U.S.C. § 103 must provide at least some motivation to make the

Application/Control Number: 12/605,276                                                    Page 7
Art Unit: 1635

combination or modificaiton, as suggested, either in the references or general knowledge in the

art. This is not persuasive. One of ordinary skill in the art at the time of the instant invention

provided with the cited references would have been motivated to try making AONs of various

lengths and comprising the sequence taught by Matsuo because Wilton, et al. suggest that the

antisense oligonucleotides comprise up to 30 nucleotides and those of skill in the art were well

apprised of the fact that AONs having longer stretches of complementarity to the target sequence

hybridize better and are more specific for the target molecule. While AON activity may not have

been predictable, one of ordinary skill in the art would be motivated to try several AONs within

the guidelines provided by the art at the time, such as that cited in the rejection, in an effort to

optimize AON activity. Therefore, a morpholino AON having the instantly claimed SEQ ID

NO:287 would have been *prima facie* obvious at the time of the instant invention.

    Applicant also argues that none of the cited references provide motivation to specifically

choose the nucleotides that make up the 25-mer sequence consisting of SEQ ID NO:287. (See

pages 8-9 of the 06/25/2012 response.) This is not persuasvie. Matsuo provides a short AON.

Venter provides the target sequence. Wilton provides the teachings of AON length. The

"choice" of nucleotides is simply extension of Matsuo's AON by 7 nucleotides.


**Matsuo, et al., Wilton, et al., Venter, et al., and Weller, et al.**

    Claims 66 and 68-72 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Matsuo, et al. (US 2007/0082861)(06/14/2011 IDS), Wilton, et al. (WO 2006/000057, of record),

and Venter, et al. (US 2007/0037165, of record) as applied to claims 66 and 70 above, and

further in view of Weller, et al. (US 2008/0194463, of record). This rejection is maintained.

SRPT-VYDS-0003377

Application/Control Number: 12/605,276                                    Page 8
Art Unit: 1635

### *Response to Arguments*

Applicant's arguments are addressed above.


### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to JENNIFER PITRAK MCDONALD whose telephone number is

(571)270-3061.  The examiner can normally be reached on Monday-Friday, 8:30AM-5:00PM,

EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Christopher Babic can be reached on 571-272-8507.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1635

U<small>NITED</small> S<small>TATES</small> P<small>ATENT AND</small> T<small>RADEMARK</small> O<small>FFICE</small>

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/605,276 | 10/23/2009 | Peter Sazani | 40239-711.201 | 1379 |

21971         7590         12/23/2011

WILSON, SONSINI, GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050

| EXAMINER |
|---|
| MCDONALD, JENNIFER SUE PITRAK |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1635 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/23/2011 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

SRPT-VYDS-0003379

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 12/605,276 | SAZANI ET AL. |
| | **Examiner** | **Art Unit** | |
| | JENNIFER PITRAK MCDONALD | 1635 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>22 November 2011</u>.

2a)☒ This action is **FINAL**.    2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>66-81</u> is/are pending in the application.

4a) Of the above claim(s) <u>73-81</u> is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>66-72</u> is/are rejected.

7)☐ Claim(s) _ is/are objected to.

8)☐ Claim(s) _ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All   b)☐ Some * c)☐ None of:

1. ☐ Certified copies of the priority documents have been received.

2. ☐ Certified copies of the priority documents have been received in Application No. _____.

3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

5) ☐ Notice of Informal Patent Application

6) ☒ Other: *Declaration of Dr. Rick Bestwick*.

SRPT-VYDS-0003380

Application/Control Number: 12/605,276                                    Page 2
Art Unit: 1635

## DETAILED ACTION

### *Remarks*

The amendments and remarks filed on 11/22/2011 have been entered and considered.
Claims 1-65 are canceled.  Claims 66-81 are pending.  Claims 73-81 are withdrawn from further
consideration pursuant to 37 CFR 1.142(b) as being drawn to a nonelected invention.

Claims 66-72 are under examination.

The rejections and/or objections presented herein are either newly applied or maintained
and are the only rejections and/or objections currently outstanding.

### *Claim Rejections - 35 USC § 112 - Maintained*

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the
> subject matter which the applicant regards as his invention.

Claims 66-72 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for
failing to particularly point out and distinctly claim the subject matter which applicant regards as
the invention.

Claims 66 and 67 recite the limitation "the targeting sequence of SEQ ID NO:287".
There is insufficient antecedent basis for this limitation in the claim.  The targeting sequence of
SEQ ID NO:287 is not previously defined in the specification or in the claims.  SEQ ID NO:287
is 25 nucleotides in length.  It is not clear from the claim language or supporting disclosure what
portion of SEQ ID NO:287 is "the targeting sequence".  For the purpose of identifying prior art,
the claims are interpreted as requiring the full length of SEQ ID NO:287.  If Applicant intends

SRPT-VYDS-0003381

Application/Control Number: 12/605,276                                        Page 3
Art Unit: 1635

the claims to be directed to the full length sequence, SEQ ID NO:287, claim 66 would more

appropriately read, in part, "comprising SEQ ID NO:287" in place of "comprising the targeting

sequence of SEQ ID NO:287" and claim 67 would more appropriately read, in part, "consists of

SEQ ID NO:287" in place of "consists of the targeting sequence of SEQ ID NO:287."

### *Response to Arguments*

Applicant presented no arguments in response to this rejection.

### *Claim Rejections - 35 USC § 103 - Maintained*

## Matsuo, et al., Wilton, et al., and Venter, et al.

Claims 66, 67, and 70 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Matsuo, et al. (US 2007/0082861)(of record, 06/14/2011 IDS), Wilton, et al. (WO 2006/000057,

of record), and Venter, et al. (US 2007/0037165, of record). This rejection is maintained and is

repeated herein for reference.

The claims are directed to a morpholino antisense oligonucleotide comprising SEQ ID

NO: 287 and having phosphorodiamidate internucleotide linkages useful for producing exon

skipping of exon 50 in processing of human dystrophin mRNA.

Matsuo, et al. and Wilton, et al. teach antisense oligonucleotides for producing exon

skipping of exon 50 in processing of human dystrophin mRNA. Matsuo, et al. teach an antisense

oligonucleotide targeting dystrophin (p.91, paragraphs 756-757). This antisense oligonucleotide

comprises 18 of 25 nucleotides of the instantly claimed antisense oligonucleotide having SEQ ID

NO:287 as shown (shared nucleotides are underlined).

Application/Control Number: 12/605,276                                    Page 4
Art Unit: 1635

```
Matsuo, et al.           5'-GCTCCAATAGTGGTCAGT-3'
SEQ ID NO: 287  5'-CTTACAGGCTCCAATAGTGGTCAGT-3'
```

Wilton, et al. teach antisense oligonucleotides for producing exon skipping of exon 50 in

processing of human dystrophin mRNA.  Wilton, et al. teach that the antisense oligonucleotides

may preferably be between 17-30 nucleotides in length (p.24, second paragraph) and that the

antisense oligonucleotides may be morpholino antisense oligonucleotides (see description for

Table 1A spanning pages 16 and 17).  Wilton, et al. exemplify antisense oligonucleotides that are

25 nucleotides in length (table starting at page 10).  Wilton, et al. teach that the antisense

molecules may be oligonucleotides wherein at least one, all, or every other of the internucleotide

bridging phosphate residues are modified phosphates, including phosphoropiperazidates and

phosphoramidates (p.26).

Venter, et al. teach the human dystrophin (DMD) sequence.  See SEQ ID NO:14546, for

example.  Matsuo's antisense oligonucleotide corresponds to the DMD sequence as shown.

```
Matsuo, et al.         5'     GCTCCAATAGTGGTCAGT   3'
                              ||||||||||||||||||
Venter, et al.  3' (113967) GAATGTCCGAGGTTATCACCAGTCA (113943) 5'
```

It would have been obvious to one of skill in the art at the time the instant invention was

made to make an antisense oligonucleotide targeting exon 50 of the human dystrophin gene

because Matsuo, et al. and Wilton, et al. teach such oligonucleotides.  It would have been

obvious to make the antisense oligonucleotide having the sequence 5'-

GCTCCAATAGTGGTCAGT-3' for exon skipping, because Matsuo, et al. teach such an

oligonucleotide. It further would have been obvious to extend the oligonucleotide in either the 5'-

SRPT-VYDS-0003383

Application/Control Number: 12/605,276                                      Page 5
Art Unit: 1635

or 3'-direction to incorporate up to 30 nucleotides because Wilton, et al. suggest that the

antisense oligonucleotides comprise up to 30 nucleotides.  Extension of Matsuo's  antisense

oligonucleotide by just 7 nucleotides in the 5'-direction would yield an antisense oligonucleotide

comprising the instantly claimed SEQ ID NO:287.   It further would have been obvious to make

the oligonucleotide with morpholino subunits and phosphorodiamidate intersubunit linkages

because Wilton, et al. suggest that the oligonucleotides may be made with morpholino subunits

and phosphoramidate linkages.  One of skill in the art would recognize that phosphoramidate

linkages can be phosphorodiamidate linkages.  Therefore, the instant claims would have been

*prima facie* obvious to one of skill in the art at the time of the instant invention.

### *Response to Arguments*

Applicant's arguments filed 11/22/2011 have been fully considered but they are not

persuasive.

Applicant argues that none of the cited reference teach or suggest SEQ ID NO:287 and

that the Office does not provide "any scientific rationale as to why a person of ordinary skill in

the art would specifically extend the Matsuo, et al. sequence to specifically identify and include

the 7 nucleotides of SEQ ID NO:287 that are not present in Matsuo, et al. for inclusion in an

antisense oligonucleotide, " (page 6 of 11/22/11 response).  Applicant further argues that Venter,

et al. does not provide any further guidance in this regard.

Contrary to Applicant's assertion that no rationale was provided in the rejection,

Applicant will notice in the recited rejection above that a rationale was provided.  The art

suggests exon-skipping antisense oligonucleotides (AONs) of 30 nucleotides in length such that

one of skill could easily arrive at the claimed molecules starting from Matsuo's exon-skipping

Application/Control Number: 12/605,276                                    Page 6
Art Unit: 1635

AON combined with Wilton's teaching of 30-nucleotide exon-skipping AONs and Venter's

teaching of the target sequence.  Furthermore, those of skill in the art are well apprised of the

gain in specificity achieved with longer AONs compared to shorter AONs.  The skilled artisan

would recognize that a 30-nucleotide AON would be more specific than the 18-nucleotide AON

of Matsuo and would be motivated to use the longer AON to achieve greater target specificity.

Applicant appears to be arguing that the Office is using hindsight to arrive at the claimed

invention (bottom of page 6 of 11/22/11 response).  In response to applicant's argument that the

examiner's conclusion of obviousness is based upon improper hindsight reasoning, it must be

recognized that any judgment on obviousness is in a sense necessarily a reconstruction based

upon hindsight reasoning.  But so long as it takes into account only knowledge which was within

the level of ordinary skill at the time the claimed invention was made, and does not include

knowledge gleaned only from the applicant's disclosure, such a reconstruction is proper.  See *In*

*re McLaughlin*, 443 F.2d 1392, 170 USPQ 209 (CCPA 1971).

At page 7 of the 11/22/2011 response Applicant argues that each of the cited references

does not teach the instantly claimed SEQ ID NO:287.  This argument has been addressed.

Applicant argues that no teaching, suggestion, or motivation has been provided in the

current rejection.  This is not persuasive and was addressed in the above response regarding the

rationale of the rejection.

Applicant then argues, at pages 8-9, that a person of ordinary skill in the art would have

recognized that even minor changes in oligonucleotide sequence can cause significantly different

results with respect to AON activity on skipping of exon 50.  In support of this argument,

Applicant points to a Declaration submitted under 37 C.F.R. § 1.132 by Dr. Rick Bestwick and

Application/Control Number: 12/605,276                                        Page 7
Art Unit: 1635

to Wu, et al. (2011, PLoS One, v.6, no.5:e19906).  The arguments presented by Applicant's

representative on pp.8-9 and the Declaration of Dr. Rick Bestwick reflect the same arguments as

follows.  First, Applicant summarizes the findings reported by Wu, et al., that AONs with

common 5' or 3' termini and that vary in length demonstrate variable efficacy with regard to exon

skipping and that sequences that are longer or shorter by even two nucleotides have differing

activity levels.  Applicant then points to specific examples presented in the Wu, et al. reference

and concludes that a *prima facie* case of obviousness has not been established.  This is not

persuasive.

As a first matter, the claims do not contain functional limitations such that the claims

would be unpredictable given the teachings of the cited references.  It would have been obvious

to <u>make</u> the instantly claimed AON based on the cited references for the aforementioned reasons.

Second, the Wu, et al. reference furthers the *prima facie* case of obviousness.  Wu, et al.

demonstrate that the skilled artisan would seek to optimize exon-skipping AONs by increasing

and decreasing the length of such molecules.  The fact that some AONs function better than

others is not germane to the rationale to make the AON molecules.  Clearly Wu, et al. were

motivated to make various lengths of the AONs.

The Declaration under 37 CFR 1.132 filed 11/22/2011 is insufficient to overcome the

rejection of claims 66-72 as set forth in the last Office action because of the foregoing reasons.

 In view of the foregoing, when all of the evidence is considered, the totality of the

rebuttal evidence of nonobviousness fails to outweigh the evidence of obviousness.


**Matsuo, et al., Wilton, et al., Venter, et al., and  Weller, et al.**

SRPT-VYDS-0003386

Application/Control Number: 12/605,276                                    Page 8
Art Unit: 1635

Claims 66-72 are rejected under 35 U.S.C. 103(a) as being unpatentable over Matsuo, et al. (US 2007/0082861)(06/14/2011 IDS), Wilton, et al. (WO 2006/000057, of record), and Venter, et al. (US 2007/0037165, of record) as applied to claims 66, 67, and 70 above, and further in view of Weller, et al. (US 2008/0194463, of record).  This rejection is maintained for the reasons of record.

### Response to Arguments

Applicant's arguments filed 11/22/2011 have been fully considered but they are not persuasive. Applicant's arguments were addressed in the preceding "Response to Arguments".

### Conclusion

**THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JENNIFER PITRAK MCDONALD whose telephone number is

SRPT-VYDS-0003387

Application/Control Number: 12/605,276                                    Page 9
Art Unit: 1635

(571)270-3061.  The examiner can normally be reached on Monday-Friday, 8:30AM-5:00PM,

EST.

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Heather Calamita can be reached on 571-272-2876.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

     Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system.  Status information for published applications

may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished

applications is available through Private PAIR only.  For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would

like assistance from a USPTO Customer Service Representative or access to the automated

information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/JENNIFER PITRAK MCDONALD/
Primary Examiner, Art Unit 1635

SRPT-VYDS-0003388