IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-1015 (JLH) |
| SAREPTA THERAPEUTICS, INC., | ) ) ) |
| Defendant. | ) |
| SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA, | ) ) ) |
| Defendant/Counter-Plaintiffs, | ) ) |
| v. | ) ) |
| NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC. | ) ) ) |
| Plaintiff/Counter-Defendants. | ) |

**JOINT STIPULATION REGARDING DISMISSAL
OF CERTAIN CLAIMS AND DEFENSES**

WHEREAS, Plaintiff/Counter-Defendant Nippon Shinyaku Co., Ltd. and Counter-Defendant NS Pharma, Inc. ("NS") and Defendant/Counter-Plaintiff Sarepta Therapeutics, Inc. and Counter-Plaintiff The University of Western Australia ("Sarepta") (collectively, the "Parties") have agreed to enter into this stipulation in order to streamline the issues in dispute in this matter, subject to the approval of the Court;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, and subject to the approval of the Court, as follows:

1.  Sarepta stipulates that it voluntarily dismisses in part its defense of no direct infringement, induced infringement, and contributory infringement of claims 1-3 of U.S. Patent

No. 10,385,092, claims 1-2 of U.S. Patent No. 10,407,461, and claims 1-2 of the U.S. Patent No. 10,487,106 (D.I. 328 at 26, Third Defense) with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). For the avoidance of doubt, Sarepta maintains all other defenses and counterclaims, including those for invalidity, unenforceability, and no willful infringement of these patent claims.

2.  Sarepta stipulates that it voluntarily dismisses in part its defense of no induced and contributory infringement of claims 1-12 of U.S. Patent No. 10,647,741 and claims 1-4 of U.S. Patent No. 10,662,217 (D.I. 328 at 26, Third Defense) with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). For the avoidance of doubt, Sarepta maintains all other defenses and counterclaims, including those for invalidity, unenforceability, and no willful infringement of these patent claims.

3.  NS stipulates that it voluntarily dismisses in part its counterclaim of *Walker Process* fraud under Section 2 of the Sherman Act (D.I. 344, Counterclaim Claim XI) to the extent it relates to actual monopolization with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). For the avoidance of doubt, NS is not dismissing the portion of its counterclaim of *Walker Process* fraud under Section 2 of the Sherman Act to the extent it relates to attempted monopolization.

IT IS SO STIPULATED:

| MORGAN, LEWIS & BOCKIUS LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Amy M. Dudash* | */s/ Megan E. Dellinger* |
| Amy M. Dudash (#5741)<br>1201 North Market Street, Suite 2201<br>Wilmington, DE 19801<br>(302) 574-3000<br>amy.dudash@morganlewis.com | Jack B. Blumenfeld (#1014)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mdellinger@morrisnichols.com |
| *Attorneys for Plaintiff/Counter-Defendants Nippon Shinyaku Co., Ltd. and NS Pharma, Inc.* | *Attorneys for Defendant/Counter-Plaintiffs Sarepta Therapeutics, Inc. and The University of Western Australia* |
| January 8, 2024 | |

2

SO ORDERED this  17th  day of January, 2024.

                                                                                  _____
                                                                                   The Honorable Jennifer L. Hall
                                                                                   United States District Court Judge

3