IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1015 (JLH) |
| | ) |
| SAREPTA THERAPEUTICS, INC., | ) |
| | ) |
| Defendant. | ) |
| SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA, | ) |
| | ) |
| | ) |
| Defendant/Counter-Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC. | ) |
| | ) |
| | ) |
| Plaintiff/Counter-Defendants. | ) |

**STIPULATION AND [PROPOSED] ORDER REGARDING AUTHENTICITY**

Plaintiff and Counter-Defendants Nippon Shinyaku Co., Ltd. and NS Pharma Inc. ("Plaintiffs") and Defendant and Counter-Plaintiffs Sarepta Therapeutics, Inc and The University of Western Australia ("Defendants"), stipulate and agree as follows:

The parties agree that documents produced by a party to the action or a third-party in response to a subpoena served in connection with the action shall be presumed genuine and authentic, for the purposes of this lawsuit only, absent a showing of good cause. The parties also agree that FDA documents produced by a party or cited in an expert report (including documents that any party provided to and/or received from the FDA and FDA press releases) shall be presumed genuine and authentic, for purposes of this lawsuit only, absent a showing of good cause.

Good cause would include issues relating to the completeness of the document (e.g., missing or incomplete pages) or any conditions in the actual document or the manner in which it was produced that brings into question whether the document was actually generated by the party.

The parties agree to meet and confer in good faith regarding any disputes about the authenticity of documents under the terms of this stipulation, and reserve the right to raise any disputes with the Court prior to the introduction of any document about which there is an authenticity dispute prior to the use of any such document at trial. The parties further reserve the right to object to the admissibility of a document on grounds other than authenticity, including but not limited to, for example, relevance, prejudice, and hearsay.

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Amy M. Dudash*

_____
Amy M. Dudash (#5741)
1201 North Market Street, Suite 2201
Wilmington, DE  19801
(302) 574-3000
amy.dudash@morganlewis.com

*Attorney for Plaintiff/Counter-Defendants*


February 14, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Defendant/Counter-Plaintiffs*


SO ORDERED this _____ day of _____, 2024.


_____
United States District Court Judge


- 2 -