# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHERVON (HK) LTD., CHERVON NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ONE WORLD TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES CO. LTD., HOMELITE CONSUMER PRODUCTS, INC., <br><br> Defendants. | Civil Action No. 19-1293-GBW <br><br> ■■■■■■■■ |

## **MEMORANDUM ORDER**

There are five pending motions on three pending issues. First, Defendants One World Technologies, Inc., Techtronic Industries Co. Ltd., and Homelite Consumer Products, Inc. (collectively, "Defendants") move for leave to amend their final invalidity grounds, while Plaintiffs Chervon (HK) Ltd. and Chervon North America, Inc. (collectively, "Chervon") cross-move to strike new invalidity theories and show cause. D.I. 346; D.I. 349. Second, Defendants move to strike portions of the expert report of Plaintiffs' damages expert, Michael Milani. D.I. 361. Lastly, Chervon moves for leave to substitute Mr. Milani with James Malackowski, while Defendants cross-move to disqualify Mr. Malackowski. D.I. 374; D.I. 377. The Court grants Defendants' motion for leave to amend, denies Chervon's cross-motion to strike and show cause, grants Defendants' motion to disqualify Mr. Malackowski, grants-in-part Plaintiffs' motion to substitute its expert witness, and denies-as-moot Defendants' motion to strike Mr. Milani's expert report.

1

## I. Defendants' Motion for Leave to Amend the Final Invalidity Grounds is GRANTED.

On December 17, 2020, Defendants served their Final Invalidity Contentions ("FIC"). D.I. 277, Ex. 1. On October 26, 2021, the parties stipulated to streamline the case by limiting "the number of . . . Defendants' asserted prior art invalidity grounds." D.I. 234. Defendants agreed to reduce the number of prior art grounds to three per asserted claim. *Id.* Chervon moved to strike certain grounds from Defendants' Narrowed Invalidity Contentions ("NIC") for not being disclosed in Defendants' FIC. D.I. 276. On July 27, 2022, Defendants served their Amended Final Invalidity Contentions ("AFIC"), which Chervon again moved to strike. D.I. 315. On March 6, 2023, the Court granted-in-part Plaintiffs' motion to strike the NIC, finding that 11 grounds were properly charted, but that 11 other grounds were improperly new. D.I. 331 ("March 6 Order"). The Court struck Defendants' AFIC in its entirety, finding that Defendants did not request leave from the Court to amend their FIC. *Id.*

On March 27, 2023, Defendants served their Amended Reduced Invalidity Contentions ("ARIC") without initially seeking leave. D.I. 347. Defendants then served the report of their invalidity expert, which contained opinions on many of those same invalidity theories. D.I. 345. On April 11, 2023, 15 days after serving their ARIC and 11 days after serving the expert report, Defendants moved for leave to amend their invalidity contentions. D.I. 346. Chervon cross-moved to strike the ARIC and order Defendants to show cause for serving amended invalidity theories without leave of the Court. D.I. 349.

Defendants first argue that their ARIC comply with the October 26, 2021 stipulation and the scheduling order because the stipulation only limited the number of potential grounds. D.I. 347 at 1. This position is clearly precluded by the Court's March 6 Order which held that the good

2

cause standard applied to requests to amend the invalidity contentions, and that "Defendants were required to seek leave of the Court before serving" new contentions. D.I. 331 at 5-6.

The Court thus turns to Rule 16(b) and the good cause standard. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The burden is on the moving party to "demonstrate good cause and due diligence." *Race Ties Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d. Cir. 2010). Courts in this district, in considering good cause, have considered the importance of the contentions, evidence of gamesmanship, potential prejudice to the opposing party, and likelihood of disruption to the case schedule. *Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung e.V. v. Sirus XM Radio Inc.*, No. CV 17-184-JFB-SRF, 2022 WL 608143, at *2 (D. Del. Jan. 27, 2022).

The Court finds that Defendants have been diligent. Defendants identified the ARIC within three weeks of the Court's March 6 Order and, upon realizing the parties would not agree to allow them to amend, filed the motion seeking leave to amend the next day. D.I. 347 at 3. Plaintiffs argue that "[D]iligence is measured from the Court-ordered deadline to serve narrowed invalidity contentions," but diligence in seeking leave to amend focuses on whether a party was diligent in response to an intervening event (here, the March 6 Order). *See Bayer Cropscience AG v. AgroSciences LLC*, No. 10-1045 (RMB/JS), 2012 WL 12904381, at *2 (D. Del. Feb. 27, 2012) (finding diligence based on a party determining amendment was necessary after receiving a party's proposed claim constructions). While the Court notes the irony that Defendants, upon receiving a Court order noting that "Defendants were required to seek leave of the Court *before* serving" new contentions, then turned around and served new contentions and only sought leave of the Court *after* serving those contentions, the practical result was to put Plaintiffs on notice sooner and include the theories in the expert reports. D.I. 331 at 5-6. Moreover, Defendants promptly sought

3

leave once the parties met and Plaintiffs indicated they would oppose the new contentions. D.I. 347 at 3.

The Court also finds that there was good cause to amend. The contentions are important—Defendants would be left without any invalidity grounds for at least one patent claim. *See* D.I. 331 at 6-7. There is no risk of prejudice, because the ARIC were properly disclosed in the December 2020 FIC. *See* D.I. 347, App'x A. While the Court recognizes that the purpose of case narrowing is to remove claims from the case, and there could potentially be prejudice from having to litigate claims a party thought were no longer at issue, Plaintiffs have not shown any such prejudice here. Moreover, trial is scheduled for February 2025, leaving plenty of time to cure any lingering prejudice without disrupting the trial schedule. Lastly, there is little evidence of gamesmanship in reverting to contentions that have already been disclosed and properly charted. While Defendants should not have put forward their earlier contentions, Defendants' behavior does not rise to the level of bad faith or gamesmanship. Accordingly, the Court finds that Defendants had good cause to amend the invalidity contentions, GRANTS Defendants' motion for leave to amend their invalidity contentions (D.I. 346), and DENIES Plaintiffs' cross-motion to strike and order Defendants to show cause (D.I. 349).

## II. Defendants' Motion to Disqualify Mr. Malackowski is GRANTED.

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████ D.I. 374 at 1. Defendants have agreed to this request, but move to disqualify Chervon's proposed replacement (Mr. James Malackowski) for a conflict of interest. D.I. 378 at 1. As an initial matter, the Court finds that Mr. Milani's illness constitutes "good cause" to amend the scheduling order to permit his substitution, and wishes him

4

well. *See Palatkevich v. Choupak*, 2014 U.S. Dist. LEXIS 153867, at *4 n.2 (S.D.N.Y. Oct. 21, 2014) ("The illness and sudden unavailability of a designated expert is certainly good cause to modify a Rule 16 scheduling order."). The Court proceeds to analyze whether Mr. Milani may be substituted with Mr. Malackowski, and finds that he may not be—Mr. Malackowski is barred by a conflict of interest.

Like Mr. Milani, Mr. Malackowski is one of seventeen professional expert witnesses at Ocean Tomo. D.I. 378 at 3. However, unlike Mr. Milani, Mr. Malackowski has previously served as an expert witness on behalf of a defendant: Techtronic Industries Co. Ltd. ("TTi"). In 2015, Mr. Malackowski performed expert analysis for TTi in a group of related patent cases in the Eastern District of Wisconsin, including an action against Chervon North American Inc. (No. 2:14-cv-1289) (the "Milwaukee-TTi case") and one against Snap-On Tools (No. 2:14-cv-1296) (the "Snap-On Case"). D.I. 379 at ¶ 3 & n. 1. The patents at issue in those cases related to lithium-ion cordless power tools and related technologies, while the patents in this case relate to lawnmowers. *Id.* at ¶ 3. Mr. Malackowski was subject to a Protective Order in prior cases and was bound not to disclose any confidential information. D.I. 378 Ex. D at 2, D.I. 379 at ¶ 6; D.I. 379, Ex. 1. TTi alleges that it provided Mr. Malackowski with numerous confidential documents and has provided a declaration from its lead counsel in the Milwaukee-TTi and the Snap-On cases swearing to that fact. *See generally* D.I. 379. Mr. Malackowski was deposed and testified in the Snap-On case. *Id.* at ¶¶ 4, 11. The Milwaukee-TTi case (involving Chervon) ████████ ████████. D.I. 378 at 8. ████████████████████

████

TTi is an investment holding company for, *inter alia*, Milwaukee Tools (the relevant operating company in the prior cases), and both One World Technologies Inc. and Homelite

5

Consumer Products, Inc. (the relevant operating companies in the current case). D.I. 383, Ex. 2. Defendants have testified that TTi is simply the "parent company." D.I. 383, Ex. 6 at 44:3-16.

The Court has the inherent power to disqualify an expert based on the "duty to preserve confidence in the fairness and integrity of judicial proceedings." *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, C.A. No. 14-874-SLR-SRF, 2015 WL 5613035, at *2 (D. Del. Sept. 3, 2015). Courts apply a two part test; "First, was it objectively reasonable for the first party who claims to have retained the expert to conclude a confidential relationship existed? Second, was any confidential or privileged information disclosed to the expert?" *Id.* An expert should be disqualified "if both inquiries are answered in the affirmative." *AstraZeneca LP v. Breath Ltd.*, No. CV 08-1512 (RMB/AMD), 2011 WL 13398720, at *2 (D.N.J. Sept. 30, 2011). Some courts also consider the public interest in allowing or not allowing the expert to testify. *Merck*, 2015 WL 5153035 at *2. Courts apply a narrow definition of confidential information: it must directly relate to the current litigation and not be discoverable. *See id.* at *4.

The Court finds that it was objectively reasonable for TTi to believe a confidential relationship existed between it and Mr. Malackowski. Mr. Malackowski admits he was retained by TTi. D.I. 384 at ¶ 5. Given Mr. Malackowski's work for TTi, his signing of a protective order, and the standards of litigation, it was objectively reasonable for TTi to conclude that a confidential relationship existed. *Cf. Merck*, 2015 WL 5163035 at *3 (finding first factor satisfied based on prior expert work under Protective Order).

In support of its argument that Mr. Malackowski received confidential and/or privileged information, TTi primarily relies upon the Stockhausen Declaration. Mr. Stockhausen, counsel for TTi in the prior cases, asserts that he was present while Mr. Malackowski interviewed numerous TTi executives, including the Senior Vice President of Sales and Marketing of TTi North

6

America, the National Sales and Operational Manager at TTi, the Deputy Group CFO at TTi, and the Global Director of Intellectual Property at TTi. D.I. 379 at ¶ 8. Mr. Stockhausen recounts Mr. Malackowski learning sensitive confidential information about, *inter alia*, key decision points as to what TTi considers important in licensing negotiations, how TTi values and evaluates licensing, what forms of licensing TTi prefers, TTi proprietary intelligence ▮▮▮▮▮, TTi's willingness to negotiate, and TTi's approach to patent litigation. *Id.* at ¶ 9. Mr. Stockhausen alleges that Mr. Malackowski was privy to numerous TTi documents, covering sales and financial records, prior licenses, and records of prior negotiations. *Id.* at ¶ 10. Lastly, Mr. Stockhausen claims that he worked closely with Mr. Malackowski in advance of deposition and trial testimony, and that he personally disclosed and discussed TTi's litigation strategy with Mr. Malackowski. *Id.* at ¶ 12.

In response, Plaintiffs argue that Mr. Stockhausen's declaration is not credible. In support of this position, Plaintiffs argue that the declaration largely just parrots the disqualification standard, and lacks specific corroborating details. D.I. 383 at 15. Plaintiffs refer to the declaration of Mr. Malackowski, who states that he doesn't recall any confidential information, nor does he possess any confidential documents. *See generally* D.I. 384. However, it remains undisputed that Mr. Malackowski received *privileged* information as part of his prior work for TTi against Chervon. This undisputed fact, without a showing that the information is irrelevant to the current litigation, is enough by itself to disqualify Mr. Malackowski. Mr. Malackowski's claim that he does not recall much is self-serving and insufficient—it also provides no basis that his memory would not be jogged while reviewing documents for this case or testifying. *See Merck*, 2015 WL 5163035 at *2 (rejecting the argument that an expert's statement that their memories have faded weighs against disqualification). Mr. Stockhausen provided more than conclusory allegations—he explained specific meetings with key decision makers, described key documents, and analyzed

7

key confidential and privileged information that was disclosed to Mr. Stockhausen. *See generally* D.I. 379. Mr. Stockhausen's declaration is uncontroverted and provides sufficient evidence to find that confidential and privileged information was disclosed to Mr. Malackowski by TTi.

Plaintiffs make three arguments against the relevance of Mr. Malackowski's prior work. First, Plaintiffs argue that the prior work is unrelated to the current case. Second, Plaintiffs argue that, because TTi is a large holding company, there is unlikely to be any overlap between the subject matter of Mr. Malackowski's prior work and the current case. Third, Plaintiffs argue that, because Mr. Malackowski will adopt all the opinions of Mr. Milani, any conflict is cured. The Court has considered the arguments and rejects all three.

First, Mr. Malackowski's prior work is relevant to the current case. He received privileged and confidential information, including the advice of counsel, regarding TTi's litigation strategy specifically against Chervon, TTi's licensing valuation strategy, and TTi's patent infringement strategies. *Id.* at ¶¶ 9, 12. The relevance of this information to a patent infringement suit between TTi and Chervon is obvious. The fact that the prior case involved lithium ion batteries, and the current case involves lithium ion battery-powered lawnmowers, also weighs in favor of a finding of relevance. While the products are not identical, they are in related markets and it is likely that Mr. Malackowski's prior work would be relevant to the present litigation. Moreover, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. D.I. 378, Ex. E at ¶ 216. Mr. Malackowski's prior work and exposure ▇▇▇▇▇▇▇▇ further evidence the ties between the prior cases and this case.

Second, Chervon provides no support for its argument that holding companies are unable to have confidential information. *See* D.I. 383 at 11-12. Chervon's complaint described the acts of infringement as being done by TTi, TTi had a relationship with Mr. Malackowski, and TTi is a

8

defendant in this case. *See* D.I. 45 ¶¶ 22-28; D.I. 379 ¶¶ 9-12. There is also unrebutted evidence that Mr. Malackowski has confidential information about *TTi*'s strategy, which is sufficient to support a motion for disqualification.

Third, the fact that Mr. Malackowski would allegedly adopt the opinions of Mr. Milani does not cleanse the conflict. Mr. Malackowski is currently unable to see Mr. Milani's opinions; thus, there is no way to know that he would actually be able to adopt those opinions in full.[1] Also, Mr. Malackowski would have to defend those opinions at trial, and his background working for TTi would be relevant as he is examined and cross-examined. Thus, the Court finds that Mr. Malackowski received privileged and confidential information relevant to this case which supports disqualification.

The public interest heavily supports disqualification. Chervon has provided no reason that it cannot just pick another damages expert. There are fifteen other Director-level and Advisor-level testifying experts at the same firm as Mr. Milani and Mr. Malackowski, and Chervon has not demonstrated that they are all unavailable or unfit for this case. The public interest in ensuring the integrity of judicial proceedings outweighs the public interest in allowing Mr. Malackowski to serve as Chervon's damages expert in this case under the circumstances. *Cf. CreAgri, Inc. v. Pinnaclife Inc.*, No. 5:11-CV-06635-LHK, 2013 WL 6700395 (N.D. Cal. Dec. 18, 2013) (denying a motion to disqualify where there were only seven possible experts, and the party opposing disqualification reached out to, and was rejected by, each of the alternatives).

Because the Court finds that Mr. Malackowski had a prior confidential relationship with TTi in which he received privileged and confidential information, that his work with TTi is relevant

---

[1] For this reason the Court DENIES AS MOOT, without prejudice, Defendants' motion to strike portions of the expert report of Mr. Milani. Defendants may re-raise this motion should Plaintiffs' new damages expert re-adopt Mr. Milani's report in full, as anticipated.

9

to this case, and that the public interest favors disqualification, the Court GRANTS TTi's motion to disqualify Mr. Malackowski.

WHEREFORE, at Wilmington this 15th day of March, 2024, **IT IS HEREBY ORDERED** that Defendants' motion for leave to amend (D.I. 346) is **GRANTED**, that Plaintiffs' cross-motion to strike and show cause (D.I. 349) is **DENIED**, that Defendants' motion to disqualify Mr. Malackowski (D.I. 377) is **GRANTED**, that Plaintiffs' motion for leave to substitute Mr. Milani (D.I. 374) is **GRANTED** except as to Mr. Malackowski, and that Defendants' motion to strike portions of the expert report of Mr. Milani (D.I. 361) is **DENIED-AS-MOOT WITHOUT PREJUDICE.**

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE