IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., Plaintiff,<br><br>v.<br><br>SAREPTA THERAPEUTICS, INC., Defendant.<br><br>———<br><br>SAREPTA THERAPEUTICS, INC., and THE UNIVERSITY OF WESTERN AUSTRALIA, Defendant and Counter-Plaintiffs<br><br>v.<br><br>NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC., Plaintiff and Counter-Defendants. | C.A. No. 21-1015-JLH |

**NIPPON SHINYAKU CO., LTD. AND NS PHARMA, INC.'S
RESPONSE TO SAREPTA'S NOTICE OF SUBSEQUENT AUTHORITY**

Plaintiff/Counter-Defendants Nippon Shinyaku Co., Ltd. and NS Pharma, Inc. (collectively, "NS") respectfully submit this response to D.I. 517, Sarepta Therapeutics, Inc. and the University of Western Australia (collectively, "Sarepta")'s Notice of Subsequent Authority regarding pending motions pertaining to NS's expert witness Dr. Matthew J.A. Wood (*see* D.I. 298, 300, 384).

In *Chervon (HK) Ltd. v. One World Techs., Inc.* (D.I. 517-1), Judge Williams did not create new law in disqualifying Mr. Malackowski from testifying for plaintiff Chervon and adverse to defendants including Techtronic Industries ("TTi"), he applied existing law to the facts of that case. D.I. 517-1 at 6. The facts there were different. Plaintiff Chervon had established that Mr.

Malackowski received privileged information as part of his prior work for TTi against Chervon that was directly relevant to the opinions Chervon sought to have him offer against TTi. *Id.* at 7, 8. This relevant and privileged information included "advice of counsel regarding TTi's litigation strategy specifically against Chervon, TTi's licensing valuation strategy, and TTi's patent infringement strategies." *Id.* at 8.

In contrast, Sarepta has made no such showing here. Sarepta has alleged only that Dr. Wood received privileged information generally, not privileged information relevant to the current case. *See* D.I. 299, Evans Decl., at ¶ 17. If an expert's receipt of privileged information in one litigation were sufficient to disqualify him or her from serving adverse to that party forevermore, then expert disqualification would become far more commonplace, rather than "a drastic measure which courts should hesitated to impose except when absolutely necessary." *Syngenta Seeds, Inc. v. Monsanto Co.*, No. 02-cv-1331-SLR, 2004 WL 2223252, at *1 (D. Del. Sept. 27, 2004) (collecting authority). If receipt of privileged information irrelevant to the current case for which the expert is retained, there would be no need for courts to consider the nature of the confidential information provided to the expert.

That is plainly contrary to the law—the disqualification analysis in fact hinges on nature of the information to which the expert was privy. *See Syngenta Seeds*, 2004 WL 2223252, at *3 ("Confidential information in the context of expert disqualification, includes discussion of: litigation strategy, the kinds of experts the party expects to retain, views on the strengths and weakness of each side, the role of each witness, and anticipated defenses"); *H. Lundbeck A/S v. Apotex Inc.*, No. 18-cv-88-LPS-JLH, 2020 WL 1285834, at *1 (D. Del. Mar. 18, 2020) (denying request to disqualify expert because "nothing in the record suggests that [the expert] was privy to

any privileged information other than the trial strategy used by Lundbeck for those particular cases").

Other important differences between the *Chervon* case and this case include: the field of potential experts in exon skipping for DMD is small (D.I. 309 at ¶ 2) and Dr. Wood has already provided his opinions in this matter.  *Cf.* D.I. 517-1 at 9.  Further, Dr. Wood's opinions were based entirely on public information, including the declarations he submitted on Sarepta's behalf in interference proceedings against third party AZL.

Dated:  April 2, 2024

Amanda S. Williamson (admitted *pro hac vice*)
Jason C. White (admitted *pro hac vice*)
Christopher J. Betti (admitted *pro hac vice*)
Krista V. Venegas (admitted *pro hac vice*)
Wan-Shon Lo (admitted *pro hac vice*)
Maria E. Doukas (admitted *pro hac vice*)
Zachary D. Miller (admitted *pro hac vice*)
Guylaine Haché (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
110 N. Wacker Drive, Suite 2800
Chicago, IL  60601
Telephone:  312.324.1000
Fax:  312.324.1001
amanda.williamson@morganlewis.com
jason.white@morganlewis.com
christopher.betti@morganlewis.com
krista.venegas@morganlewis.com
shon.lo@morganlewis.com
maria.doukas@morganlewis.com
zachary.miller@morganlewis.com
guylaine.hache@morganlewis.com
michael.sikora@morganlewis.com

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Nippon Shinyaku Co., Ltd. and NS Pharma, Inc.*

3

Alison P. Patitucci (admitted *pro hac vice*)
2222 Market Street
Philadelphia, PA 19103
Telephone: 215.693.5000
Fax: 215.963.5001
alison.patitucci@morganlewis.com