## VOIR DIRE

  Good morning, ladies and gentlemen. I am Judge Hall. We are going to select a jury in a civil case called *Nippon Shinyaku Co., Ltd. v. Sarepta Therapeutics, Inc.*

  I am going to ask you a series of questions to help the Court and the attorneys in the jury selection process. Before I ask any questions, I am going to ask the Deputy Clerk to swear the jury panel to answer any questions truthfully. (To Deputy, Please swear the panel).

  If any of you answer "yes" to any of the questions that I ask, please raise your hand, and, when recognized by me, please stand, state your name and your jury number. At the end of the questions, the Deputy Clerk will ask some of you to take seats in the jury box, and, after that, the lawyers and I may ask those of you who answered "yes" to one or more questions to come up to the bench to discuss your answers with the lawyers and me.

  The presentation of evidence in this case is expected to take 5 days, but jury deliberations could extend your service beyond that. The schedule that I expect to keep over the days of evidence presentation will include a morning break of fifteen minutes, a lunch break of up to an hour, and an afternoon break of fifteen minutes. We will start at 9:30 a.m. and finish no later than 5:00 p.m. each day.

1. Does this schedule that I have just mentioned present a special problem to any of you?

2. (Description of the case).

   a. This is a patent lawsuit involving the treatment of a medical condition referred to as Duchenne Muscular Dystrophy, or DMD. The patents at issue involve treatments for DMD using what are called antisense oligonucleotides.[**Sarepta's Proposal:**[1] Each side asserts that the other side infringes its patents.] [**NS's Proposal**:[2] Sarepta has acknowledged that it infringes certain claims of patents which I'll refer to as the NS Patents. Sarepta asserts that NS infringes certain claims of the patents Sarepta asserts, which I'll call the Wilton Patents.] Each side also asserts that the other side's patents are invalid. The jury in this case will be asked to weigh in on these issues. For those of you who end up being on the jury, I will give more detailed instructions on the law later in the case.

   Have any of you heard or read anything about this case?

3. The lawyers and law firms involved in this case are:

---

[1] **Sarepta's Position**: Neutral, high-level language should be used in the *voir dire*. It is accurate that each side is asserting that the other side infringes its patents as is evident from the fact that each side will be asking the jury to assess whether damages should be awarded for such infringement. Moreover, using neutral, high-level language will avoid the need for the Court to revisit this language after resolving Sarepta's and UWA's pending motion for summary judgment of infringement—which Sarepta and UWA reserve the right to request.

[2] **NS's Position**: It is inaccurate and misleading to tell the potential jurors that each side is asserting that the other side infringes its patents given Sarepta has conceded infringement of the asserted claims of the NS Patents (D.I. 536 at n. 6) and the jurors will not be asked to determine infringement of the Sarepta/UWA Patents and will not be presented with any evidence on the moot issue of infringement of these patents.

- Amanda Williamson, Jason White, David Schrader, Amy Dudash, Krista Venegas, Wan-Shon Lo, Christopher Betti, Jitsuro Morishita, Michael Sikora, Zachary Miller, Guylaine Hache, Alison Patitucci, and Maria Doukas from Morgan Lewis & Bockius LLP
- Pilar Kraman and Robert M. Vrana from Young Conaway Stargatt & Taylor, LLP
- Aaron Clay, Alissa Lipton, Charles Lipsey, Eric Lee, J Derek McCorquindale, John Williamson, Kaitlyn Pehrson, L Scott Burwell, Michael Flibbert, Ryan O'Quinn, William Raich, Yoonhee Kim, and Yoonjin Lee from Finnegan Henderson Farabow Garrett & Dunner, LLP
- Michael A. Morin, David P. Frazier, Michele D. Johnson, Amanda P. Reeves, Anna M. Rathbun, Rebecca L. Rabenstein, Ernest Yakob, Will Orlady, Jesse Aaron Vella, Graham B. Haviland, and Bornali Rashmi Borah from Latham & Watkins LLP
- Jack Blumenfeld and Megan Dellinger from Morris Nichols Arsht & Tunnell LLP

Do any of you or your immediate families, such as spouse, child, parent, or sibling, know any of the attorneys or law firms I have just named?

4. Have any of you or your immediate families had any business dealings with, or been employed by, any of these attorneys or law firms?

5. Have any of you or your immediate families ever been employed by Nippon Shinyaku Co., Ltd.; NS Pharma, Inc.; Sarepta Therapeutics, Inc.; AVI BioPharma, Inc.; the University of Western Australia; or the National Center of Neurology and Psychiatry?

6. Have any of you or your immediate families ever owned stock in any of these companies?

7. Have any of you or your immediate families ever had a business relationship with any of these companies?

8. Have any of you or your immediate families ever had any experience, good or bad, with any of these companies, that might keep you from being a fair and impartial juror in this case?

9. Do you possess any opinions about any of these companies that might keep you from being a fair and impartial juror in this case?

10. Have you heard or read anything about these companies?

11. Have you or a member of your immediate family had any experience with antisense oligonucleotide drugs, VYONDYS 53®, or VILTEPSO®?

12. Have any of you or your immediate families ever had a bad experience with access to a pharmaceutical drug?

13. Have any of you or any member of your immediate family ever had difficulty accessing or paying for prescription medication?

14. The potential witnesses in this case are:

- Dr. Shin'ichi Takeda

- Naoki Watanabe
- Stephen Sudovar
- Gardner Gendron
- Kazuchika Takagaki
- Masaya Toda
- Dr. Christine Esau
- Dr. Nathan Luedtke
- Dr. Jonathan Strober
- Mark Hosfield
- Dr. Matthew Wood
- Dr. Michelle Hastings
- Dr. Scott Kamholz
- Abbie Adams
- Dr. Richard Bestwick
- Dr. Sue Fletcher
- Brian Forsa
- Dr. Diane Frank
- Ethan Jacoby
- Jurius Jurayj
- Dr. Leslie Magnus
- Amy Mandragouras
- Angela Melia
- Penelope Meloni
- Emily Naughton
- Patrick O'Malley
- Youhei Satou
- Dr. Fred Schnell
- Dr. Ihor Sehinovych
- Paul Shanahan
- Natsuko Tanaka
- Dr. Steve Wilton
- Ryan Wong
- Joe Zenkus
- John Jarosz
- Dr. Steve Dowdy
- Drew Hirshfeld
- Dr. Stanley Nelson
- Dr. Bradley Pentelute
- Zhengyu Feng
- Toshihiro Ueda

Are you familiar with any of these potential witnesses?

15. Have you or any member of your immediate family ever been employed by the United States Patent and Trademark Office?

16. Do you consider yourself, or do you have someone close to you who considers themselves, to be an inventor?

3

17. Do you have any training or work experience with patents, copyrights, or intellectual property?

18. Have you or any member of your immediate family ever applied for, or obtained, a United States or foreign patent?

19. Have you or any member of your immediate family ever been involved in a dispute about patent rights or patent infringement claims?

20. Have you or any member of your immediate family ever been a party to a patent license or negotiated a patent license?

21. Do you have any opinions about patents, patent rights, or the United States Patent and Trademark Office that might make it difficult for you to be a fair and impartial juror in this case?

22. Do you have strong views, positive or negative, about pharmaceutical companies in general?

23. Do you have any formal education or training in any aspect of the legal system, such as education or training in being a lawyer, paralegal, or in law enforcement?

24. Have you or any member of your immediate family ever worked for a company that develops, manufactures, markets, or sells antisense oligonucleotides, including but not limited to for the treatment of DMD?

25. Do you have any experience with the design, manufacture, or sale of antisense oligonucleotides, including but not limited to for the treatment of DMD?

26. Do you have any education, training, or work experience in the fields of:
    a. Chemistry
    b. Biology
    c. RNA
    d. Pharmaceutical Development or Commercialization
    e. FDA Drug Approval and the Approval Process
    f. Genetic Diseases
    g. Muscular Dystrophy
    h. Gene Therapy
    i. Economics, Finance, Accounting

27. Have you or any member of your immediate family known a close friend or family member who suffers or suffered from DMD or another muscular dystrophy?

28. Have you or any member of your immediate family ever been treated with gene therapy, biologic therapy, or antisense oligonucleotide therapy?

29. Have you served on a jury in a civil case within the last fifteen years? *If a juror answers affirmatively, the parties suggest the following questions*: Was that in federal court or state court? Did you reach a verdict in that case? If so, for which party did you find?

30. If you are selected to sit as a juror in this case, are you aware of any reason why you would be unable to render a verdict based solely on the evidence presented at trial?

31. If you are selected to sit as a juror in this case, are you aware of any reason why you would not be able to follow the law as I give it to you?

32. Is there anything, such as poor vision, difficulty hearing, difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

33. Have you ever been a plaintiff, a defendant, or a witness in a lawsuit?

34. Do you know any of the other potential jurors that are in the room, or have you had any relationship with any of the other potential jurors before today?

35. This is the last question. Is there anything else, including something you have remembered in connection with one of the earlier questions, that you think you would like to tell me in connection with your service as a juror in this case?