# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD.,<br>　　　　Plaintiff,<br><br>v.<br><br>SAREPTA THERAPEUTICS, INC.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA,<br>　　　　Defendant/Counter-Plaintiffs<br><br>v.<br><br>NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC.,<br>　　　　Plaintiff/Counter Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 21-1015 (JLH)

## **VERDICT FORM**

## INSTRUCTIONS

When answering the following questions and completing this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions for guidance on the law applicable to each question.

As used herein:

1. The '092 Patent refers to U.S. Patent No. 10,385,092.

2. The '461 Patent refers to U.S. Patent No. 10,407,461.

3. The '106 Patent refers to U.S. Patent No. 10,487,106.

4. The '741 Patent refers to U.S. Patent No. 10,647,741.

5. The '217 Patent refers to U.S. Patent No. 10,662,217.

These five patents are together sometimes referred to as "the NS Patents."

As used herein:

1. The '851 Patent refers to U.S. Patent No. 9,994,851.

This patent is sometimes referred to as "the Wilton Patent."

As used herein:

1. Popplewell 2010 refers to Popplewell et al., *Comparative Analysis of Antisense Oligonucleotide Sequences Targeting Exon 53 of the Human DMD Gene: Implications for Future Clinical Trials*, 20(2) NEUROMUSCULAR DISORDERS 102 (2010).

2. Sazani 2010 refers to Sazani et al., *Safety Pharmacology and Genotoxicity Evaluation of AVI-4658*, 29(2) INT'L J. TOXICOLOGY 143 (2010).

We, the jury, unanimously agree to the answers to the following questions as our verdict in this case:

### FINDINGS ON INVALIDITY OF THE NS PATENTS

**Directions for Question 1**: Please answer question 1.

**Obviousness of the Asserted Claims of the NS Patents**

1. **Has Sarepta proven by clear and convincing evidence that any of the following claims of the NS Patents are invalid as obvious in view of Popplewell 2010, in combination with Sazani 2010? Place a check mark in the appropriate box for each listed asserted claim.**

| | '092 Patent | |
|---|---|---|
| | YES (finding for Sarepta) | NO (finding for Nippon Shinyaku) |
| Claim 3 | | |

| | '461 Patent | |
|---|---|---|
| | YES (finding for Sarepta) | NO (finding for Nippon Shinyaku) |
| Claim 2 | | |

| | '106 Patent | |
|---|---|---|
| | YES (finding for Sarepta) | NO (finding for Nippon Shinyaku) |
| Claim 1 | | |

| '741 Patent | | |
|---|---|---|
| | **YES** (finding for Sarepta) | **NO** (finding for Nippon Shinyaku) |
| Claim 3 | | |

| '217 Patent | | |
|---|---|---|
| | **YES** (finding for Sarepta) | **NO** (finding for Nippon Shinyaku) |
| Claim 4 | | |

### FINDINGS OF PATENT DAMAGES FOR NIPPON SHINYAKU (IF APPLICABLE)

**Directions for Questions 2-5:** If you answered "no" for any claim in question 1, answer the following question 2. Otherwise, skip to question 6.

**[Sarepta contingent inclusion:[1] Has Nippon Shinyaku proven by a preponderance of the evidence that NS Pharma's profits flow inexorably to Nippon Shinyaku?**

*"YES" is a finding for Nippon Shinyaku*
*"NO" is a finding for Sarepta*

**YES** _____    **NO** _____

*If you answered "YES" to Question No. XXX, please answer Question No. XXX. If you answered "NO" to Question No. XXX, please skip to Question No. XXX.*]

2. **Has Nippon Shinyaku proven by a preponderance of the evidence that it is entitled to lost profits?**

   *"YES" is a finding for Nippon Shinyaku*

---

[1]**NS's Position**: This question inappropriately implies contrary to the law that NS must prove inexorable flow. This question should not be included on the verdict form. As explained in Nippon Shinyaku's opposition to Sarepta's motion for summary judgment, (D.I. 462), a showing under the "inexorable flow" doctrine is not required as Nippon Shinyaku is seeking to recover profits it has itself lost as the sole supplier of VILTEPSO to the United States.

**Sarepta's Position**: As explained in Sarepta's pending Motion for Summary Judgment of No Lost Profits (D.I. 409 at 8-9), the Federal Circuit has never affirmed an award of lost profits based on the profits of a non-party to an infringement claim flowing inexorably to its related patent-holding entity who itself does not sell a product in the United States. *See, e.g., Fujitsu Ltd. v. Tellabs, Inc.*, 539 F. App'x 1005, 1007 (Fed. Cir. 2013) (declining appeal regarding inexorable flow lost profits on procedural grounds); *see also Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1375 (Fed. Cir. 2015), *vacated sub nom. on other grounds Medtronic Sofamor Danek USA, Inc. v. NuVasive, Inc.*, 577 U.S. 1099 (2016) ("a patentee may not claim, as its own damages, the lost profits of a related company."). Subsequently, some courts have held that the inexorable theory is legally wrong. *See, e.g., Mars, Inc. v. TruRx LLC*, Case No. 6:13-cv-526, 2016 WL 4061981, at *2 (E.D. Tex. Apr. 29, 2016) ("To date, no case decided by the Federal Circuit has allowed a patentee to recover the lost profits of a related company as its own under the inexorable flow theory."); *Copperhead Indus., Inc. v. Changer & Dresser, Inc.*, Case No. 1:18-cv-01228, 2020 WL 429485, at *2 (N.D. Ala. Jan. 28, 2020). To the extent the jury is instructed on lost profits with respect to Nippon Shinyaku's claim, which is based on the alleged lost profits of its subsidiary NS Pharma (*see* D.I. 409 at 8-13; D.I. 490 at 5-10), Sarepta proposes to include this question.

*"NO" is a finding for Sarepta*

YES _____       NO _____

*If you answered "YES" to Question No. 2, please answer Question No. 3. If you answered "NO" to Question No. 2, please skip to Question No. 4.*

3. State the amount of lost profits damages that Nippon Shinyaku has proven by a preponderance of the evidence that it is entitled to.

   $_____

4. For any infringing sales for which you did not award lost profits, state the amount of reasonable royalty damages that Nippon Shinyaku has proven by a preponderance of the evidence that it is entitled to.

   $_____

5. If you answered Question No. 4, please identify the royalty rate you applied.

   _____ %       or       $_____ per unit.

6

## FINDINGS ON WILLFUL INFRINGEMENT OF NS PATENTS (IF APPLICABLE)

**Directions for Question 6**: If you answered "no" for any patent claim in question 1, answer the following question.  Otherwise, skip to the next question.

6. **Has Nippon Shinyaku proven by a preponderance of the evidence that Sarepta has willfully infringed the NS Patents?**

    *Checking "YES" below indicates a finding for Nippon Shinyaku*
    *Checking "NO" below indicates a finding for Sarepta*


    **YES** _____         **NO** _____

# FINDINGS ON INFRINGEMENT OF THE WILTON PATENT

**Directions for Question 7:** Answer the question below, regardless of how you answer any other question.

**Direct Infringement of the Asserted Claim of the Wilton Patent**

7. Have Sarepta and UWA proven by a preponderance of the evidence that Nippon Shinyaku or NS Pharma has directly infringed the following claim? Place a check mark in the appropriate box below.

| | '851 Patent | |
|---|---|---|
| | **YES** (finding for Sarepta and UWA) | **NO** (finding for Nippon Shinyaku and NS Pharma) |
| Claim 1 | | |

# FINDINGS ON INVALIDITY OF THE WILTON PATENT

**Directions for Questions 8-10**: The questions regarding invalidity of the Wilton Patent should be answered regardless of your answer to Question 7.

**Written Description Requirement for the Asserted Claim of the Wilton Patent**

8. **Have Nippon Shinyaku and NS Pharma proven by clear and convincing evidence that the following claim of the Wilton Patent is invalid for lack of adequate written description? Place a check mark in the appropriate box below.**

| | '851 Patent | |
|---|---|---|
| | **YES** (finding for Nippon Shinyaku and NS Pharma) | **NO** (finding for Sarepta) |
| Claim 1 | | |

9

**Enablement Requirement for the Asserted Claim of the Wilton Patent**

9.  **Have Nippon Shinyaku and NS Pharma proven by clear and convincing evidence that the following claim of the Wilton Patent is invalid for lack of enablement? Place a check mark in the appropriate box below.**

| | '851 Patent | |
|---|---|---|
| | **YES** (finding for Nippon Shinyaku and NS Pharma) | **NO** (finding for Sarepta) |
| Claim 1 | | |

**Indefiniteness of the Asserted Claim of the Wilton Patent**

[**Sarepta Proposal:**[2] **Nippon Shinyaku's and NS Pharma's indefiniteness claim should not go to the jury.**]

10. **Have Nippon Shinyaku and NS Pharma proven by clear and convincing evidence that the following claim of the Wilton Patent is invalid as indefinite? Place a check mark in the appropriate box below.**

|  | '851 Patent | |
|---|---|---|
|  | **YES**<br>(finding for Nippon Shinyaku and NS Pharma) | **NO**<br>(finding for Sarepta) |
| Claim 1 |  |  |

---

[2] Sarepta's Position: NS's indefiniteness argument is not a jury issue because it presents a pure question of law—specifically one of claim construction as to whether the Wilton Patent claims should be construed to contain two mutually exclusive elements that, together, render the claim impossible to be infringed. In addition, NS argued indefiniteness of four separate elements of the asserted Wilton Patent claims during claim construction and lost on each one. *See* D.I. 248 at 12-29. NS could and should have presented its current indefiniteness argument during claim construction. NS should not be permitted another opportunity to argue indefiniteness at all, let alone present this legal issue for the Court as a fact issue for the jury.

## FINDINGS OF PATENT DAMAGES FOR SAREPTA (IF APPLICABLE)

**Directions for Questions 11-14**: If you answered "yes" to question 7 and answered "no" for each of questions 8-10, answer the following question 11. If not, skip questions 11-14, and proceed to the next section.

11. **Has Sarepta proven by a preponderance of the evidence that it is entitled to lost profits?**

    *"YES" is a finding for Sarepta*
    *"NO" is a finding for Nippon Shinyaku and NS Pharma*

    **YES** _____          **NO** _____

    *If you answered "Yes" to Question No. 13, please answer Question No. 14. If you answered "No" to Question No. 13, please skip to Question No. 15.*

12. **State the amount of lost profits damages that Sarepta has proven by a preponderance of the evidence that it is entitled to.**

    $_____

13. **For any infringing sales for which you did not award lost profits, state the amount of reasonable royalty damages that Sarepta has proven by a preponderance of the evidence that it is entitled to.**

    $_____

14. **If you answered Question No. 15, please identify the royalty rate you applied.**

    _____%     **or**     $_____ per unit

**FINDINGS ON WILLFUL INFRINGEMENT OF WILTON PATENT (IF APPLICABLE)**

**Directions for Question 15**: If you answered "yes" to question 7 and answered "no" for each of questions 8-10, answer the following question. Otherwise, skip this question and proceed to the next section.

15. **Have Sarepta and UWA proven by a preponderance of the evidence that Nippon Shinyaku and NS Pharma have willfully infringed the Wilton Patent?**

    *Checking "YES" below indicates a finding for Sarepta and UWA*
    *Checking "NO" below indicates a finding for Nippon Shinyaku and NS Pharma*


    **YES** _____        **NO** _____

You have now reached the end of the verdict form, and you should review it to ensure it accurately reflects your unanimous determinations. You must each sign the verdict form in the spaces below and notify the Jury Officer after you have reached a verdict.

Date: _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____