IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAREPTA THERAPEUTICS, INC., <br><br> Defendant. | C.A. No: 21-1015-JLH |
| SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA, <br><br> Defendant/Counter-Plaintiffs, <br><br> v. <br><br> NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC., <br><br> Plaintiff/Counter-Defendants. | |

## **ORDER**

At Wilmington, this 1st day of May, 2024,

WHEREAS, each side is asserting patents against the other side, and each side is asserting that the applicants for the other side's patents committed inequitable conduct during prosecution;

WHEREAS, each side has moved for summary judgment that its own patents are not unenforceable due to inequitable conduct (D.I. 398, 409, 411, 413, 417, 418, 420, 422, 425, 426, 464, 465, 466, 468, 490, 491, 492 (briefing on Sarepta's motion); 414, 415, 416, 427, 428, 469, 470, 471, 472, 493, 495, 496 (briefing on NS's motion));

WHEREAS, each side has also moved to exclude under Federal Rule of Evidence 702 certain testimony from the other side's expert(s) relating to the issue of inequitable conduct (D.I.

391, 395, 417, 418, 420, 422, 425, 426, 456, 468, 489, 492 (Sarepta's motion to exclude Dr. Kamholz's testimony); 419, 421, 427, 428, 467, 471, 472, 494, 496 (NS's motion to exclude Dr. Dowdy's testimony); 423, 424, 427, 428, 467, 471, 472, 494, 496 (NS's motion to exclude Dr. Hirshfield's testimony));

WHEREAS, the parties have agreed, and the Court has ordered, that the inequitable conduct issues will be tried to the bench after the jury is released each day and/or while the jury is deliberating (D.I. 529);

WHEREAS, each side contends that there is a genuine dispute of material fact about whether the applicants for the other side's patents acted with the intent to deceive (among other issues);

WHEREAS, the Court generally does not entertain summary judgment motions on issues that will be tried to the bench; moreover, having reviewed the motions for summary judgment, the Court concludes, in the context of this particular case, that it is appropriate for the parties' disputes about individuals' intents to be resolved after the Court hears from the witnesses at trial;

WHEREAS, having reviewed the motions to exclude expert testimony pertaining to inequitable conduct under Rule 702, the Court has determined that it can better and more efficiently address those issues in context either during or after the bench trial;

WHEREAS, the Court has discretion at a bench trial to conditionally admit expert testimony subject to a later Rule 702 determination, *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 833 (3d Cir. 2020);

NOW, THEREFORE, IT IS HEREBY ORDERED that the motions for summary judgment relating to inequitable conduct (D.I. 398, 414) are DENIED.

IT IS FURTHER ORDERED that the motions to exclude expert testimony pertaining to inequitable conduct (D.I. 391, 419 (to the extent it relates to testimony regarding inequitable conduct), 423 (to the extent it relates to testimony regarding inequitable conduct)) are DENIED with leave to renew during trial at the appropriate time.  The Court may choose to conditionally admit disputed expert testimony subject to a later Rule 702 determination after the bench trial.  If the Court reserves ruling on a Rule 702 dispute raised at the bench trial, and if the conditionally-admitted testimony is material to the resolution of an inequitable conduct claim, the parties shall address the Rule 702 issue in the post-trial briefing.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE