# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAREPTA THERAPEUTICS, INC., <br><br> Defendant. | C.A. No. 21-1015 (JLH) |
| SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA, <br><br> Defendant/Counter-Plaintiffs, <br><br> v. <br><br> NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC., <br><br> Plaintiff/Counter-Defendants. | |

## DECLARATION OF JOHN X. HABERMAN
## IN SUPPORT OF REDACTING SAREPTA'S CONFIDENTIAL MATERIALS

I, John X. Haberman, hereby declare as follows:

1. I am currently Vice President, Chief Intellectual Property Officer at Sarepta Therapeutics, Inc. (hereinafter "Sarepta"). In this capacity, I am generally familiar with Sarepta's confidential business information, including internal financial information, license agreements and practices, product-level sales data, and other sorts of strategic business and financial information. I am familiar with the fact that Sarepta maintains this information as

confidential, and I am familiar with the extensive efforts Sarepta takes to protect its confidential information. I have personal knowledge of the facts stated in this declaration or, where I lack personal knowledge, have become aware of such facts through my role at Sarepta. If called upon to testify, I could and would competently testify thereto.

2. I write this declaration in support of Sarepta's request to avoid disclosure of highly sensitive and confidential information on the public record. I discuss below how and why Sarepta keeps certain business and technical information confidential, and the serious harm that would result to Sarepta from disclosure of this information to Sarepta's competitors.

3. Sarepta and Nippon Shinyaku are direct competitors. After Nippon Shinyaku filed this litigation, the parties stipulated to a strict Protective Order (D.I. 117) in order to prevent their respective confidential information, including their sensitive business and financial information, from being disclosed publicly and, in some cases, even to each other.

4. I have been provided and have reviewed the letter to the Court that Nippon Shinyaku Co., Ltd. and NS Pharma, Inc. filed on May 7, 2024, which referred to and attached Sarepta's confidential information, as well as Sarepta's responsive letter filed on May 8, 2024 (collectively, "the Letters"). Both Letters refer to and attach Sarepta's highly confidential financial and business information regarding details of the license agreements and internal financial information. Sarepta designated this information as "Highly Confidential" or "OUTSIDE COUNSEL EYES ONLY" under the Protective Order.[1]

5. It is critical to Sarepta that the Court maintain under seal Sarepta's highly confidential information. Sarepta has always taken extensive measures to maintain the

---

[1] I am advised that Nippon Shinyaku has not objected to this designation.

confidentiality of its financial, licensing, and strategic business information. Sarepta has been extremely concerned about the protection of its highly confidential information during this litigation and has been very careful to protect this information at all times.

6. I have confirmed that the Letters and their attachments contain Sarepta confidential information. I have reviewed Nippon Shinyaku's Exhibits A-B, E, G-M, and Sarepta's Exhibits 1-4 and confirm that they contain Sarepta confidential information ("the Exhibits").[2] The Letters and Exhibits reflect Sarepta's highly confidential business and financial information regarding details of its license agreements, business practices, and financial information. Sarepta's proposed redactions seek to seal portions of these documents, or in some cases, entire documents, which refer to, quote, summarize, and/or otherwise disclose Sarepta's sensitive and highly confidential information.

7. The information within the Letters and Exhibits that Sarepta seeks to protect is highly confidential and sensitive information that Sarepta does not disclose publicly and wishes to remain confidential. There is significant competition between pharmaceutical companies, both in the United States and worldwide. Additionally, there are often companies that are considering entering the pharmaceutical market. In the pharmaceutical industry, licensing agreements and practices are a significant aspect of this competition, as companies regularly license technology, intellectual property, and know-how. Sarepta has spent significant resources to develop these licensing agreements and practices and the release of such information to the public, including Sarepta's competitors, would harm Sarepta.

---

[2] I have also reviewed Exhibits C, D, F and N. Sarepta does not seek redaction of these documents.

8.      If the highly confidential information were made public, Sarepta's competitors would unfairly benefit and Sarepta's competitive standing and business relationships would be harmed. Specifically, competitor access to the terms of Sarepta's licensing agreements would disadvantage Sarepta in negotiations and the pursuit of future business relationships, as well as harm Sarepta's standing in current business relationships.

9.      Sarepta does not permit the licensing information—such as that which it seeks to seal here—to be distributed to unauthorized parties. Sarepta maintains this information under strict control, using technical and/or legal mechanisms to prevent disclosure to unauthorized entities, including competitors, and other unauthorized companies and individuals.

10.     By way of an example, the OUTSIDE COUNSEL EYES ONLY Information that Sarepta seeks to protect can only be seen by a limited number of people including the parties' experts and outside counsel. OUTSIDE COUNSEL EYES ONLY information is not even permitted to be shared with the other parties in the litigation.

11.     Based on my personal knowledge and experience in the pharmaceutical industry, I believe that disclosure of this information would significantly harm Sarepta by revealing highly confidential information to its direct competitors and the public generally.

12.     **HIGHLY SENSITIVE LICENSING INFORMATION**: Specifically, Exhibits E, G-K, and 1 and 4 are or contain Sarepta licenses and thus, provide every detail of Sarepta's licenses, including financial terms, and insight into Sarepta's licensing policies. Exhibits A-B, L, and 2-4 include key details of Sarepta licenses and/or Sarepta financial information, such as the parties involved, effective dates, and key terms. Exhibit M is an expert report that describes information from and makes conclusions based on Sarepta licenses and Sarepta financial information. The details in these documents that Sarepta seeks to protect are

not generally available to the public. Public disclosure of this information would unfairly benefit Sarepta's competitors and harm Sarepta's competitive standing and business relationships. Specifically, competitor access to the terms of Sarepta's licensing agreements would disadvantage Sarepta in negotiations and the pursuit of future business relationships, as well as harm Sarepta's standing in current business relationships. For that reason, Sarepta considers this information to be highly confidential and restricts access to documents containing the details disclosed in these exhibits, even within Sarepta. Distribution of the documents that refer to the licenses would be tantamount to distribution of the underlying documents or information from which these exhibits are derived, all of which Sarepta considers highly confidential and which I understand the relevant individuals were only able to access through the course of this litigation under a Protective Order.

13. I have reviewed the Exhibits to determine whether it would be possible to redact the confidential information within the Exhibits, while publicly disclosing the other information within the Exhibits and I have determined that, while this is possible to do for Exhibits A-B, E, L-M, and 2-4, Exhibits G-K and 1 must be sealed in full to avoid disclosure of highly confidential Sarepta information. For the remainder of the Exhibits, I have reviewed redactions that narrowly redact Sarepta's confidential information.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of May, 2024.

DocuSigned by:<br>
*John X Haberman*<br>
—303777FE3E184B6...—<br>
John X. Haberman, Vice President<br>
Chief Intellectual Property Officer