# EXHIBIT 3

# PRE-TRIAL ORDER
# EXHIBIT 3
# NS'S STATEMENT OF CONTESTED FACTS

NS identifies the below listed issues of contested facts for trial. To the extent that any issues of law set forth in **Exhibit 5** of the Joint Pretrial Order may be considered issues of fact, NS incorporates those portions of **Exhibit 5** by reference. Should the Court determine that any issue identified in this Exhibit as an issue of fact is appropriately an issue of law, NS incorporates such issue by reference into its statement of issues of law in **Exhibit 5**. By including a contested facts herein, NS does not assume the burden of proof or production regarding that fact.

NS's identification of contested facts is based in part on its understanding of Sarepta and UWA's arguments regarding non-infringement, invalidity, and damages as reflected in Sarepta and UWA's interrogatory responses, expert reports, *Daubert* briefing, summary judgment briefing, and motions *in limine*. NS reserves the right to address additional fact issues not set forth herein to the extent they are raised by Sarepta and/or UWA at trial. These issues of fact may change based on the Court's decisions on the pending summary judgment, *Daubert*, and motions *in limine*. NS provides the instant statement of contested facts based on representations Sarepta has made in the Pretrial Order cover pleading, including Sarepta's stipulation of infringement.

## I. INFRINGEMENT OF NS PATENTS[1]

1. Whether Nippon Shinyaku has proven by a preponderance of the evidence that Sarepta's infringement of each of the NS Patents has been willful due to Sarepta's knowledge of each of the NS Patents, knowledge (or the fact that it should have known of) its infringement, and continued direct and indirect infringement.

2. Whether Sarepta has failed to prove by clear and convincing evidence that any of the NS Patents are invalid under any theory asserted by Sarepta.

## II. INVALIDITY OF UWA PATENTS

3. Whether Nippon Shinyaku has proven by clear and convincing evidence that the Asserted UWA Claims are invalid for failing to satisfy the written description requirement under 35 U.S.C. § 112, ¶ 1.

4. Whether Nippon Shinyaku has proven by clear and convincing evidence that the Asserted UWA Claims are invalid for failing to satisfy the enablement requirement under 35 U.S.C. § 112, ¶ 1.

5. Whether Nippon Shinyaku has proven by clear and convincing evidence that the Asserted UWA Patent Claims are invalid as indefinite under 35 U.S.C. § 112, due to impossibility.

---

[1] Pursuant to the Parties' Pretrial Order cover pleading, as of the date of this filing, Sarepta has stipulated to infringement of the Asserted Claims of the NS Patents. Accordingly, NS is relieved of any burden to adduce evidence regarding whether Sarepta has directly and/or indirectly infringed the Asserted Claims of the NS Patents.

2

### III. UNENFORCEABILITY AND *WALKER PROCESS* FRAUD[2]

6. Whether NS has proven by clear and convincing evidence that the Asserted UWA Claims are unenforceable due to inequitable conduct.

7. Whether NS has proven by clear and convincing evidence that the UWA inventors had invented the claimed subject matter of the UWA Patents, including conceiving of the genus of antisense oligonucleotides claimed by each UWA Patent as of the PCT Application filing date.

8. Whether NS has proven by clear and convincing evidence that the UWA Inventors are unable to rely on a constructive reduction to practice because the disclosure of the PCT Application does not comply with 35 U.S.C. § 112, first paragraph.

9. Whether NS has proven by clear and convincing evidence that the UWA Inventors and their attorneys knowingly submitted a false claim of priority for the UWA Patents.

10. Whether NS has proven by clear and convincing evidence that the UWA Patents would have issued in view of material references, which were never considered by the USPTO due to the false claim of priority, had the UWA Applications been accorded the priority date to which they were rightfully entitled.

11. Whether NS has proven by clear and convincing evidence that, by attempting to enforce the legal monopoly conferred by the UWA Patents, which were obtained by fraud, Sarepta has engaged in attempted monopolization in violation of the Sherman Act, including within the doctrine set forth in *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172 (1965).

12. Whether NS has proven by clear and convincing evidence that Sarepta has engaged in predatory or anticompetitive conduct with a specific intent to monopolize by attempting to

---

[2] Evidence regarding the issues in this section will be presented during the bench trial portion of the case.

3

enforce the UWA Patents against its only competitor in the market for DMD patients with mutations amenable to exon 53 skipping who have been prescribed with an ASO therapy.

13. Whether NS has proven by clear and convincing evidence that, as a result of Sarepta's unlawful acts, the NS has suffered antitrust injury, and, in what amount.

## IV.    BREACH OF CONTRACT[3]

14. Whether Nippon Shinyaku has proven by a preponderance of the evidence that Sarepta breached the terms of the MCA by filing IPR Petitions regarding the NS Patents.

15. Whether Nippon Shinyaku has proven by a preponderance of the evidence that it has suffered damages in the form of attorneys' fees and costs as a result of Sarepta's breach of the MCA.

## V.    DAMAGES

16. What amount of damages are appropriate to compensate Nippon Shinyaku for the harm it incurred as a result of Sarepta's willful infringement and breach of the MCA.

17. What amount of damages are appropriate to compensate NS for Sarepta and UWA's *Walker Process* fraud.

18. What amount of lost profits and/or a reasonable royalty will compensate Nippon Shinyaku for Sarepta's infringement of the NS Patents.

19. What amount of damages, in the form of attorneys' fees and costs, is Nippon Shinyaku entitled to as a result of Sarepta's breach of the MCA.

20. What amount of damages will compensate NS for the antitrust injury it suffered as a result of Sarepta and UWA's *Walker Process* fraud.

---

[3] The breach of contract issues (including damages noted below) are to be tried as part of a bench trial.

4

21. What is the proper amount of pre- and post-judgment interest on the damages awarded.

22. Whether this case is exceptional for the purpose of awarding enhanced damages, attorneys' fees, and costs.