## VOIR DIRE

Good morning, ladies and gentlemen. I am Judge Hall. We are going to select a jury in a civil case called *Nippon Shinyaku Co., Ltd. v. Sarepta Therapeutics, Inc.*

I am going to ask you a series of questions to help the Court and the attorneys in the jury selection process. Before I ask any questions, I am going to ask the Deputy Clerk to swear the jury panel to answer any questions truthfully. (To Deputy, Please swear the panel).

If any of you answer "yes" to any of the questions that I ask, please raise your hand, and, when recognized by me, please stand, state your name and your jury number. At the end of the questions, the Deputy Clerk will ask some of you to take seats in the jury box, and, after that, the lawyers and I may ask those of you who answered "yes" to one or more questions to come up to the bench to discuss your answers with the lawyers and me.

The presentation of evidence in this case is expected to take 5 days, but jury deliberations could extend your service beyond that. The schedule that I expect to keep over the days of evidence presentation will include a morning break of fifteen minutes, a lunch break of up to an hour, and an afternoon break of fifteen minutes. We will start at 9:30 a.m. and finish no later than 5:00 p.m. each day.

1. Does this schedule that I have just mentioned present a special problem to any of you?

2. (Description of the case).

   a. This is a patent lawsuit involving the treatment of a medical condition referred to as Duchenne Muscular Dystrophy, or DMD. The patents at issue involve treatments for DMD using what are called antisense oligonucleotides. Each side acknowledges that it infringes the other side's patent(s). However, each side also asserts that the other side's patents are invalid. The jury in this case will be asked to weigh in on the issues of invalidity and damages. For those of you who end up being on the jury, I will give more detailed instructions on the law later in the case.

   Have any of you heard or read anything about this case?

3. The lawyers and law firms involved in this case are:

   - Amanda Williamson, David Schrader, Amy Dudash, Krista Venegas, Wan-Shon Lo, Christopher Betti, Jitsuro Morishita, Michael Sikora, Zachary Miller, Alison Patitucci, and Maria Doukas from Morgan Lewis & Bockius LLP
   - Pilar Kraman and Robert M. Vrana from Young Conaway Stargatt & Taylor, LLP
   - Aaron Clay, Alissa Lipton, Charles Lipsey, J. Derek McCorquindale, John Williamson, Kaitlyn Pehrson, L Scott Burwell, Michael Flibbert, Ryan O'Quinn, William Raich, Yoonhee Kim, Jameson K. Gardner, and Yoonjin Lee from Finnegan Henderson Farabow Garrett & Dunner, LLP
   - Michael A. Morin, David P. Frazier, Michele D. Johnson, Amanda P. Reeves, Anna M. Rathbun, Rebecca L. Rabenstein, Ernest Yakob, Rachel R. Blitzer, Will Orlady, Jesse Aaron Vella, Graham B. Haviland, and Bornali Rashmi Borah from Latham & Watkins LLP
   - Jack Blumenfeld and Megan Dellinger from Morris Nichols Arsht & Tunnell LLP

   Do any of you or anyone close to you know any of the attorneys or law firms I have just named?

4. Have any of you or anyone close to you had any business dealings with, or been employed by, any of these attorneys or law firms?

5. Have any of you or anyone close to you ever been employed by, owned stock in, or had a business relationship with any of the following companies: Nippon Shinyaku Co., Ltd.; NS Pharma, Inc.; Sarepta Therapeutics, Inc.; AVI BioPharma, Inc.; the University of Western Australia; or the National Center of Neurology and Psychiatry?

6. Do you have any opinions, positive or negative, about any of these companies?

    a. If yes: Are any of the opinions that you hold about the companies strong opinions?

7. Have you ever lived or worked in Australia, or have you traveled there for business or pleasure?

8. Have you ever lived or worked in Japan, or have you traveled there for business or pleasure?

9. Will you have difficulty serving as a juror in this case, which will involve witnesses who testify in Japanese and whose testimony will be interpreted and translated into English?

10. Are you familiar with, or have you or anyone close to you had any experience with antisense oligonucleotide drugs, VYONDYS 53®, or VILTEPSO®?

11. Have any of you or your family ever had difficulty accessing or paying for prescription medications?

    a. If yes: Were any of those medications life changing prescription medications?

12. The potential witnesses in this case are:

    - Dr. Shin'ichi Takeda
    - Naoki Watanabe
    - Stephen Sudovar
    - Gardner Gendron
    - Kazuchika Takagaki
    - Masaya Toda
    - Dr. Christine Esau
    - Dr. Nathan Luedtke
    - Dr. Jonathan Strober
    - Mark Hosfield
    - Dr. Matthew Wood
    - Dr. Michelle Hastings
    - Dr. Scott Kamholz
    - Abbie Adams
    - Dr. Richard Bestwick
    - Dr. Sue Fletcher
    - Brian Forsa

- Dr. Diane Frank
- Ethan Jacoby
- Jurius Jurayj
- Dr. Leslie Magnus
- Amy Mandragouras
- Angela Melia
- Penelope Meloni
- Emily Naughton
- Patrick O'Malley
- Youhei Satou
- Dr. Fred Schnell
- Dr. Ihor Sehinovych
- Paul Shanahan
- Natsuko Tanaka
- Dr. Steve Wilton
- Ryan Wong
- Joe Zenkus
- John Jarosz
- Dr. Steve Dowdy
- Drew Hirshfeld
- Dr. Stanley Nelson
- Dr. Bradley Pentelute
- Zhengyu Feng
- Toshihiro Ueda
- **[Sarepta's Proposal:**[1] N/A**] [Nippon Shinyaku's/NS Pharma's Proposal:**[2,3] Donald Foy**]**

Are you familiar with any of these potential witnesses?

13. Have you or anyone close to you ever been employed by or done business with the United States Patent and Trademark Office?

14. Do you consider yourself or anyone close to you to be an inventor?

---

[1] Sarepta's position: Sarepta specifically objects to Nippon Shinyaku's untimely disclosure of Donald Foy, despite his inclusion on Nippon Shinyaku and NS Pharma's witness list as part of the Proposed Joint Pretrial Order, as Nippon Shinyaku did not disclose Mr. Foy until November 8, 2024 and failed to show that Mr. Foy has personal knowledge of any relevant information. Further information regarding Sarepta's position is in the parties' [Proposed] Amended Joint Pretrial Order, concurrently filed.

[2] Nippon Shinyaku/NS Pharma's Position: Nippon Shinyaku and NS Pharma recognize that Sarepta objects to Donald Foy testifying as a witness at trial. However, the purpose of this question is to identify any juror familiarity with potential witnesses. Here, the dispute over whether Mr. Foy will testify may not be resolved in advance of jury selection. To avoid presenting an incomplete list (in the event Mr. Foy does ultimately testify), Mr. Foy's name should remain until the dispute is resolved. Should the Court preclude Mr. Foy from testifying, Nippon Shinyaku and NS Pharma agree that his name should be removed.

15. Do you or anyone close to you have any knowledge, experience or training with patents, copyrights, or intellectual property?

16. Have you or anyone close to you ever applied for, or obtained, a patent or trademark?

17. Have you or anyone close to you ever been denied a patent or trademark?

18. Have you or anyone close to you ever been involved in a dispute about a patent or trademark?

19. Have you or anyone close to you ever been a party to, or negotiated, a licensing agreement, including but not limited to a patent or a trademark license?

20. Do you have any strong opinions about patents, patent rights, or the United States Patent and Trademark Office?

21. Do you have strong views, positive or negative, about pharmaceutical companies in general?

22. Have you or anyone close to you ever worked for a company that develops, manufactures, markets, or sells medications?

    a. If yes: Are any of those medications antisense oligonucleotides?

23. Do you have any experience with the design, manufacture, or sale of treatment therapies known as antisense oligonucleotides, including but not limited to for the treatment of Duchenne Muscular Dystrophy?

24. Do you have any knowledge, education, training, or experience in the fields of:
    a. Chemistry, Biology
    b. Pharmaceutical Development or Commercialization
    c. FDA Drug Approval and the Approval Process
    d. Genetic Diseases/RNA
    e. Muscular Dystrophy
    f. Economics, Finance, Accounting
    g. Medicine, Healthcare, Nursing
    h. Law, Law Enforcement

25. Have you or anyone close to you known someone who suffers or suffered from Duchenne Muscular Dystrophy or another muscular dystrophy?

26. Have you or anyone close to you ever been diagnosed with or treated for a genetic disease?

27. Have you served on a jury in a civil case? *If a juror answers affirmatively, the parties suggest the following questions*: What kind of dispute was it – describe it generally. Was that in federal court or state court? Did you reach a verdict in that case? Did you serve as a foreperson? Is there anything about your service in that case that would impact your ability to serve as a juror in this case?

28. If you are selected to serve as a juror in this case, are you aware of any reason why you would be unable to render a verdict based solely on the evidence presented at trial?

29. If you are selected to serve as a juror in this case, are you aware of any reason why you would not be able to follow the law as I give it to you?

30. Is there anything, such as poor vision, difficulty hearing or reading, or difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

31. Have you ever been a plaintiff, a defendant, or a witness in a lawsuit?