# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD.,<br>   Plaintiff,<br><br>v.<br><br>SAREPTA THERAPEUTICS, INC.,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA,<br>   Defendant/Counter-Plaintiffs<br><br>v.<br><br>NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC.,<br>   Plaintiff/Counter Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 21-1015 (JLH)

**[AMENDED] VERDICT FORM**

# **INSTRUCTIONS**

When answering the following questions and completing this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions for guidance on the law applicable to each question.

As used herein:

1. The '092 Patent refers to U.S. Patent No. 10,385,092.

2. The '461 Patent refers to U.S. Patent No. 10,407,461.

3. The '106 Patent refers to U.S. Patent No. 10,487,106.

4. The '741 Patent refers to U.S. Patent No. 10,647,741.

5. The '217 Patent refers to U.S. Patent No. 10,662,217.

These five patents are together sometimes referred to as "the NS Patents."[1]

As used herein:

1. The '851 Patent refers to U.S. Patent No. 9,994,851.

This patent is sometimes referred to as "the Wilton Patent."

As used herein:

1. Popplewell 2010 refers to Popplewell et al., *Comparative Analysis of Antisense Oligonucleotide Sequences Targeting Exon 53 of the Human DMD Gene:*

---

[1] Sarepta's Position: As discussed in the parties' [Proposed] Amended Joint Pretrial Order, Nippon Shinyaku should be further limited to asserting claims from only one NS Patent. NS has not identified any substantive difference between the claims that matters for either for the obviousness or damages disputes that the jury will be tasked with resolving. Instead, Nippon Shinyaku only asserts that the claims are not "identical." Asking the jury to separately assess and rule on obviousness for each claim from each of the five NS Patents endangers the jury verdict both because the number of asserted patents is legally irrelevant to the obviousness analysis and because it could lead to an inconsistent jury verdict that would necessitate a retrial. That would waste both the jurors' and this Court's time and effort.

2

*Implications for Future Clinical Trials*, 20(2) NEUROMUSCULAR DISORDERS 102 (2010).

2. Sazani 2010 refers to Sazani et al., *Safety Pharmacology and Genotoxicity Evaluation of AVI-4658*, 29(2) INT'L J. TOXICOLOGY 143 (2010).

We, the jury, unanimously agree to the answers to the following questions as our verdict in this case:

## FINDINGS ON INVALIDITY OF THE NS PATENTS

**Directions for Question 1**: Please answer Question 1.

**Obviousness of the Asserted Claims of the NS Patents**

1. **Has Sarepta proven by clear and convincing evidence that any of the following claims of the NS Patents are invalid as obvious in view of Popplewell 2010, in combination with Sazani 2010? Place a check mark in the appropriate box for each listed asserted claim.**

| '092 Patent | | |
|---|---|---|
| | YES (finding for Sarepta) | NO (finding for Nippon Shinyaku) |
| Claim 3 | | |

| '461 Patent | | |
|---|---|---|
| | YES (finding for Sarepta) | NO (finding for Nippon Shinyaku) |
| Claim 2 | | |

| '106 Patent | | |
|---|---|---|
| | YES (finding for Sarepta) | NO (finding for Nippon Shinyaku) |
| Claim 1 | | |

| '741 Patent | | |
|---|---|---|
| | YES (finding for Sarepta) | NO (finding for Nippon Shinyaku) |
| Claim 3 | | |

| '217 Patent | | |
|---|---|---|
| | YES (finding for Sarepta) | NO (finding for Nippon Shinyaku) |
| Claim 4 | | |

## FINDINGS OF PATENT DAMAGES FOR NIPPON SHINYAKU (IF APPLICABLE)

**Directions for Questions 2-5:** If you answered "NO" for any claim in Question 1, answer Question 2. Otherwise, skip to Question 6.

2. **Has Nippon Shinyaku proven by a preponderance of the evidence that it is entitled to lost profits?**

   *"YES" is a finding for Nippon Shinyaku*
   *"NO" is a finding for Sarepta*

   **YES** _____          **NO** _____

   **If you answered "YES" to Question No. 2, please answer Question No. 3. If you answered "NO" to Question No. 2, please skip to Question No. 4.**

3. **State the amount of lost profits damages that Nippon Shinyaku has proven by a preponderance of the evidence that it is entitled to.**

   $_____

4. **For any infringing sales for which you did not award lost profits, state the amount of reasonable royalty damages that Nippon Shinyaku has proven by a preponderance of the evidence that it is entitled to.**

   $_____

5. **If you answered Question No. 4, please identify the royalty rate you applied.**

   _____ % of net sales  or   $_____ per unit.

5

## FINDINGS ON WILLFUL INFRINGEMENT OF NS PATENTS (IF APPLICABLE)

**Directions for Question 6**: If you answered "NO" for any patent claim in Question 1, answer Question 6.  Otherwise, skip to Question 7.

6. **Has Nippon Shinyaku proven by a preponderance of the evidence that Sarepta has willfully infringed the NS Patents?**

    *Checking "YES" below indicates a finding for Nippon Shinyaku*
    *Checking "NO" below indicates a finding for Sarepta*


    **YES**  _____        **NO**  _____

# FINDINGS ON INVALIDITY OF THE WILTON PATENT

**Directions for Questions 7-8**: Answer Questions 7 and 8, regardless of how you answered any other Question.

**Written Description Requirement for the Asserted Claim of the Wilton Patent**

7. **Have Nippon Shinyaku and NS Pharma proven by clear and convincing evidence that the following claim of the Wilton Patent is invalid for lack of adequate written description? (Place a check mark in the appropriate box below.)**

| | '851 Patent | |
|---|---|---|
| | **YES** (finding for Nippon Shinyaku and NS Pharma) | **NO** (finding for Sarepta) |
| Claim 1 | | |

**Enablement Requirement for the Asserted Claim of the Wilton Patent**

8. **Have Nippon Shinyaku and NS Pharma proven by clear and convincing evidence that the following claim of the Wilton Patent is invalid for lack of enablement? (Place a check mark in the appropriate box below.)**

| | '851 Patent | |
|---|---|---|
| | **YES** (finding for Nippon Shinyaku and NS Pharma) | **NO** (finding for Sarepta) |
| Claim 1 | | |

7

**FINDINGS OF PATENT DAMAGES FOR SAREPTA (IF APPLICABLE)**

**Directions for Questions 9-12**: If you answered "NO" for each of Questions 7-8, answer Question 9. If you answered "YES" to either Question 7 or 8, skip Questions 9-12, and proceed to Question 13.

9. **Has Sarepta proven by a preponderance of the evidence that it is entitled to lost profits?**

   *"YES" is a finding for Sarepta*
   *"NO" is a finding for Nippon Shinyaku and NS Pharma*

   **YES** _____      **NO** _____

   *If you answered "Yes" to Question No. 9, please answer Question No. 10. If you answered "No" to Question No. 9, please skip to Question No. 11.*

10. **State the amount of lost profits damages that Sarepta has proven by a preponderance of the evidence that it is entitled to.**

    $_____

11. **For any infringing sales for which you did not award lost profits, state the amount of reasonable royalty damages that Sarepta has proven by a preponderance of the evidence that it is entitled to.**

    $_____

12. **If you answered Question No. 11, please identify the royalty rate you applied.**

    _____% of net sales **or**    $_____per unit

**FINDINGS ON WILLFUL INFRINGEMENT OF WILTON PATENT (IF APPLICABLE)**

**Directions for Question 13**: If you answered "NO" for each of Questions 7-8, answer Question 13.  Otherwise, proceed to the last page of the Verdict Form.

    **13. Have Sarepta and UWA proven by a preponderance of the evidence that Nippon Shinyaku and NS Pharma have willfully infringed the Wilton Patent?**

*Checking "YES" below indicates a finding for Sarepta and UWA*
*Checking "NO" below indicates a finding for Nippon Shinyaku and NS Pharma*


**YES** _____         **NO** _____

You have now reached the end of the verdict form, and you should review it to ensure it accurately reflects your unanimous determinations. You must each sign the verdict form in the spaces below and notify the Jury Officer after you have reached a verdict.

Date: _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____