# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., Plaintiff, </br></br> v. </br></br> SAREPTA THERAPEUTICS, INC., Defendant. </br></br>――――――――――――――――― </br></br> SAREPTA THERAPEUTICS, INC., Defendant and Counter-Plaintiff </br></br> v. </br></br> NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC., Plaintiff and Counter-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 

C.A. No. 21-1015 (JLH)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Redacted Version**

## NIPPON SHINYAKU CO. AND NS PHARMA, INC.'S
## LETTER REGARDING REQUEST TO STRIKE CERTAIN SUPPLEMENTAL
## OPINIONS FROM SAREPTA'S ECONOMIC EXPERT JOHN JAROSZ

Amanda S. Williamson (admitted *pro hac vice*)
Christopher J. Betti (admitted *pro hac* vice)
Krista V. Venegas (admitted *pro hac* vice)
Wan-Shon Lo (admitted *pro hac vice*)
Maria E. Doukas (admitted *pro hac vice*)
Zachary Miller (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL  60601
Telephone:  312.324.1000 | Fax: 312.324.1001
amanda.williamson@morganlewis.com
christopher.betti@morganlewis.com
krista.venegas@morganlewis.com
shon.lo@morganlewis.com
maria.doukas@morganlewis.com
zachary.miller@morganlewis.com
michael.sikora@morganlewis.com

David L. Schrader
MORGAN, LEWIS & BOCKIUS LLP
300 S Grand Ave 22nd Floor
Los Angeles, CA  90071
Telephone:  213.612.2500 | Fax: 213.612.2501
david.schrader@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone:  302.574.3000 | Fax: 302.574.3001
amy.dudash@morganlewis.com

Julie S. Goldemberg (admitted *pro hac vice*)
Alison P. Patitucci (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA  19103
Telephone: 215.693.5000 | Fax: 215.963.5001
julie.goldemberg@morganlewis.com
alison.patitucci@morganlewis.com

*Attorneys for Plaintiff/Counterclaim Defendant Nippon Shinyaku Co., Ltd. and Counterclaim Defendant NS Pharma, Inc.*

**Dated:**  November 22, 2024

Dear Judge Hall:

The Court's July 2, 2024 Order provided for the narrow production of supplemental financial information and supplementation of Opening Financial Expert Reports "related to [the] supplemental production." D.I. 597 at 2. But John Jarosz's November 5, 2024 Second Supplemental Expert Report (Exhibit A) exceed that scope.

Mr. Jarosz admits he provides new opinions. In ¶14, Mr. Jarosz concedes the dispute on which he now opines arose "sometime after [he] submitted the Jarosz Supplemental Opening Report on April 12, 2024 . . . relating to whether Sarepta possessed sufficient exclusive rights in the Wilton Patent to claim lost profits damages for the entirety of the damages period."[1]

For the first time, Mr. Jarosz now offers opinions in report ¶¶14-20 about the legal operation of the corporate agreements and newly produced evidence about the parties' alleged intent and intercompany transactions. The Court should strike those opinions. *See B. Braun Melsungen AG v. Terumo Med. Corp.*, 749 F. Supp. 2d 210, 221 (D. Del. 2010) ("Parties may not use their obligation to supplement as an excuse to violate the clear terms of a Scheduling Order.").

### Mr. Jarosz's New Opinions Are Impermissible Legal Conclusions

Not only are Mr. Jarosz's opinions untimely, but since they relate to whether Defendant/Counter-Defendant Sarepta Therapeutics, Inc. ("Sarepta") possessed sufficient exclusive rights to have standing to claim damages for the entirety of the damages period, they amount to impermissible legal opinions. "[A]n expert witness is prohibited from rendering a legal opinion." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006); *see also Cantor v. Perelman*, 2006 WL 3462596, at *3–4 (D. Del. Nov. 30, 2006) (noting the general rule that experts are not permitted to offer legal opinions).

In ¶¶15-20, Mr. Jarosz unquestionably and improperly interprets contractual terms:



- ████████████████████████████████." ¶15.
- ████████████████████████████████ ¶16.
- ████████████████████████████████ ¶17
- ████████████████████████████████ ¶18.
- ████████████████████████████████

---

[1] Mr. Jarosz is referring to the letter brief Plaintiff/Counter-Defendant Nippon Shinyaku Co., Ltd. and Counter-Defendant NS Pharma, Inc. (collectively, "NS") filed on May 7, 2024, D.I. 568, that remains outstanding. NS renews and incorporates by reference the arguments in D.I. 568.



- ¶19.

▪ ¶20.[2]

"[T]he law of contract interpretation [] firmly prohibits expert testimony as to legal duties, standards or ramifications arising from a contract. Such testimony is reversible error and is not repaired by cross-examination." *North Am. Philips Corp. v. Aetna Casualty & Sur.*, 1995 WL 628447, (Del. Super. Ct. Apr. 22, 1995); *see also Dow Chem. Canada Inc. v. HRD Corp.*, 656 F. Supp. 2d 427, 435 (D. Del. 2009), as corrected (Oct. 15, 2009) (same). Mr. Jarosz's opinions in ¶¶14-20 are almost entirely based on his contract interpretation. Such testimony must be excluded.

### Mr. Jarosz's Opinions Should Also Be Excluded Under the *Pennypack* Factors

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Exclusion of belatedly produced evidence is governed by the *Pennypack* factors, where the Court considers: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *Konstantopoulas v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)).

***Pennypack* Factor 1: Prejudice.** NS is unfairly prejudiced by Sarepta's new expert opinion evidence. For example, Mr. Jarosz's opinions from ¶17 and ¶19 rely on "a conversation with Peter Walsh, Senior Director, Tax Planning and Compliance at Sarepta Therapeutics, Inc. and Director and Secretary for ST International Holdings Two, Inc." that occurred after the initial close of fact discovery and even after the more recent deadline for limited "supplemental financial information". D.I. 579. Sarepta never disclosed Mr. Walsh in its Initial Disclosures, and NS never had the opportunity to depose him about his knowledge regarding the licensing of the Wilton Patent or ▇▇▇▇▇▇▇▇▇▇ on which Jarosz now relies (¶¶ 17, 19, fn 42). Even after the parties' May dispute and Mr. Jarosz's new reliance upon Mr. Walsh's knowledge, Sarepta still has not identified him as a potential witness or offered him for a deposition. The jury will not hear from Mr. Walsh firsthand, and NS will not have an opportunity to cross examine Mr. Walsh about his statements (as recounted by Mr. Jarosz). "Although the Rules permit experts some leeway with respect to hearsay evidence, Fed. R. Evid. 703, a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013); *see also Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) (Rule 703 "was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose

---

[2] Sarepta offered to add prefatory language to Mr. Jarosz's legal conclusions such as "I understand that". Such language would not change that, at their core, Mr. Jarosz's opinions seek to interpret which Sarepta entities held exclusive rights during certain time periods.

statements or opinions the expert purports to base his opinion."). Allowing Mr. Jarosz to belatedly introduce Mr. Walsh's statements is unduly prejudicial to NS.

In addition, as NS explained in D.I. 568, NS also never had the opportunity to take discovery relating to ███████████████████████. By using Mr. Jarosz's supplemental report to backdoor yet more new evidence, Sarepta is further exacerbating the unfair prejudice.

***Pennypack* Factor 2: Possibility to Cure.** The undue prejudice cannot be cured by additional fact or expert discovery at this late stage, as that would be NS's detriment. Indeed, any "last-minute addition to the record would disrupt the proceedings and cause unacceptable delay." *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 523 (Fed. Cir. 2012). And it would be unfair for NS to have its "case preparation impacted and disrupted at this late date." *Finch v. Hercules Inc.*, 1995 WL 785100, at *10 (D. Del. Dec. 22, 1995). Only exclusion could cure the prejudice here. *Sysmex Corp. v. Beckman Coulter, Inc.*, 2022 WL 7008282, at *3 (D. Del. Oct. 12, 2022).

***Pennypack* Factor 3: Disruption.** Admitting these new opinions would disrupt the orderly and efficient upcoming trial. At minimum, additional discovery and supplemental expert reports would be required, potentially requiring a prejudicial second postponement. *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, 2019 WL 9698520, at *2 (D. Del. Jan. 2, 2019) ("Bifurcating or postponing trial would not cure this prejudice . . . and would disrupt the orderly and efficient trial of this case."); *see BearBox LLC v. Lancium LLC*, 2022 WL 17403466, at *3 (D. Del. Nov. 23, 2022) ("While BearBox's offer to . . . provide a supplemental report . . . may cure some prejudice, this would undoubtedly disrupt the trial process." (internal citation omitted)).

***Pennypack* Factor 4: Bad Faith.** NS raised its concerns with Sarepta's use of the agreements in May. *See* D.I. 568. Sarepta—aware of NS's challenges and assertions of prejudice based on the documents alone— could have sought to cure its standing issue or reopen and supplement its discovery responses on this issue, but instead waited until one month before the schedule trial to attempt to shoehorn new expert opinions and new factual statements from a new declarant, Peter Walsh. This "level of disregard of pre-trial rulings and the well-established rules governing discovery and civil practice in federal court evinces a willful failure." *Ely v. Cabot Oil & Gas Corp.*, 2016 WL 590370, at *10 (M.D. Pa. Feb. 12, 2016).

***Pennypack* Factor 5: Importance.** The new opinions Sarepta seeks to introduce via Mr. Jarosz in ¶¶14-20 are not important because they are mostly legal conclusions. If the agreements are admissible at all—and they should not be, *see* D.I. 568—they need not be admitted through Mr. Jarosz. Mr. Walsh's hearsay recollections are not important when the agreements themselves control. Finally, even if the opinions at issue were important, that is "not sufficient enough to outweigh the significant and not reasonably-curable prejudice to" NS. *Cirba Inc. v. VMware, Inc.*, 2023 WL 6799267, at *4 (D. Del. Mar. 30, 2023). Any prejudice suffered by Sarepta from its late disclosure results from its own lack of diligence in proving its claims. The *Pennypack* factors thus weigh in favor of excluding Mr. Jarosz's opinions.

Mr. Jarosz's opinions in ¶¶14-20 are legally improper and represent an unduly prejudicial ambush on the eve of trial. The Court should strike those opinions and limit Mr. Jarosz to providing the simple math calculations in ¶¶21-22 showing the permissibly updated calculations for the exclusion of damages for the disputed period.

Dated:  November 22, 2024

Amanda S. Williamson (admitted *pro hac vice*)
Christopher J. Betti (admitted *pro hac* vice)
Krista V. Venegas (admitted *pro hac* vice)
Wan-Shon Lo (admitted *pro hac* vice)
Maria E. Doukas (admitted *pro hac vice*)
Zachary D. Miller (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
110 N. Wacker Drive, Suite 2800
Chicago, IL  60601
Telephone:  312.324.1000
Fax:  312.324.1001
amanda.williamson@morganlewis.com
christopher.betti@morganlewis.com
krista.venegas@morganlewis.com
shon.lo@morganlewis.com
maria.doukas@morganlewis.com
zachary.miller@morganlewis.com
michael.sikora@morganlewis.com

Julie S. Goldemberg (admitted *pro hac vice*)
Alison P. Patitucci (admitted *pro hac vice*)
2222 Market Street
Philadelphia, PA  19103
Telephone: 215.693.5000
Fax: 215.963.5001
julie.goldemberg@morganlewis.com
alison.patitucci@morganlewis.com

David L. Schrader
MORGAN, LEWIS & BOCKIUS LLP
300 S Grand Ave 22nd Floor
Los Angeles, CA  90071
Telephone:  213.612.2500 | Fax:  213.612.2501
david.schrader@morganlewis.com

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Nippon Shinyaku Co., Ltd. and NS Pharma, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 22, 2024, a copy of the foregoing, LETTER REGARDING REQUEST TO STRIKE CERTAIN SUPPLEMENTAL OPINIONS FROM SAREPTA'S ECONOMIC EXPERT JOHN JAROSZ, which was filed under seal, was served via electronic mail on the following counsel of record:

Jack B. Blumenfeld
Megan E. Dellinger
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

William B. Raich
Michael J. Flibbert
John M. Williamson
Yoonhee Kim
Yoonjin Lee
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000
william.raich@finnegan.com
michael.flibbert@finnegan.com
john.williamson@finnegan.com
yoonhee.kim@finnegan.com
yoonjin.lee@finnegan.com

Charles E. Lipsey
J. Derek McCorquindale
Ryan P. O'Quinn
L. Scott Burwell
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700
charles.lipsey@finnegan.com
derek.mccorquindale@finnegan.com
ryan.o'quinn@finnegan.com

scott.burwell@finnegan.com

Alissa K. Lipton
Eric J. Lee, Ph.D.
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600
alissa.lipton@finnegan.com
eric.lee@finnegan.com

Amanda P. Reeves
Anna M. Rathbun
Graham B. Haviland
Jesse Aaron Vella
Michael A. Morin
David P. Frazier
Rebecca L. Rabenstein
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1359
(202) 637-2200
amanda.reeves@lw.com
anna.rathbun@lw.com
graham.haviland@lw.com
jesse.vella@lw.com
michael.morin@lw.com
david.frazier@lw.com
rebecca.rabenstein@lw.com

Ernest Yakob
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020-1300
(212) 906-1200
ernest.yakob@lw.com

Michele D. Johnson
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
michele.johnson@lw.com

                                                                                          */s/ Amy M. Dudash*
                                                                                          Amy M. Dudash (DE Bar No. 5741)