# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., Plaintiff, <br><br> v. <br><br> SAREPTA THERAPEUTICS, INC., Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 21-1015 (JLH) <br> ) <br> ) <br> ) |
| SAREPTA THERAPEUTICS, INC., Defendant and Counter-Plaintiff <br><br> v. <br><br> NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC., Plaintiff and Counter-Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### NIPPON SHINYAKU CO., LTD. AND NS PHARMA, INC.'S LETTER ON REPLY REGARDING REQUEST TO STRIKE CERTAIN SUPPLEMENTAL OPINIONS FROM SAREPTA'S ECONOMIC EXPERT JOHN JAROSZ

Amanda S. Williamson (admitted *pro hac vice*)
Christopher J. Betti (admitted *pro hac* vice)
Krista V. Venegas (admitted *pro hac* vice)
Wan-Shon Lo (admitted *pro hac vice*)
Maria E. Doukas (admitted *pro hac vice*)
Zachary Miller (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL  60601
Telephone:  312.324.1000  |  Fax: 312.324.1001
amanda.williamson@morganlewis.com
christopher.betti@morganlewis.com
krista.venegas@morganlewis.com
shon.lo@morganlewis.com
maria.doukas@morganlewis.com
zachary.miller@morganlewis.com
michael.sikora@morganlewis.com

David L. Schrader
MORGAN, LEWIS & BOCKIUS LLP
300 S Grand Ave 22nd Floor
Los Angeles, CA  90071
Telephone:  213.612.2500  |  Fax:  213.612.2501
david.schrader@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone:  302.574.3000  |  Fax: 302.574.3001
amy.dudash@morganlewis.com

Julie S. Goldemberg (admitted *pro hac vice*)
Alison P. Patitucci (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA  19103
Telephone: 215.693.5000  |  Fax: 215.963.5001
julie.goldemberg@morganlewis.com
alison.patitucci@morganlewis.com

*Attorneys for Plaintiff/Counterclaim Defendant Nippon Shinyaku Co., Ltd. and Counterclaim Defendant NS Pharma, Inc.*

**Dated:**  December 2, 2024

Dear Judge Hall:

Sarepta does not contest that ¶¶14-20 of Mr. Jarosz's Second Supplemental Damages Report fall outside the scope of the Court's Order providing for the narrow production of supplemental financial information and supplementation of Opening Financial Expert Reports "related to [the] supplemental production." D.I. 597 at 2. The paragraphs should be stricken for that reason alone. *See B. Braun Melsungen AG v. Terumo Med. Corp.*, 749 F. Supp. 2d 210, 221 (D. Del. 2010) ("Parties may not use their obligation to supplement as an excuse to violate the clear terms of a Scheduling Order."). In addition, the opinions are impermissible legal conclusions, and the *Pennypack* factors favor exclusion. Sarepta's arguments to the contrary are unpersuasive.

Sarepta attempts to reframe Mr. Jarosz's new opinions as "not legal opinions, or 'opinions' at all—they instead provide context for Mr. Jarosz's damages opinions." D.I. 649 at 1. But the distinction Sarepta draws between "opinions" and "context" is one without a difference. Statements related to  all amount to legal conclusions. *See* D.I. 641-1 at ¶¶15-20. Mr. Jarosz's interpretations of the agreements relate to the ultimate and contested legal question of whether Sarepta possessed sufficient exclusive rights to have standing to claim damages for the entirety of the damages period. Mr. Jarosz cannot provide such legal opinions. The fact that Mr. Jarosz does not rely on the agreements themselves but also his communications with ▮▮▮▮▮—demonstrates that he is not just parroting agreement terms to provide "context" but rather is interpreting them—with the assistance of impermissible and belatedly disclosed hearsay, which is further problematic. Sarepta is simply trying to backdoor in evidence and opinions about standing, for which it has borne the burden all along, and did not properly provide earlier in the case. Sarepta did not identify or produce the agreements, nor did it identify a witness knowledgeable about the agreement in a timely manner. It cannot now shoehorn this in via what was limited to financial supplementation.

Sarepta also attempts to deflect blame by arguing that both parties' damages experts "included similar context for the other agreements considered in their earlier reports in this case." D.I. 649 at 1. And Sarepta claims NS's expert offers "analogous" opinions. *Id.* at 2. NS disagrees with Sarepta's characterization, but regardless, that does not make the opinions Mr. Jarosz seeks to provide in ¶¶14-20 admissible. *See, e.g., Castellani v. City of Atlantic City*, 2017 WL 924179, at *2 (D.N.J. Mar. 1, 2017) (chastising counsel for "point[ing] fingers at adverse counsel" when actions are challenged). To the extent Sarepta had any issue with Mr. Hosfield's opinions, it could have raised it at the appropriate time, with NS having a full opportunity to respond. Tellingly, Sarepta chose not to.

Finally, Sarepta suggests that NS "deal" with Mr. Jarosz's improper legal opinions "through cross examination at trial." D.I. 649 at 2. But, as NS noted, "the law of contract interpretation [] firmly prohibits expert testimony as to legal duties, standards or ramifications arising from a contract. Such testimony is reversible error and is not repaired by cross-examination." *North Am. Philips Corp. v. Aetna Casualty & Sur.*, 1995 WL 628447, (Del. Super. Ct. Apr. 22, 1995). Sarepta offers no response to this. Further, there is no opportunity to cross examine ▮▮▮▮, as he was never properly disclosed as a fact witness and is not on Sarepta's witness list for trial.

1

Mr. Jarosz can provide calculations based on certain assumptions, which is what he does in ¶¶21-22, and he can state the assumptions he is making to the jury, but he cannot provide legal opinions interpreting contracts to support his assumptions.

The *Pennypack* Factors provide an additional reason to exclude Mr. Jarosz's opinions.

***Pennypack* Factor 1: Prejudice.** NS explained in its Opening Letter that its prejudice primarily stemmed from Mr. Jarosz's reliance on conversations with ▮▮▮▮. Sarepta again attempts to deflect blame, arguing that "NS had every opportunity to pursue the discovery" around ▮ ▮▮▮ knowledge, despite the fact that Sarepta never identified ▮▮▮ before. According to Sarepta, "NS has known about these documents and positions, including the information described in ▮▮▮ declaration, since May." D.I. 649 at 2. Sarepta cites to just D.I. 572, but that is not notice of ▮▮▮ specific statements upon which Mr. Jarosz now relies, nor is it notice of what Mr. Jarosz would testify about. The fact that experts may speak with party employees to gain better understanding of the facts does not mean that one party can sandbag the other by relying on surprise eleventh hour hearsay statements.

The cases upon which Sarepta relies do not say otherwise. *Bayer HealthCare LLC v. Baxalta Inc.*, 2019 WL 297039, at *2 (D. Del. Jan. 22, 2019), involved sales forecasts produced after the close of discovery but before the submission of expert reply reports. This Court found no prejudice where "Defendants also offered Plaintiff an opportunity to depose the relevant [fact] witnesses on the supplemental forecasts." *Id.* Here, Sarepta did not even disclose ▮▮▮, let alone give NS the opportunity to depose him. *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1202 (3d Cir. 1978), is not on point because that case involved expert opinions that did not rely on undisclosed facts. Finally, again, NS does not dispute that both experts can provide "supplemental alternate calculations based on the parties' May positions" and can state the assumptions on which they rely. D.I. 649 at 3. But Mr. Jarosz cannot provide new legal opinions based on new facts.

***Pennypack* Factors 2 & 3: Possibility to Cure & Disruption.** Sarepta argues that "NS will have the opportunity to address the agreements, related positions, and Mr. Jarosz's ultimate damages opinions at trial" such that there is ample opportunity to cure with little disruption. D.I. 649 at 3. But Sarepta offers no response to NS's argument that NS will have no opportunity to cross examine ▮▮▮. There is no possibility to cure this at trial, and taking discovery followed by a deposition at this late stage—with the potential for introducing a new fact witness at trial—would disrupt the orderliness and efficiency of the upcoming proceeding. Sarepta took a calculated risk of not disclosing a relevant fact witness and should not be rewarded.

***Pennypack* Factor 4: Bad Faith.** Sarepta claims its procedural gamesmanship does not amount to "clear egregious examples of misconduct" and again blames NS for failing to take further discovery into opinions it had no prior notice of. D.I. 649 at 3. As noted above, this is nonsense. NS could not have sought discovery about opinions it was not on notice of.

***Pennypack* Factor 5: Importance.** Mr. Jarosz's opinions in ¶¶14-20 are not important because they are impermissible legal conclusions. If the underlying agreements are admissible at all—and they should not be, *see* D.I. 568—they need not be admitted through Mr. Jarosz. That Sarepta is now arguing they are important further supports NS's position: they were relevant and should have been disclosed long ago.

Dated:  December 2, 2024

Amanda S. Williamson (admitted *pro hac* vice)
Christopher J. Betti (admitted *pro hac* vice)
Krista V. Venegas (admitted *pro hac* vice)
Wan-Shon Lo (admitted *pro hac* vice)
Maria E. Doukas (admitted *pro hac vice*)
Zachary D. Miller (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
110 N. Wacker Drive, Suite 2800
Chicago, IL  60601
Telephone:  312.324.1000
Fax:  312.324.1001
amanda.williamson@morganlewis.com
christopher.betti@morganlewis.com
krista.venegas@morganlewis.com
shon.lo@morganlewis.com
maria.doukas@morganlewis.com
zachary.miller@morganlewis.com
michael.sikora@morganlewis.com

Julie S. Goldemberg (admitted *pro hac vice*)
Alison P. Patitucci (admitted *pro hac vice*)
2222 Market Street
Philadelphia, PA  19103
Telephone: 215.693.5000
Fax: 215.963.5001
julie.goldemberg@morganlewis.com
alison.patitucci@morganlewis.com

David L. Schrader
300 S Grand Ave 22nd Floor
Los Angeles, CA  90071
Telephone:  213.612.2500 | Fax:  213.612.2501
david.schrader@morganlewis.com

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Nippon Shinyaku Co., Ltd. and NS Pharma, Inc.*

3

Case 1:21-cv-01015-JLH    Document 662    Filed 12/09/24    Page 5 of 6 PageID #: 48983


## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 2, 2024, a copy of the foregoing, LETTER REGARDING REQUEST TO STRIKE CERTAIN SUPPLEMENTAL OPINIONS FROM SAREPTA'S ECONOMIC EXPERT JOHN JAROSZ, which was filed under seal, was served via electronic mail on the following counsel of record:

Jack B. Blumenfeld
Megan E. Dellinger
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

William B. Raich
Michael J. Flibbert
John M. Williamson
Yoonhee Kim
Yoonjin Lee
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000
william.raich@finnegan.com
michael.flibbert@finnegan.com
john.williamson@finnegan.com
yoonhee.kim@finnegan.com
yoonjin.lee@finnegan.com

Charles E. Lipsey
J. Derek McCorquindale
Ryan P. O'Quinn
L. Scott Burwell
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700
charles.lipsey@finnegan.com
derek.mccorquindale@finnegan.com
ryan.o'quinn@finnegan.com

scott.burwell@finnegan.com

Alissa K. Lipton
Eric J. Lee, Ph.D.
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600
alissa.lipton@finnegan.com
eric.lee@finnegan.com

Amanda P. Reeves
Anna M. Rathbun
Graham B. Haviland
Jesse Aaron Vella
Michael A. Morin
David P. Frazier
Rebecca L. Rabenstein
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1359
(202) 637-2200
amanda.reeves@lw.com
anna.rathbun@lw.com
graham.haviland@lw.com
jesse.vella@lw.com
michael.morin@lw.com
david.frazier@lw.com
rebecca.rabenstein@lw.com

Ernest Yakob
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020-1300
(212) 906-1200
ernest.yakob@lw.com

Michele D. Johnson
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
michele.johnson@lw.com

                                      */s/ Amy M. Dudash*
                                      Amy M. Dudash (DE Bar No. 5741)