IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD., | ) |
| Plaintiff, | ) |
| v. | ) |
| SAREPTA THERAPEUTICS, INC., | ) |
| Defendant. | ) C.A. No. 21-1015-JLH |
| SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA, | ) |
| Counter-Plaintiffs, | ) |
| v. | ) |
| NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC., | ) |
| Counter-Defendants. | ) |

**ORDER**

At Wilmington, this 13th day of December 2024, upon consideration of the parties' filings and arguments regarding Sarepta's alleged entitlement to lost profits for the period between April 1, 2021, and May 11, 2022, based on its status as an exclusive licensee, and having carefully poured over what was raised with whom and when (D.I. 568, 570, 572, 597, 640, 641, 646, 649, 651, 665), IT IS HEREBY ORDERED that:

1. As discussed in exhaustive detail at the Pretrial Conference (*see* Dec. 9, 2024 Pretrial Conf. Tr. at 57–73), to the extent NS originally asserted that this was an issue that must be

decided by the Court because it implicates subject matter jurisdiction (*see* D.I. 568 (referencing "injury-in-fact" and "standing")), the Court rejects that argument.

2.  To the extent that both sides now request summary judgment in their respective favors on the issue of whether Sarepta was an exclusive licensee between April 1, 2021, and May 11, 2022 (D.I. 665), the Court rejects those requests as untimely.

3.  The Court is unpersuaded on the record before it that the contracts unambiguously establish as a matter of law that Sarepta Therapeutics, Inc. was an exclusive licensee during the entire relevant time period. The parties have proposed, and the Court agrees, that the jury be instructed that Sarepta has the burden to prove its entitlement to lost profits. Any other requests for jury instructions shall be included in the parties' updated proposed final jury instructions. (*See* D.I. 679.)

4.  The Court has determined in its discretion, under the totality of the circumstances, that the sanction of exclusion of Sarepta's late-produced licenses is inappropriate, particularly since NS could have at least attempted to obtain the additional discovery that it now says it needs in the seven months since this issue arose in May 2024. The Court will consider imposing an alternative sanction pursuant to Federal Rule of Civil Procedure 37(c)(1)(A); any such request shall be made within 14 days after the conclusion of the trial.

*****

5. NS's Motion to Strike (D.I. 640) is GRANTED-IN-PART and DENIED-IN-PART, as discussed at the Pretrial Conference. Mr. Jarosz may not opine on the legal interpretation of the contracts, but he may testify about how the contracts informed the assumptions on which he relied for his damages opinions. Mr. Jarosz may not testify about his conversation with Mr. Walsh.

_____
The Honorable Jennifer L. Hall
UNITED STATED DISTRICT JUDGE