IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAREPTA THERAPEUTICS, INC.,<br><br>    Defendant.<br><br>SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA,<br><br>    Defendant/Counter-Plaintiffs,<br><br>    v.<br><br>NIPPON SHINYAKU CO., LTD.<br>and NS PHARMA, INC.<br><br>    Plaintiff/Counter-Defendants. | C.A. No. 21-1015 (JLH) |

**STIPULATION AND [PROPOSED] ORDER OF PARTIAL DISMISSAL**

WHEREAS, the parties requested amendments to the pleadings seeking dismissal or partial dismissal of certain claims and defenses in their Proposed Amended Joint Pretrial Order (*see* D.I. 646 at ¶ 83; adopted at D.I. 679);

WHEREAS, the Court ordered the parties to provide a proposed order that disposes of such claims at the December 9, 2024 Pretrial Conference (Tr. 110:13-19);

WHEREAS, the "Wilton Patents" refer to U.S. Patent Nos. 9,994,851; 10,227,590; and 10,266,827;

IT IS HEREBY STIPULATED AND AGREED, by the parties, subject to the approval of the Court, that:

1. Nippon Shinyaku Co., Ltd.'s ("Nippon Shinyaku") following claims are dismissed with prejudice:

    a. U.S. Patent No. 10,683,322, claims 1-4, 6-9 (Second Amended Complaint, Claim IX (D.I. 86); *see also* D.I. 498 (stipulating to partial dismissal with prejudice of remaining '322 patent claims);

    b. U.S. Patent No. 10,385,092, claims 1 and 2 (partial dismissal of Second Amended Complaint, Claim IV (D.I. 86)); for reference, '092 Patent claim 3 was adjudicated by the jury (D.I. 699);

    c. U.S. Patent No. 10,407,461, claim 1 and 2 (dismissal of Second Amended Complaint, Claim V (D.I. 86));

    d. U.S. Patent No. 10,662,217, claims 1-4 (dismissal of Second Amended Complaint, Claim VIII (D.I. 86));

    e. U.S. Patent No. 10,647,741, claims 1-12 (dismissal of Second Amended Complaint, Claim VII (D.I. 86));

    f. U.S. Patent No. 10,487,106, claims 1 and 2 (dismissal of Second Amended Complaint, Claim VI (D.I. 86)); and

    g. U.S. Patent No. 9,708,361, claims 1-7 (dismissal of Second Amended Complaint, Claim III (D.I. 86); see also D.I. 498 (stipulating to "dismissal with prejudice of Claim III (Infringement of the '361 Patent)")).

2. Sarepta Therapeutics, Inc.'s ("Sarepta") and the University of Western Australia's ("UWA") following claims are dismissed with prejudice:

    a. U.S. Patent No. 9,994,851, claim 2 (partial dismissal of Second Amended Answer, Defenses, and Counterclaims, Counterclaim I (D.I. 328)); for reference, '851 claim 1 was adjudicated by the jury (D.I. 699);

    b. U.S. Patent No. 10,227,590, claims 1-2 (dismissal of Second Amended Answer, Defenses, and Counterclaims, Counterclaim II (D.I. 328)); and

    c. U.S. Patent No. 10,266,827, claims 1-2 (dismissal of Second Amended Answer, Defenses, and Counterclaims, Counterclaim III (D.I. 328)).

3. Nippon Shinyaku's claim that the Wilton Patents are invalid (Second Amended Complaint, Claim II, ¶¶ 87-88 (D.I. 86)) is partially dismissed with prejudice as to Nippon Shinyaku's claim and Nippon Shinyaku's and NS Pharma Inc.'s ("NS Pharma") affirmative defense (Counter-Defendants' Answer to Counter-Plaintiffs' Amended Counterclaims, Second Affirmative Defense (D.I. 344)) that the Wilton Patents are invalid as to invalidity grounds other than the invalidity of claim 1 of U.S. Patent No. 9,994,851 under 35 U.S.C. § 112.  For clarity, the remainder of Nippon Shinyaku's Second Amended Complaint, Claim II, ¶¶ 87-91 (D.I. 86) and Nippon Shinyaku's and NS Pharma's Second Affirmative Defense (D.I. 344), regarding Nippon Shinyaku's claim that Wilton Patents are invalid under 35 U.S.C. § 112, was adjudicated by the Court at claim construction and summary judgment (as to indefiniteness (D.I. 249, 541, 542)) and by the jury (as to written description and enablement (D.I. 699)).

4. Sarepta's Counterclaim IV and Fourth Affirmative Defense that the NS Patents are invalid (Second Amended Answer, Defenses, and Counterclaims, Counterclaim IV (D.I. 328), ¶¶ 76-82) is partially dismissed with prejudice as to invalidity grounds other than the invalidity of the '092 Patent, claim 3 under 35 U.S.C. § 103.  For clarity, the remainder of Sarepta's Counterclaim IV and Fourth Affirmative Defense that the NS Patents are invalid (Second Amended Answer,

Defenses, and Counterclaims, Counterclaim IV (D.I. 328), ¶¶ 76-82), *i.e.*, the invalidity of the '092 Patent, claim 3 under 35 U.S.C. § 103, was adjudicated by the jury (D.I. 699).

5. Sarepta's breach of contract counterclaim (Second Amended Answer, Defenses, and Counterclaims, Counterclaim V, ¶¶ 83-95 (D.I. 328)) is dismissed with prejudice.

6. Sarepta's inequitable conduct counterclaim (Second Amended Answer, Defenses, and Counterclaims, Counterclaim IV, ¶¶ 96-97 (D.I. 328)) is dismissed with prejudice.

Dated: January 3, 2025

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ *Amy M. Dudash* | /s/ *Megan E. Dellinger* |
| Amy M. Dudash (#5741)<br>1201 North Market Street, Suite 2201<br>Wilmington, DE 19801<br>(302) 574-3000<br>amy.dudash@morganlewis.com | Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br>mdellinger@morrisnichols.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**SO ORDERED** this ___ day of _____, 2025.

_____
United States District Court Judge