IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIPPON SHINYAKU CO., LTD.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAREPTA THERAPEUTICS, INC.,<br><br>　　　　Defendant.<br><br>SAREPTA THERAPEUTICS, INC. and THE UNIVERSITY OF WESTERN AUSTRALIA,<br><br>　　　　Defendant/Counter-Plaintiffs,<br><br>　　v.<br><br>NIPPON SHINYAKU CO., LTD. and NS PHARMA, INC.<br><br>　　　　Plaintiff/Counter-Defendants. | C.A. No. 21-1015 (JLH) |

**[PROPOSED] JUDGMENT FOLLOWING JURY VERDICT**

　　This action was tried by a jury. Prior to the jury trial, the Court granted summary judgment that each side infringed the other side's asserted patent claims. D.I. 541; D.I. 544. At trial, Plaintiff Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") asserted claim 3 of U.S. Patent No. 10,385,092 ("NS Asserted Claim") and submitted the issue of willfulness to the jury. Sarepta asserted an affirmative defense and counterclaim seeking declaratory judgment that the NS Asserted Claim is invalid for obviousness.

　　At trial, Counter-Plaintiffs Sarepta Therapeutics, Inc. ("Sarepta") and the University of Western Australia ("UWA," collectively "Counter-Plaintiffs") asserted claim 1 of U.S. Patent No. 9,994,851 ("Sarepta Asserted Claim"). Nippon Shinyaku asserted a declaratory judgment claim

and Nippon Shinyaku and NS Pharma asserted an affirmative defense that the Sarepta Asserted Claim is invalid for lack of adequate written description and enablement.

Nippon Shinyaku and NS Pharma also asserted a counter-counterclaim and affirmative defense that the Sarepta Asserted Claim is unenforceable for inequitable conduct, which was tried to the bench in the evening after the jury was released, and a *Walker Process* antitrust counter-counterclaim, which was bifurcated from the trial on the substantive patent issues. *See* D.I. 529. The Court has yet to resolve Nippon Shinyaku and NS Pharma's inequitable conduct claim.[1]

The jury trial was phased, resulting in two verdicts. First, the jury found that: (1) Sarepta proved by clear and convincing evidence that the NS Asserted Claim is invalid as obvious; (2) Nippon Shinyaku and NS Pharma did not prove by clear and convincing evidence that the Sarepta Asserted Claim is invalid for lack of adequate written description; (3) Nippon Shinyaku and NS Pharma did not prove by clear and convincing evidence that the Sarepta Asserted Claim is invalid for lack of enablement; and (4) Sarepta and UWA did not prove by a preponderance of the evidence that Nippon Shinyaku and NS Pharma willfully infringed the Sarepta Asserted Claim. D.I. 699. Second, the jury found that Sarepta and UWA are entitled to $115,222,850 in damages. D.I. 704. Separately, the Parties stipulated that Sarepta and UWA were entitled to reasonable royalty damages of $841,501 for ex-U.S. sales of Viltepso through December 15 2024. D.I. 708.

IT IS ORDERED that:

1. Judgment is entered in favor of Sarepta and against Nippon Shinyaku that the NS Asserted Claim is invalid as obvious.

---

[1] Nippon Shinyaku and NS Pharma further agreed that, if the Court found against them on their inequitable conduct claim, that would result in a judgment for Sarepta and UWA on the *Walker Process* antitrust claim. D.I. 529; April 18, 2024 Status Conference Tr. 7:21-8:4.

2. Judgment is entered in favor of Sarepta and UWA and against Nippon Shinyaku and NS Pharma that the Sarepta Asserted Claim is not invalid for lack of adequate written description or for lack of enablement.

3. Judgment in the amount of $115,222,850 is entered in favor of Sarepta and UWA and against Nippon Shinyaku and NS Pharma in accordance with the jury's verdict.

4. Judgment in the amount of $841,501 is entered in favor of Sarepta and UWA and against Nippon Shinyaku and NS Pharma in accordance with the parties' stipulation.

This judgment shall have the effect of denying as moot all other pending motions made by the parties pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The judgment is subject to modification following the Court's consideration of the parties' post-trial motions.

The deadline for the prevailing party to move for costs and attorneys' fees (including under 35 U.S.C. § 285) is extended to within fourteen (14) days after the time for appeal has expired or within fourteen (14) days after issuance of the mandate from the appellate court, and no party shall file any such motion before that time.

IT SO ORDERED this ___ day of _____, 2025.

_____
The Honorable Jennifer L. Hall
United States District Court Judge